UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *In Re: Zillow Group, Inc. Session Replay Software Litigation* | Master File No. 2:22-cv-01282-RAJ |
| This Document Refers to: All Actions | **MOTION TO APPOINT INTERIM CLASS COUNSEL** |
| | **NOTE ON MOTION CALENDAR: February 24, 2023** |

## INTRODUCTION

Federal Rule of Civil Procedure 23(g) provides "the court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *In re Ring LLC Priv. Litig.*, No. CV1910899MWFRAOX, 2020 WL 9763065, at *1 (C.D. Cal. Nov. 13, 2020) (quoting Fed. R. Civ. P. 23(g)(3)); *see also Benkle v. Ford Motor Co.*, No. SACV161569DOCJCGX, 2017 WL 8220707, at *3 (C.D. Cal. Apr. 28, 2017) (same). "Designation of lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements." *Szymczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 1495(VB), 12 CV 2149(VB), 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citing MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.11).

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs Natalie Perkins, Kenneth Hasson, Ashley Popa, Mark Conlisk, Michael Dekhtyar, Jill Strelzin, Jill Adams, and Ryan Margulis ("Plaintiffs") respectfully move for an order appointing Gary F. Lynch of Lynch Carpenter, LLP ("Lynch Carpenter") and Joseph P. Guglielmo of Scott+Scott Attorneys at Law

LLP ("Scott+Scott") as Interim Class Counsel to lead this litigation on behalf of the Class. Plaintiffs further move for appointment of Kim D. Stephens of Tousley Brain Stephens, PLLC, ("Tousley") as Interim Liaison Counsel. Proposed Interim Class Counsel have significant nationwide consumer class action experience, knowledge of the applicable law, and substantial resources that can be used to litigate this matter. They also have a proven track record of success in similar privacy cases that will be of great benefit to the proposed Class. Appointment of Interim Class Counsel now will promote efficiency, conserve judicial resources, and create a unified voice for putative class members that will streamline this litigation, with a team capable of taking the case to trial, if necessary.

## BACKGROUND

The above captioned matters are similar class action lawsuits[1] arising out of Zillow's procurement and use of JavaScript computer code ("Session Replay Code") to monitor, collect, and record mouse movements, keystrokes, mouse clicks, and other electronic communications ("Website Communications") of visitors to its website, www.zillow.com. Each of the above captioned matters are brought on behalf of overlapping nationwide and state-specific classes of individuals who had their Website Communications with Zillow's website monitored, collected, and recorded without their consent by Session Replay Code embedded in Zillow's website. Further, all the above captioned class actions allege that Zillow's use and procurement of Session Replay Code from companies such as Microsoft ("Session Replay Providers") is violative of state two-party consent wiretapping laws and invades the privacy of Plaintiffs' and members of the proposed classes.

Proposed Interim Class Counsel now seek appointment as interim class counsel pursuant to Fed. R. Civ. P. 23(g)(3).

## LEGAL STANDARD

Rule 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a

---

[1] The parties previously filed a Stipulation Ordering Consolidation pursuant to Fed. R. Civ. P. 42(a) and Local Rule 42 seeking to consolidate the captioned actions. This Stipulation was granted on January 18, 2023. ECF No. 33.

putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.1; *Azpeitia v. Tesoro Refining & Mktg. Co. LLC, et al.*, No. 17-cv-00123-JST, 2017 WL 4071368, at *2 (N.D. Cal. Sept. 14, 2017) (same); *Wang v. OCZ Technology Grp., Inc.*, Case No. C 11-01415 PSG, 2011 WL 13156817, at *2 (N.D. Cal. June 29, 2011) (same). Indeed, the Advisory Committee Notes to Rule 23 recognize "that in many cases the need to progress toward the certification determination may *require* designation of interim counsel." Fed. R. Civ. P. 23, advisory committee note to 2003 amendment (emphasis added).

"The appointment of interim counsel is discretionary and is particularly suited to complex actions." *McFadden v. Microsoft Corp.*, No. C20-0640-RSM-MAT, 2020 WL 5642822, at *1 (W.D. Wash. Sept. 22, 2020). Factors relevant to the appointment of counsel include: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *Id.* (quoting Fed. R. Civ. P. 23(g)(1)(A)). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* (quoting Fed. R. Civ. P. 23(g)(1)(B)).

## ARGUMENT

### I.    Proposed Interim Class Counsel Have Thoroughly Identified and Investigated the Claims.

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and

MOTION TO APPOINT INTERIM CLASS COUNSEL
No. 2:22-cv-01282-JLR

LYNCH CARPENTER, LLP
1133 Penn Ave., 5th Fl., Pittsburgh, PA 15222
412.322.9243

adequately than attorneys who did not undertake those tasks.

MOORE'S FEDERAL PRACTICE (Third) § 23.120(3)(a).

Here, Proposed Interim Class Counsel's thorough work in identifying and investigating the claims in this case demonstrates that they have and will continue to fairly and adequately represent the proposed Class. For example, Proposed Interim Class Counsel have devoted substantial resources towards developing the claims that have been filed against Defendants. Proposed Interim Co-Lead Counsel have performed (and continue to perform) the following work on behalf of Plaintiffs and Class Members:

    a.    Investigated potential legal claims arising from Zillow's use and procurement of Session Replay Code from Session Replay Providers;

    b.    Analyzed reports and articles discussing Session Replay Code, data privacy, and describing Defendants' challenged conduct;

    c.    Reviewed Zillow's website, including the Session Replay Code running on Zillow's website, the information collected by the Session Replay Code, Zillow's Terms of Use, and Zillow's Privacy Policy;

    d.    Investigated the nature of the challenged conduct at issue here by interviewing potential clients;

    e.    Investigated the adequacy of the named Plaintiffs to represent the putative Class;

    f.    Aligned with local counsel in Washington to assist in the prosecution of this matter;

    g.    Drafted and filed separate complaints against Zillow and Microsoft;

    h.    Communicated internally amongst Plaintiffs' counsel regarding the most efficient manner to organize this litigation; and

    i.    Worked cooperatively, coordinated, and continue to meet and confer with Defendants' counsel regarding this litigation.

As evidenced from the firm resumes attached to the Declarations of Gary F. Lynch and Joseph P. Guglielmo, Proposed Interim Class Counsel have the resources and experience necessary to successfully litigate this action. They and their firms are well-funded and well-staffed and have represented plaintiffs in some of the largest class actions in the country. They are willing

and able to commit to this litigation process regardless of its length or complexity. As explained in more detail below, Proposed Interim Class Counsel have a proven track record of devoting time and financial resources to the full prosecution of similar types of actions, and they are prepared to do so in this case as well.

Because Proposed Interim Class Counsel performed important work that has already inured to the benefit of the proposed class, and because Proposed Interim Class Counsel are prepared to commit substantial resources to this case, the first factor of the Rule 23(g) analysis weighs heavily in favor of their appointment.

## II. Proposed Interim Class Counsel are Experienced in Litigating Complex Cases, Including Data Privacy Litigation, and Have an Extensive Knowledge of the Applicable Law.

Proposed Interim Class Counsel have extensive experience litigating complex class actions and have demonstrated particular success in litigating data privacy actions. Proposed Interim Class Counsel has been at the forefront of the emerging law applicable to data privacy claims and has established a track record of working efficiently and collaboratively to obtain significant recoveries on behalf of the classes they have represented. The second and third factors of the Rule 23(g) analysis thus further weigh in favor of their appointment.

### A. Proposed Interim Class Counsel.

#### 1. Lynch Carpenter

Lynch Carpenter is a 20-lawyer plaintiff-side class action firm with offices in Pennsylvania, Illinois, and California. Lynch Carpenter has been at the forefront in data breach and privacy litigation, obtaining leadership appointments in many of the largest and most well-known cases, generating seminal legal authority in both trial and appellate courts. For example, Lynch Carpenter pioneered the applicability of Pennsylvania's Wiretapping and Electronic Surveillance Control Act ("WESCA"), 18 PA. CONS. STAT. 5702 *et seq.* to the interception of Website Communications in *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121 (3d Cir. 2022) (*en banc*). The Third Circuit reached a well-reasoned and unanimous decision—reversing the district court's grant of summary judgment in favor of the defendants—acknowledging that a website owner and a data collection company could not avoid liability under WESCA for intercepting an

online shopper's data. *Id.* at 129. Instead of merely showing that the shopper communicated with the data collection's servers when she used the website to shop, the companies had to demonstrate that the shopper gave prior consent to the interception. *Id.* The Third Circuit also found that Website Communications are "intercepted" under WESCA at the point where software re-routes Website Communications from a user's device, not where the Website Communications are ultimately received. *Id.* at 131.

Likewise, Lynch Carpenter (then known as Carlson Lynch) forged the development of Pennsylvania's data breach law with the seminal Supreme Court of Pennsylvania decision in *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018). The court issued a landmark opinion—reversing the two lower courts—acknowledging that general principles of negligence support holding those who collect and store personally identifying information to a common law duty to reasonably safeguard such information from cyber-attack. *See Dittman*, 196 A.3d at 1047. The court also clarified that Pennsylvania's economic loss doctrine does not apply where a tort duty exists independent of any contract.

Lynch Carpenter's willingness to go the distance for its clients also enables the firm to negotiate from a position of strength and obtain favorable settlements for victims of privacy invasions. For example, Lynch Carpenter attorneys have served as co-lead counsel or in other leadership positions in: *In re TikTok, Inc., Consumer Privacy Litig.*, MDL 2948 (N.D. Ill.) (Lynch Carpenter serves as co-lead counsel; the district court recently granted final approval to a class settlement providing $92 million in monetary relief for the class); *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL 2522 (D. Minn.) (Lynch Carpenter was appointed to the Executive Committee managing the litigation on behalf of all plaintiffs (consumers, financial institution, and shareholders). The case was ultimately settled for $10 million (for consumers) and $39 million (for financial institutions)); *Dittman v. UPMC* (multimillion dollar settlement reached and approved after remand from the Pennsylvania Supreme Court); *In re Vizio, Inc. Consumer Privacy Litig.*, MDL 2693 (C.D. Cal.) (consumer privacy breach, steering committee; $17 million settlement); and *In re: Ashley Madison Customer Data Sec. Breach Litig.*, 4:15-md-02669 (E.D.

MOTION TO APPOINT INTERIM CLASS COUNSEL
No. 2:22-cv-01282-JLR

LYNCH CARPENTER, LLP
1133 Penn Ave., 5th Fl., Pittsburgh, PA 15222
412.322.9243

Mo.) (consumer data breach, executive committee; $11.2 million settlement).

Further, as of January 2022, Lynch Carpenter attorneys are currently involved in leadership positions in some of the largest active data breach and privacy MDLs and consolidated cases across the country, including: *In re Wawa, Inc. Data Security Litig.*, 2:19-cv-6019 (E.D. Pa.) (representing payment card issuers as co-lead counsel); *In re: Marriott International, Inc.*, 8:19-md-2879-PWG (D. Md.) (consumer data breach, steering committee); and *In re Blackbaud, Inc. Customer Data Breach Litig.*, MDL 2972 (D.S.C.) (consumer data breach, steering committee). Lynch Carpenter is also litigating cases factually similar to this one where an undisclosed third party collected data from websites without the website visitor's consent: *Popa v. Harriet Carter Gifts, Inc.*, Case No. 2:19-cv-00450-WSS (W.D. Pa.) and *Hanlon v. W. Atlee Burpee*, GD-18-012917 (Pa. Ct. Com. Pl. Allegheny Cty.); *Cousin v. Sharp Healthcare*, No. 37-2022-00047290-CU-MC-CTL (Cal. Sup. Ct. San Diego Cty.).

### a.      Gary F. Lynch

Gary F. Lynch is the founding partner of Lynch Carpenter, and he has been engaged in the practice of law for over thirty years, with the majority of his career focusing on the litigation of complex class actions on behalf of plaintiffs. Mr. Lynch's extensive experience in data breach and privacy litigation, his current and prior leadership roles in consolidated and multi-district litigation cases, and his proven ability to work collaboratively with co-lead counsel in significant class actions, make him uniquely qualified to co-lead this case. Mr. Lynch has been appointed to lead many of the largest and most complex data breach cases over the past decade, including *In re Wawa*; *In re Equifax, Inc.*, MDL 2800 (N.D. Ga.); *In re The Home Depot, Inc.*, MDL 2583 (N.D. Ga.); and *First Choice Fed. Credit Union v. The Wendy's Co.*, 2:16-cv-00506 (W.D. Pa.). He has served in committee positions in: *In re Marriott Int'l*; *In re: Cmty. Health Sys., Inc., Customer Sec. Data Breach Litig.*, MDL 2595, 15-cv-0222 (N.D. Ala.); *In re: Arby's Rest. Group, Inc. Data Sec. Litig.*, 17-mi-55555 (N.D. Ga.); *In re: Target Corp.*; and *Greater Chautauqua Fed. Credit Union et al v. Kmart Corp.*, 15-cv-02228 (N.D. Ill.), to name just a few examples.

Mr. Lynch's efforts have also directly developed the law in favor of data breach and privacy invasion victims. In addition to succeeding on dispositive motions in most of the aforementioned

cases, he argued both the *Popa v. Harriet Carter Gifts, Inc.* and *Dittman v. UPMC* appeals on behalf of the plaintiffs.

As demonstrated above and in his personal and firm resume, Mr. Lynch is well-versed in the factual and legal nuances of data privacy cases and has a demonstrated ability to successfully lead such cases. He has been a direct participant in almost every phase of data privacy litigation, including initial investigation, dispositive motions, discovery, settlement negotiation, expert witness evaluation and retention, and appeals. Given this breadth of data privacy experience, Gary Lynch and his firm are well-qualified to serve as Interim Co-Lead Class Counsel in this action.

### 2.    Scott+Scott

Scott+Scott is an internationally recognized class action law firm headquartered in Connecticut with offices in New York, Arizona, California, Ohio, Texas, Virginia, Amsterdam, Berlin, and London. The firm was founded in 1975 and now has over one hundred attorneys dedicated to complex and class action litigation, representing individuals, businesses, and public and private pension funds that have suffered from corporate fraud and wrongdoing. The firm specializes in complex litigation, including an emphasis on antitrust, consumer, and securities class actions.

Scott+Scott, was recently recognized by Law360 as a "Ceiling Smasher" for its representation of women in their equity partnership. Female attorneys make up more than a third of Scott+Scott's equity partnership and Scott+Scott's Executive Committee, and the firm believes that its commitment to diversity is one of the reasons it was recognized by U.S. News & World Report for 2021 as a "Best Law Firm."

Scott+Scott's Consumer Practice Group consists of some of the premier advocates in the area of consumer protection. Scott+Scott's Consumer Practice Group has been at the forefront in litigating and securing some of the most significant consumer protection settlements on behalf of its clients, resulting in hundreds of millions of dollars to class members. Scott+Scott has achieved significant recoveries for their clients, including: *In re: Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13-cv-07789 (S.D.N.Y.) (challenging price-fixing of foreign exchange rates; over $2.3 billion in final-approved settlements); *In re Disposable Contact Lens Antitrust Litig.*, No. 15-md-

02626 (M.D. Fla.) (class action alleging illegal anticompetitive policies to eliminate discount pricing by the major manufacturers and distributors of disposable contact lenses; over $115 million); *Dahl v. Bain Capital Partners*, LLC, No. 07-cv-12388 (D. Mass.) (challenging bid rigging and market allocation of leveraged buyouts by private equity firms; $590.5 million in settlements); *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-cv-07126 (S.D.N.Y.) (challenging price-fixing of the ISDAfix benchmark interest rate; $504.5 million in settlements); *In re GSE Bonds Antitrust Litig.*, No. 19-cv-01704 (S.D.N.Y.) (challenging manipulation in the market for bonds issued by Government-Sponsored Entities, e.g., Freddie Mac and Fannie Mae; $386 million settlement.)

Scott+Scott is currently prosecuting a number of privacy related actions, including in *In re Google Assistant Privacy Litig.*, 5:19-cv-04286 (N.D. Cal.), representing consumers alleging California state law claims challenging Google Assistant's disclosure of their private, confidential communications without consent, and *Lopez v. Apple Inc.*, 4:19-cv-04577 (N.D. Cal.), representing consumers and their minor children alleging privacy violations under California state law by Apple through its Siri application.

Scott+Scott also has diverse and extensive experience in class action consumer protection cases, including:

- *In re Prudential Ins. Co. of Am. SGLI/VGLI Contract Litig.*, 3:11-md-02208 (D. Mass.) ($40 million settlement achieved on behalf of a class of military service members and their families who purchased insurance contracts);

- *The Vulcan Soc'y, Inc. v. The City of N.Y.*, 07-cv-02067 (E.D.N.Y.) ($100 million settlement and significant injunctive relief was obtained for a class of black applicants who sought to be New York City firefighters but were denied or delayed employment due to racial discrimination);

- *In re Providian Fin. Corp. Credit Card Terms Litig.*, 2:10-md-01301 (E.D. Pa.) ($105 million settlement achieved on behalf of a class of credit card holders who were charged excessive interest and late charges on their credit cards); and

- *Gunther v. Capital One, N.A.*, 2:09-cv-02966 (E.D.N.Y.) (obtained net settlement resulting in class members receiving 100% of their damages).

### a.    Joseph P. Guglielmo

Mr. Guglielmo seeks appointment as one of the most experienced litigators in the nation,

on behalf of plaintiffs in data breach class actions. Just this past December, as part of the fairness hearing to approve a $5.1 million settlement in a data breach action brought on behalf of a class of sophisticated financial institutions, *Ark. Fed. Credit Union v. Hudson's Bay Co.*, Judge Castel, of the Southern District of New York, remarked upon Mr. Guglielmo's "extensive experience in litigating data breach class actions in federal courts." ECF No. 110, No. 19-cv-04492 (S.D.N.Y.). Mr. Guglielmo's recent experience steering data breach actions includes appointments in landmark actions, such as *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, No. 17-md-02800 (N.D. Ga.), where Mr. Guglielmo was appointed as co-lead counsel for the financial institution plaintiffs and negotiated a settlement valued at approximately $32.5 million. ECF No. 1193. In approving the landmark settlement, Judge Thrash, of the Northern District of Georgia, remarked that the settlement obtained by Mr. Guglielmo was "an excellent one" and noted the "professionalism and excellence in [his] representation" of plaintiffs and the Class. ECF. No. 1185. In *In re The Home Depot, Inc.*, *Customer Data Sec. Breach Litig.*, No. 14-md-02583 (N.D. Ga.), Mr. Guglielmo served as co-lead counsel on behalf of financial institution plaintiffs and was one of the lead attorneys who negotiated a $27.25 million settlement on behalf of financial institutions nationwide. In *First Choice Fed. Credit Union v. The Wendy's Co.*, No. 16-cv-00506 (W.D. Pa.), Mr. Guglielmo was one of the principal negotiators of a $50 million settlement on behalf of plaintiffs involving the breach of personal and financial information of millions of credit and debit cards. Mr. Guglielmo, previously, was appointed to the plaintiffs' steering committee on behalf of financial institution plaintiffs, in *In re Target Corp. Customer Data Sec. Breach Litig.*, No. 14-md-02522 (D. Minn.), where he helped achieve certification of a nationwide class and a settlement of approximately $59 million. In *Veridian Credit Union v. Eddie Bauer LLC*, 2:17-cv-00356 (W.D. Wash.), Mr. Guglielmo was one co-lead counsel on behalf of plaintiffs involving the breach of credit and debit card information and obtained a $9.8 million settlement.

As lead counsel for financial institution plaintiffs in *Winsouth Credit Union v. Mapco Express Inc.*, No. 14-cv-01573 (M.D. Tenn.), Mr. Guglielmo negotiated the largest dollar-per-payment-card recovery in a data breach action brought on behalf of a class of financial institutions. Mr. Guglielmo was also lead counsel in *Phillips v. Mapco Express Inc.*, No. 14-cv-01710 (M.D.

1  Tenn.), which resulted in settlement of $500.00 for each class member.

2       Mr. Guglielmo, along with other attorneys at Scott+Scott, was recognized for his efforts

3  representing New York University in obtaining a monumental temporary restraining order of

4  over $200 million from a Bernard Madoff feeder fund. Ex. 3 at 5. Specifically, New York State

5  Supreme Court Justice Richard B. Lowe III stated, "Scott+Scott has demonstrated a remarkable

6  grasp and handling of the extraordinarily complex matters in this case." *NYU v. Ariel Fund Ltd.*,

7  No. 603803/08, Order at 9–10 (N.Y. Supr. Ct. Feb. 22, 2010). The extremely professional and

8  thorough means by which NYU's counsel has litigated this matter has not been overlooked by

9  this Court."

10      Mr. Guglielmo has demonstrated his ability to lead complex class actions involving data

11  privacy and data security. He has been instrumental in developing the claims in this action and

12  will serve as the lead attorney for his firm. Mr. Guglielmo's experience and results make him

13  well-qualified to serve as Interim Co-Lead Class Counsel.

14      **B.    Proposed Interim Liaison Counsel.**

15      Mr. Stephens and Tousley Brain Stephens ("TBS") have a Seattle and national reputation of

16  achieving exceptional results. Mr. Stephens devotes a substantial portion of his practice to consumer

17  class litigation, and TBS has recovered well over a billion dollars for class members related to

18  consumer fraud, product liability, antitrust conspiracies, securities violations, and data breaches.

19  The firms' experience includes: Glenn v. Hyundai Motor America, No. 8:15-cv-02052 (C.D. Cal.)

20  (co-lead); In re Premera Blue Cross Customer Data Breach Security Litig., No.15-md-2633 (D. Or.)

21  (lead); Zwicker v. General Motors, No. 07-cv-00291 (W.D. Wash) (co-lead); Cole v. Wells Fargo

22  Bank, No. 07-cv-916-RSL (W.D. Wash.) (co-lead); Grays Harbor Adventist Christian School v.

23  Carrier Corp., No. 05-05437 (W.D. Wash.) (co-lead).

24      In its work representing classes, Tousley Brain Stephens has consistently been commended

25  for its advocacy and the results it achieves. The Honorable Benjamin H. Settle, for example,

26  applauded Tousley Brain's work as sole class counsel settling *Ikuseghan v. Multicare Health*

27  *System*, No. C14-5539, 2016 WL 4363198, at *2 (W.D. Wash. Aug. 16, 2016): "As the Court noted

28  during the final settlement hearing, class counsel obtained an extraordinarily good result for the

class following an arm's-length negotiation." Similarly, the Honorable Robert S. Lasnik noted in *Cole v. Wells Fargo Bank, N.A.*, No. C07-0916-RSL, Doc. 33 & 34 (W.D. Wash.)—a case in which the class obtained "complete relief"—that "Class Counsel achieved an excellent result for the Class in a short amount of time."

### III.   Proposed Interim Class Counsel Will Commit All Necessary Resources to the Class and Will Draw Upon and Coordinate the Work of Other Plaintiffs' Counsel, Consistent with the Needs of the Litigation

The final Fed. R. Civ. P. 23(g) factor, which concerns the resources Counsel will commit to the case, also strongly supports the appointment of Proposed Interim Class Counsel. Here, in addition to their own work, Proposed Interim Class Counsel can, as needed, draw upon the skills and talents of other Plaintiffs' counsel who have filed complaints in this consolidated action. Proposed Interim Class Counsel will manage such work to ensure efficiencies.

Proposed Interim Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources and coordinating among themselves to file this leadership proposal. As their firm resumes and counsels' experience indicate, Proposed Interim Class Counsel have the resources to see this litigation through to its conclusion, including trial.

The firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases, which will benefit Plaintiffs and the putative Class. Proposed Interim Class Counsel's ability to draw from this well-developed repository of information will also allow them to streamline the litigation. As interim class counsel, Proposed Interim Class Counsel will continue to commit the same resources and effort to this case as they have committed to their other, successful class action litigations, and are committed to working cooperatively and efficiently for the benefit of the class.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Gary F. Lynch of Lynch Carpenter and Joseph P. Guglielmo of Scott+Scott as Interim Class Counsel, and Kim D. Stephens of Tousley as Interim Liaison Counsel.

I certify that this memorandum contains 4,053 words in compliance with the Local Civil Rules.

Dated: February 8, 2023

**TOUSLEY BRAIN STEPHENS PLLC**

By:   _/s/Kim D. Stephens, P.S._

Kim D. Stephens, P.S., WSBA #11984
kstephens@tousley.com
Jason T. Dennett, WSBA #30686
jdennett@tousley.com
Kaleigh N. Boyd, WSBA #52684
kboyd@tousley.com
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: 206.682.560
Fax: 206.682.2992

Joseph P. Guglielmo, (pro hac vice)
Carey Alexander (pro hac vice)
Ethan Binder (pro hac vice)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com
ebinder@scott-scott.com

E. Kirk Wood (_pro hac vice forthcoming_)
Sharika Robinson (_pro hac vice forthcoming_)
Marcela Jenkins (_pro hac vice forthcoming_)
**WOOD LAW FIRM, LLC**
P. O. Box 382434
Birmingham, AL 35238-2434
Telephone: (205) 908-4906
kirk@woodlawfirmllc.com

Gary F. Lynch (_pro hac vice forthcoming_)
Elizabeth Pollock-Avery (_pro hac vice forthcoming_)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: 412-322-9243
Facsimile: 412-231-0246
gary@lcllp.com
elizabeth@lcllp.com