THE HONORABLE JAMES L. ROBART

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| *In Re: Zillow Group, Inc. Session Replay Software Litigation*<br><br>This Documents Refers to: All Actions | Master File No. 2:22-cv-01282-JLR<br><br>**PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED** |

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

# **TABLE OF CONTENTS**

I.       INTRODUCTION ................................................................................................1

II.      FACTUAL BACKGROUND................................................................................2

III.     ARGUMENT ......................................................................................................3

         A.      Plaintiffs' Allegations Satisfy F.R.C.P. Rule 8's Pleading Standard.............3

         B.      Plaintiffs Sufficiently Alleged Zillow Violated the Washington
                 Privacy Act....................................................................................................5

                 1.       Plaintiffs' Website Communications with Zillow Were
                          Private ............................................................................................6

                          i.       Plaintiffs' Communications with Zillow Are Protected
                                   by the WPA..........................................................................7

                          iii.     Plaintiffs Never Consented to the Use of Session
                                   Replay ..................................................................................9

                 2.       Microsoft Intercepted Plaintiffs' Web Communications...................9

                 3.       Plaintiffs Pled an Injury Caused by Zillow's WPA Violation..........10

         C.      Plaintiffs Huber and Popa Sufficiently Stated a Claim for a Violation
                 of WESCA ...................................................................................................11

                 1.       Zillow Procured the Interception of, and Disclosed "Contents"
                          of Plaintiffs' Electronic Communications .......................................11

         D.      Plaintiff Strelzin Has Sufficiently Stated a Claim for the Illinois
                 Eavesdropping Act........................................................................................13

         E.      Plaintiff Adams Has Sufficiently Stated a Claim for the Missouri
                 Wiretap Act..................................................................................................15

         F.      Plaintiff Kauffman Sufficiently Stated a Claim for a Violation of
                 CIPA ............................................................................................................17

                 1.       Zillow Aided and Abetted Wiretapping in Violation of
                          CIPA ..............................................................................................17

                 2.       Plaintiff's Electronic Communications Were Intercepted
                          in Transit .......................................................................................20

         G.      Plaintiffs State Invasion of Privacy Claims Under State Laws....................21

                 1.       Plaintiffs Alleged Invasion of Privacy Under Washington
                          Law ...............................................................................................21

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - i

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

2.     Plaintiffs Huber and Popa Sufficiently Stated a Claim for Intrusion Upon Seclusion Under Pennsylvania Law ........................22

3.     Plaintiff Strelzin Sufficiently Stated a Claim for Intrusion upon Seclusion Under Illinois Law.................................................23

4.     Plaintiff Adams Sufficiently Stated a Claim for Invasion of Privacy Under Missouri Law .........................................................24

H.     Plaintiffs' State Consumer Protection Law Claims Should Not Be Dismissed.......................................................................................25

1.     Plaintiffs Have Adequately Alleged Defendant Violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") .........................................................................................26

2.     Plaintiffs Have Adequately Alleged Defendant Violated the Missouri Merchandising Practices Act (MMPA) .............................28

IV.     THE COURT SHOULD STRIKE ZILLOW'S EXHIBITS A AND B...................28

V.     CONCLUSION...............................................................................................30

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - ii

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

**Cases**

3

*Adamson v. Pierce Cnty.*,
4   No. 3:21-cv-05592-BHS, 2023 WL 4296383 (W.D. Wash. June 30, 2023) ....................28

5

*Armijo v. Yakima HMA, LLC*,
6   No. 11-cv-3114, 2012 WL 2576624 (E.D. Wash. July 3, 2012) ......................................21

*Brutsky v. Cap. One, N.A.*,
7   No. C17-0491 RAJ, 2018 U.S. Dist. LEXIS 10797 (W.D. Wash. Jan. 23,
8   2018) .................................................................................................................................3

9

*Busse v. Motorola, Inc.*,
10   813 N.E.2d 1013 (Ill. App. Ct. 2004) .......................................................................23, 24

*Byars v. Goodyear Tire & Rubber Co.*,
11   No. 5:22-cv-01358-SSS-KKx, 2023 WL 1788553 (C.D. Cal. Feb. 3, 2023) ...............1, 25

12

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
13   761 F.3d 740 (7th Cir. 2014) ........................................................................................27

14

*Chandler v. Zinus, Inc.*,
    No. 3:20-cv-265-DWD, 2022 WL 2104516 (S.D. Ill. June 10, 2022) .............................26

15

*Cousineau v. Microsoft Corp.*,
16   992 F. Supp. 2d 1116 (W.D. Wash. 2012).......................................................................7

17   *Craggs v. Fast Lane Car Wash & Lube, L.L.C.*,
    402 F. Supp. 3d 605 (W.D. Mo. 2019) ...........................................................................26
18

*Harris by Harris v. Easton Pub. Co.*,
19   483 A.2d 1377 (Pa. Super. Ct. 1984)............................................................................22

20

*Hazel v. Prudential Fin., Inc.*,
21   No. 22-CV-07465-CRB, 2023 WL 3933073 (N.D. Cal. June 9, 2023).....................20, 23

22   *Hess v. Chase Manhattan Bank, USA, N.A.*,
    220 S.W.3d 758 (Mo. 2007) ...................................................................................26, 28
23

*Hill v. NCAA*,
24   865 P.2d 633 (1994).....................................................................................................25

25

26

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - iii

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Huch v. Charter Commc'ns, Inc.*,
  290 S.W.3d 721 (Mo. 2009) .......................................................25

*In re Carrier IQ, Inc.*,
  78 F. Supp. 3d 1051 (N.D. Cal. 2015) .................................................8

*In re Facebook, Inc. Internet Tracking Litig.*,
  956 F.3d 589 (9th Cir. 2020) ...........................................8, 21, 24

*In re Google Inc. Cookie Placement Consumer Priv. Litig.*,
  806 F.3d 125 (3d Cir. 2015)........................................12, 13, 22, 25

*In re Google Inc. Cookie Placement Consumer Priv. Litig.*,
  934 F.3d 316 (3rd Cir. 2019) .........................................................8

*In re Google, Inc. Priv. Policy Litig.*,
  58 F. Supp. 3d 968 (N.D. Cal. 2014) ................................................22

*In re Google Location Hist. Litig.*,
  514 F. Supp. 3d 1147 (N.D. Cal. 2021) ........................................21, 22

*In re Nickelodeon Consumer Priv. Litig.*,
  827 F.3d 262 (3d Cir. 2016)....................................................21, 22

*In re Zynga Priv. Litig.*,
  750 F.3d 1098 (9th Cir. 2014) .......................................................12

*Jackson v. Payday Fin., LLC*,
  79 F. Supp. 3d 779 (N.D. Ill. 2015) .................................................25

*Javier v. Assurance IQ, LLC*,
  No. 20-CV-02860-CRB, 2023 WL 114225 (N.D. Cal. Jan. 5, 2023)..........................18, 19

*Javier v. Assurance IQ, LLC*,
  No. 21-16351, 2022 WL 1744107 (9th Cir. May 31, 2022)..............................18

*Katz-Lacabe v. Oracle Am., Inc.*,
  No. 22-CV-04792-RS, 2023 WL 2838118 (N.D. Cal. Apr. 6, 2023).......................12, 23

*Lewis v. State Dep't of Licensing*,
  139 P.3d 1078 (Wash. 2006)..........................................................11

*Luis v. Zang*,
  833 F.3d 619 (6th Cir. 2016) ........................................................20

*Matera v. Google Inc.*,
  2016 WL 8200619 (N.D. Cal. Aug. 12, 2016) ..........................................19

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - iv

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*May v. Makita U.S.A., Inc.*,
   No. 1:22-CV-79-SNLJ, 2023 WL 417487 (E.D. Mo. Jan. 26, 2023)...............................28

*Mayhall v. Amazon Web Servs.*,
   No. C21-1473-TL-MLP, 2022 U.S. Dist. LEXIS 126094 (W.D. Wash.
   May 24, 2022).............................................................................................................4

*McCoy v. Alphabet, Inc.*,
   No. 20-cv-05427-SVK, 2021 WL 405816 (N.D. Cal. Feb. 2, 2021)...............................22

*McHenry v. Penne*,
   84 F.3d 1172 (9th Cir. 1996) .........................................................................................4

*Nordstrom, Inc. v. Tampourlos*,
   733 P.2d 208 (Wash. 1987)...........................................................................................10

*Panag v. Farmers Ins. Co. of Wash.*,
   204 P.3d 885 (Wash. 2009)...........................................................................................11

*People v. Clark*,
   6 N.E.3d 154 (Ill. 2014) ...............................................................................................13

*Popa v. Harriet Carter Gifts, Inc.*,
   426 F. Supp. 3d 108 (W.D. Pa. 2019).......................................................................13, 23

*Popa v. Harriet Carter Gifts, Inc.*,
   52 F.4th 121 (3d Cir. 2022) ............................................................................................1

*Revitch v. New Moosejaw, LLC*,
   No. 18-CV-06827-VC, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019).................12, 18, 19

*Ribas v. Clark*,
   696 P.2d 637 (Cal. 1985) ..............................................................................................18

*Rivera v. Google, Inc.*,
   366 F. Supp. 3d 998 (N.D. Ill. 2018) ............................................................................24

*Robinson v. Toyota Motor Credit Corp.*,
   775 N.E.2d 951 (Ill. 2002) ...........................................................................................26

*Russo v. Microsoft Corp.*,
   No. 4:20-cv-4818, 2021 WL 2688850 (N.D. Cal. June 30, 2021)....................................7

*Saleh v. Nike, Inc.*,
   562 F. Supp. 3d 503 (C.D. Cal. 2021) ................................................................... *passim*

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - v

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Savetsky v. Pre-Paid Legal Servs., Inc.*,
    No. 14-cv-3514, 2015 WL 605767 (N.D. Cal. Feb. 12, 2015) ............................................9

*Siegel v. Shell Oil Co.*,
    612 F.3d 932 (7th Cir. 2010) ........................................................................................27

*Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*,
    825 P.2d 714 (Wash. Ct. App. 1992) ........................................................................10, 11

*St. Paul Fire & Marine Ins. Co. v. Updegrave*,
    656 P.2d 1130 (Wash. Ct. App. 1983) ...........................................................................10

*State v. Christensen*,
    102 P.3d 789 (Wash. 2004) .......................................................................................5, 11

*State v. Gunwall*,
    720 P.2d 808 (Wash. 1986) .............................................................................................5

*State v. Hinton*,
    319 P.3d 9 (Wash. 2014) ...............................................................................................10

*State v. King*,
    873 S.W.2d 905 (Mo. Ct. App. 1994) ............................................................................15

*State v. Kipp*,
    317 P.3d 1029 (Wash. 2014) ......................................................................................5, 11

*State v. Novick*,
    384 P.3d 252 (Wash. Ct. App. 2016) ...........................................................................6, 9

*State v. Roden*,
    321 P.3d 1183 (Wash. 2014) ......................................................................................6, 10

*United States ex rel. Thayer v. Planned Parenthood of the Heartland*,
    765 F.3d 914 (8th Cir. 2014) ........................................................................................26

*Tivoli LLC v. Targetti Sankey S.P.A.*,
    No. SA CV 14-1285-DOC, 2015 U.S. Dist. LEXIS 189660 (C.D. Cal.
    Feb. 3, 2015) .................................................................................................................4

*Vasil v. Kiip, Inc.*,
    No. 16-CV-09937, 2018 WL 1156328 (N.D. Ill. Mar. 5, 2018).................................14, 15

*Vega v. Chicago Park Dist.*,
    958 F. Supp. 2d 943 (N.D. Ill. 2013) .........................................................................23, 24

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - vi

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ...............................................................................30

*State ex rel. Webster v. Areaco Inv. Co.*,
    756 S.W.2d 633 (Mo. Ct. App. 1988)......................................................................25

*Wolfson v. Lewis*,
    924 F. Supp. 1413 (E.D. Pa. 1996) .........................................................................22

*Yoon v. Lululemon USA, Inc.*,
    549 F. Supp. 3d 1073 (C.D. Cal. 2021) ...............................................................1, 19

*Zak v. Bose Corp.*,
    No. 17-CV-02928, 2019 WL 1437909 (N.D. Ill. Mar. 31, 2019)..........................14

**Statutes, Rules, and Regulations**

18 Pa. Cons. Stat.
    §5701....................................................................................................................1
    §5702..................................................................................................................12

18 U.S.C.A.
    §2511(2)(a)(iii)(d).............................................................................................16
    §2511(d)..............................................................................................................16

Cal. Penal Code
    §631......................................................................................................................1
    §631(a)................................................................................................................18
    §631(a)[iv]..........................................................................................................19

Ill. Comp. Stat. Ann.
    §5/14-1(d)...........................................................................................................13
    §5/14-1(e)(c).......................................................................................................13
    §5/14-2(A)...........................................................................................................14
    §5/14-2(a)(3).......................................................................................................13

Mo. Ann. Stat.
    §60-8.020.............................................................................................................28
    §407.010..............................................................................................................15
    §407.025..............................................................................................................28
    §542.400........................................................................................................1, 15, 16
    §542.402.1...........................................................................................................16
    §542.402.2(3).......................................................................................................16
    §542.418.2...........................................................................................................16
    §542.422..............................................................................................................16

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - vii

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

Wash. Rev. Code
§9.73.030...............................................................................................................9
§9.73.030(1)..........................................................................................................9
§9.73.030(1)(a) .....................................................................................................5
§9.73.030...............................................................................................................1
§9.73.060................................................................................................5, 10, 11

Federal Rules of Civil Procedure
Rule 8 ................................................................................................................3, 4
Rule 9(b) ...............................................................................................................26
Rule 12(b)(6)........................................................................................................27

**Other Authorities**

RESTATEMENT (SECOND) OF TORTS
§652B (1977) .......................................................................................................22

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - viii

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## I.   **INTRODUCTION**

Plaintiffs Natalie Perkins, Kenneth Hasson, Jamie Huber, David Kauffman, Ashley Popa, Jill Strelzin, Jill Adams, and Jill Adams as natural mother and next friend of her minor child, H.A (collectively, "Plaintiffs") brought this action against Zillow Group Inc. ("Zillow") and Microsoft Corporation ("Microsoft") ("Defendants") for their intentional wiretapping of website visitors electronic communications on www.zillow.com.  Zillow is a real-estate marketplace company that procured Microsoft as a third-party vendor to embed "Microsoft Clarity," a JavaScript computer code known as "Session Replay Code," on its website.  This code is deployed on each website visitor's browser, without consent, to intercept and record every visitor's contemporaneous mouse movements, clicks, scrolls, keystrokes, and other electronic communications with the Zillow website in real-time.  This practice violates users' privacy, and is in violation of wiretap and privacy laws in Washington, Illinois, Pennsylvania, California, and Missouri.

As discussed below, Courts have held that the unbridled use of Session Replay Code to secretly record website visitors' communications is a violation of state wiretapping laws.  *See, e.g.*, *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121 (3d Cir. 2022); *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503 (C.D. Cal. 2021); *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073 (C.D. Cal. 2021); *Byars v. Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358-SSS-KKx, 2023 WL 1788553 (C.D. Cal. Feb. 3, 2023).  Plaintiffs bring claims on behalf of a nationwide class of users of Zillow's website under: (1) the Washington Privacy Act ("WPA"), Wash. Rev. Code §9.73.030, *et seq.*; and (2) invasion of privacy in violation of Washington common law; alternatively, Plaintiffs also bring claims on behalf of putative state-level classes, for violation of (3) the Pennsylvania Wiretap and Electronic Surveillance Control Act, ("WESCA") 18 Pa. Cons. Stat. §5701, *et seq.*, (4) the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §631, (5) the Missouri Wiretap Act ("MWA"), Mo. Ann. Stat. §542.400, *et seq.*, (collectively "State Wiretap Acts"); and (6) the common laws of Illinois, Pennsylvania, and Missouri.

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT  - 1

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    Plaintiffs have also sufficiently alleged that Defendants captured their data,

2    communications, and movements using an intercepting device on www.zillow.com and invaded

3    Plaintiffs' and the Classes' seclusion and solitude.  Thus, for the reasons set forth herein, Plaintiffs

4    respectfully request that the Court deny Zillow's Motion ("Mot.") in its entirety.

5              ## II.    FACTUAL BACKGROUND

6              The facts of this matter are detailed in Plaintiffs' Consolidated Amended Complaint

7    ("CAC" or "Complaint") and are hereby incorporated by reference.  Plaintiffs allege that Zillow

8    and its third-party vendor, Microsoft, employed the use of Session Replay Code, specifically

9    Microsoft Clarity, to wiretap the personal and private electronic communications of Plaintiffs and

10   other Class members during use of Zillow's website.  CAC ¶¶1, 57.  Specifically, the Complaint

11   further alleges that Defendants' use of Session Replay Code allows them to capture and record

12   nearly every action a website visitor makes in real time, even if the user did not intend to "submit"

13   or "enter" such electronic communications.  *Id*. ¶¶ 23 n.3, 40–48, 68.  Defendants, through the use

14   of the Session Replay Code Clarity, logged *every* interaction a user made with a website without

15   *any* consent, including among others, mouse movements and clicks, scrolling, window resizing,

16   user inputs, and then organized that information into over 30 different categories.  *Id*. ¶¶ 60, 81–

17   82.  These categories include a user's browser, operating system, device, country, and inputted

18   text.  *Id*. ¶60.  The ability for Clarity to tag a specific user ID to each website visitor allows

19   Defendants to monitor interactions over time, enabling them to copy and replay such interactions.

20   *Id*. ¶¶ 60–63.  This identifying information is known and visible to Defendants and allows them to

21   create "fingerprints that are unique to a particular user's combination of computer and browser

22   settings, screen configuration, and other detectable information."  *Id*. ¶¶ 42, 45.

23             Plaintiffs visited Zillow's website prior to and through 2022.  *Id*. ¶¶ 71–79.  Plaintiffs

24   regularly visited Zillow's website to browse for homes, search for properties, interact extensively

25   with the website, and enter personal and financial information into text fields during their visits.

26   *Id*.  Plaintiffs Perkins, Hasson, Huber, Kauffman, Popa, and Strelzin each entered their names,

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 2

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

addresses, and phone numbers. *Id.* Plaintiffs Perkins, Hasson, Huber, Popa, and Strelzin additionally entered their dates of birth. *Id.* Plaintiffs Perkins, Hasson, and Huber additionally entered their credit range scores. *Id.* ¶¶ 71–73. Plaintiffs Perkins and Huber also entered financial information specifying their current loans and estimates of loans. *Id.* ¶¶ 71, 73. All of the data entered by Plaintiffs is considered personally identifiable information that was subject to the unlawful monitoring, recording, and collection by Zillow and Microsoft. *Id.* ¶ 81. Defendants' use of Session Replay Code results in the electronic equivalent of "looking over the shoulder" to record each visitor to Zillow's website visit for the entire duration of their website interaction. *Id.* ¶ 2. Defendants' use of Session Replay Code amounts to wiretapping, is ongoing, and presents a legitimate harm to website visitors. *Id.* ¶¶ 24, 26, 87. Defendants profit from the use of Session Replay Code and the data they capture from Plaintiffs and the Class. *Id.* ¶¶ 23–25, 141, 170, 217, 273. Zillow and Microsoft thereby violated the aforementioned wiretapping statutes and common laws, and their conduct constitutes an invasion of the privacy rights of the Plaintiffs and Class Members.

### III.  ARGUMENT

#### A.   Plaintiffs' Allegations Satisfy F.R.C.P. Rule 8's Pleading Standard

To comply with Rule 8, "Plaintiffs must set forth 'who is being sued, for what relief, and on what theory, with enough detail to guide discovery.'" *Brutsky v. Cap. One, N.A.*, No. C17-0491 RAJ, 2018 U.S. Dist. LEXIS 10797, at *4 (W.D. Wash. Jan. 23, 2018). Zillow's argument that Plaintiffs' Complaint lacks sufficient factual allegations as to Zillow's use of session replay technology to intercept Plaintiffs' communications ignores the well-pled and detailed allegations in the CAC. For example, Plaintiffs specifically allege the basis of Plaintiffs' claims is the implantation of Session Replay Code on their devices' browsers without their consent. CAC ¶¶ 1, 35, 60, 68, 81–82, 96–98. Plaintiffs further allege how Session Replay Code captures their website interactions and provide a screenshot that explicitly displays the conduct complained of therein. *Id.* ¶ 84. This screenshot displays Defendant's website, and through the use of Developer Tools,

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 3

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

an HTTP request-response communication containing the data entered into a form field on Defendant's website (the name "John Doe").  *Id*.  The screenshot shows that the website is in an unmasked form and shows how the Session Replay Code intercepts and transfers users' personal information to Zillow, Microsoft, and other entities.  *Id*.  Plaintiffs further allege how the Session Replay Code that Zillow embedded on the Zillow website "intercepts the contents of these communications between Plaintiffs and Zillow with real time instantaneous transmissions to Microsoft's Session Replay software."  *Id*. ¶ 85.

Plaintiffs further allege that "the contents of their communications with the Zillow website were intercepted by Session Replay Code, including Microsoft Clarity, and simultaneously transmitted to Session Replay Providers, including Microsoft."  *Id.* ¶¶ 86, 89; *see also* ¶¶ 71–79.  Clearly, these allegations more than satisfy the requirements of Rule 8.  *See McHenry v. Penne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996).

Defendant's additional arguments regarding notice of the claims asserted against it are equally unavailing.  Specifically, Zillow's argument that Plaintiffs' allegations are improper group pleading is wrong.  "Group pleading is not fatal to a complaint if the complaint still gives defendants fair notice of the claims against them."  *Tivoli LLC v. Targetti Sankey S.P.A.*, No. SA CV 14-1285-DOC (JCGx), 2015 U.S. Dist. LEXIS 189660, at *9–*10 (C.D. Cal. Feb. 3, 2015).  Where, as here, defendants are alleged to be entities who acted in concert in their wrongful conduct, Rule 8 is still satisfied when it is "'possible that the allegations of wrongdoing are intended to include each and every entity defendant.'"  *Mayhall v. Amazon Web Servs.*, No. C21-1473-TL-MLP, 2022 U.S. Dist. LEXIS 126094, at *15 (W.D. Wash. May 24, 2022).  Unlike the cases cited by Zillow, the Complaint clearly alleges the conduct that Zillow has engaged in[1] and as such, Zillow does not have meaningful grounds to argue it has been deprived of notice.

---

[1]      Zillow procured and embedded Session Replay Code from Microsoft (CAC ¶¶ 55, 83–86), to capture a user's interactions with the website (*id*. ¶¶ 60, 91), and such interactions are specifically identified to include text inputted and content viewed (*id*. ¶¶ 94) as the information is collected in real time. *Id*. ¶ 61.

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 4

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**B.** **Plaintiffs Sufficiently Alleged Zillow Violated the Washington Privacy Act**

Plaintiffs have sufficiently alleged that Zillow violated the Washington Privacy Act ("WPA"), Wash. Rev. Code §9.73.030(1)(a), by using an agent, Microsoft, to capture and record Plaintiffs' web communications without their consent. CAC ¶¶ 60–62, 66, 81–82, 96–98, 116–27. Under the WPA, it is "unlawful for any individual, partnership, corporation, association . . . to intercept, or record any . . . [p]rivate communication transmitted by . . . device between two or more individuals . . . without first obtaining the consent of all the participants in the communication." Wash. Rev. Code §9.73.030(1)(a). The WPA holds liable both those who intercept and record communications "directly" and those who do so by means of an agent. *Id.* §9.73.060.

The WPA is one of the strongest consumer protection statutes for wiretapping in the nation. *State v. Kipp*, 317 P.3d 1029, 1031 (Wash. 2014) ("Washington State's privacy act is considered one of the most restrictive in the nation."). "Washington has a long history of extending strong protections to telephone and other electronic communications" and the WPA is "broad, detailed and extends considerably greater protection to [its] citizens in this regard than do comparable federal statutes and rulings thereon." *State v. Gunwall*, 720 P.2d 808, 815 (Wash. 1986). Washington, likewise, has recognized the need to "interpret the privacy act in a manner that ensures that the private conversations of this state's residents are protected in the face of an ever-changing technological landscape." *State v. Christensen*, 102 P.3d 789, 794 (Wash. 2004) (same). This case involves the "ever-changing" technological landscape, specifically, session replay technology that records users' every interaction, communication, and movement performed on a webpage.

Here, Zillow retained Microsoft to place its Session Replay Code, Clarity, on Plaintiffs' browsers upon connecting to Zillow's website. CAC ¶ 35. Defendants' use of Session Replay Code allows them to surreptitiously capture and record all Plaintiffs' and the Classes' interactions with Zillow's website, including any personal information Plaintiffs typed about themselves. *Id.*

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT - 5

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

¶¶ 36, 38–46.  Microsoft used this data to create user IDs that allowed further tracking of Plaintiffs' activities, all without Plaintiffs' consent or knowledge of the practice.  *Id.* ¶ 82.  By using an agent to intercept and record Plaintiffs' communications, Zillow breached Plaintiffs' privacy and violated the WPA.  *State v. Novick*, 384 P.3d 252, 257 (Wash. Ct. App. 2016) (holding communication-capturing software used to intercept and record communications violated the WPA).

In its motion to dismiss, Zillow incorrectly claims that: (1) the communications between Plaintiffs and Zillow were not "private"; (2) Zillow did not intercept the communications; and (3) Plaintiffs were not injured by its violation of the WPA.  For the reasons set forth below, the Court should reject each of these arguments.

### 1.    Plaintiffs' Website Communications with Zillow Were Private

Plaintiffs' communications with Zillow were private and are protected under the WPA.  Whether a communication was private is a question of fact depending on several considerations, including the subjective intent of the parties, the duration and subject matter of the communication, the location of the communication, and the presence of third-parties.  *State v. Roden*, 321 P.3d 1183, 1186 (Wash. 2014).  Washington courts give the term "private" its ordinary meaning, specifically, "'belonging to one's self . . . secret . . . intended only for the persons involved . . . holding a confidential relationship to something . . . a secret message" and "not open or in public.'" *Id.*

Here, Plaintiffs adequately pled they reasonably expected their communications with Zillow would remain private.  CAC ¶ 28.  Specifically, Plaintiffs alleged that they and "most [other] website visitors . . . assume their detailed interactions with a website will only be used by the website and not shared with a party they know nothing about."  *Id.*; *see also id.* ¶¶ 29–32 (describing consumer expectations of privacy during web visits).  Likewise, data security experts have noted that consumers "won't know these tools are operating 'behind the scenes' of their site visit." *Id.* ¶ 48.  Plaintiffs, thus, expected their communications with Zillow were private and had

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 6

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   no reason to know that, secretly, Zillow and Microsoft had incorporated Session Replay Code to

2   intercept, monitor, and record them.  *Id.* ¶¶ 123, 154, 185, 198–99, 235, 255–56.

3       Despite these allegations, Zillow, contends that its communications with Plaintiffs were

4   not "private."  Zillow argues claims that: (1) private communications encompass conversations

5   only with a "human being," and thus, Zillow cannot be liable; (2) that the type of data collected

6   does not constitute a communication; and (3) that Plaintiffs consented to the use of session replay

7   technology.  Each of these arguments fails.

8           **i.    Plaintiffs' Communications with Zillow Are Protected by the WPA**

9       Zillow cites no authority that an entity cannot be held liable under the WPA because it is

10  not an "individual."  Indeed, courts have rejected similar arguments.  For instance, in *Russo v.*

11  *Microsoft Corp.*, No. 4:20-cv-4818, 2021 WL 2688850, at *7 (N.D. Cal. June 30, 2021), the court

12  previously rejected Microsoft's claim that the WPA does not apply to corporations.  *Id.* at *7

13  (noting that the WPA "uses the term consistent with a broad definition that includes corporations"

14  and recognized that the use of "person" includes corporations.).  *Russo* further held that, contrary

15  to Microsoft's claims, the term "person" under the WPA affords liability to both individuals and,

16  among other things, corporate entities for violating the act.  *Id.*

17      Zillow's own purported definition of an "individual" expressly recognizes that the term

18  includes "associations," and a company, like Zillow, is merely an "association with another" or

19  "group of persons."  *Company*, MERRIUM-WEBSTER DICTIONARY, (last visited July 30, 2023),

20  https://www.merriam-webster.com/dictionary/company.    Zillow's lone case, *Cousineau v.*

21  *Microsoft Corp.*, 992 F. Supp. 2d 1116 (W.D. Wash. 2012), is also unpersuasive.  There, the court

22  dismissed a WPA claim where plaintiffs' phone stored its geo-location, which was allegedly

23  accessible by Microsoft.  *Id.* at 1119.  However, as the Court noted, the only two parties at issue

24  were the plaintiffs and Microsoft.  *Id.*  If Microsoft intercepted the communication, however, there

25  must have been another party to whom plaintiff was communicating to hold Microsoft liable under

26

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 7

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    the WPA.  *See id*.  In *Cousineau*, there was none, but here, there is—Microsoft intercepted the

2    communications between Plaintiffs and Zillow.

3        *Cousineau* never held, as Zillow claims, that only a "human being" may be liable under

4    the WPA or that the intercepted communications could not have been exchanged between business

5    entities.  It held only that there must be some communication to apply the WPA.  Here, Plaintiffs

6    communicated with Zillow and Zillow communicated back; those communications are protected.

7            ii.    **The WPA Protects the Type of Information Exchanged on Zillow's**

8                   **Website**

9        Zillow also argues that "keystrokes and mouse movements" do not constitute

10   communications.   However, Plaintiffs allege that Clarity obtained more than just Plaintiffs'

11   interactions with a website, including text exchanges and submissions including personal

12   information.  CAC ¶ 36.  Moreover, courts analyzing less conservative wiretap statutes have

13   construed web browser interactions as communications.  *See, e.g.*, *In re Facebook, Inc. Internet*

14   *Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020); *see also In re Google Inc. Cookie Placement*

15   *Consumer Priv. Litig.*, 934 F.3d 316, 325 (3rd Cir. 2019).

16       Zillow cites *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051 (N.D. Cal. 2015) in support, but

17   like *Cousineau*, the court held that the plaintiff failed to state a WPA claim because that data was

18   not being transmitted at all, and thus, was not part of a communication.  *See id.* at 1093 ("The

19   alleged interception of other data – such as user's geographical location, URLs, search terms, etc.

20   – may not form the basis for liability under [the WPA] as this data was not transmitted as part of

21   a communication . . . .").  In other words, in both *Cousineau* and *Carrier IQ*, the courts excluded

22   data that was not intercepted while being communicated to someone else.  In *Carrier IQ*, however,

23   the court did permit a WPA claim to go forward for text messages and phone numbers because

24   that information was exchanged during a communication.  *Id*.

25       Here, Plaintiffs alleged their information was actively exchanged between them and Zillow

26   through Zillow's webpage, and that included text submissions made to Zillow.  CAC ¶¶ 35–38.

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 8

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    Since the data at issue was being communicated to Zillow and was intercepted by Microsoft, those

2    communications may constitute the basis for a WPA claim.

### iii.   Plaintiffs Never Consented to the Use of Session Replay

4         Zillow wrongly claims Plaintiffs consented to the use of session replay because Zillow

5    purportedly disclosed its use in a privacy policy tucked away at the bottom of Zillow's website.

6    Plaintiffs never consented to Zillow's policy and are thus not bound to it.  *Savetsky v. Pre-Paid*

7    *Legal Servs., Inc*., No. 14-cv-3514, 2015 WL 604767, at *3 (N.D. Cal. Feb. 12, 2015) (describing

8    "browsewrap" agreements where a website "'contain[s] a notice that—by using the services of,

9    obtaining information from, or initiating applications within the website—the user is agreeing to

10   and is bound by the site's terms'" and that "courts generally require users have actual or

11   constructive knowledge of a website's terms and conditions before enforcing browsewrap

12   agreements").

### 2.   Microsoft Intercepted Plaintiffs' Web Communications

14        Plaintiffs alleged that Clarity duplicates website communications instantaneously at the

15   point of their transmission, as Zillow acknowledges.  CAC ¶ 85.  Despite that, Zillow seeks

16   dismissal claiming that Clarity did not capture the communication during transmission.  Mot. at

17   13.  That argument disregards Plaintiffs' allegations and must fail.

18        First, the WPA is not limited to interception of communications, but also to recording of

19   communications.  Wash. Rev. Code §9.73.030(1) ("[I]t shall be unlawful . . . to intercept, or record

20   any . . . private communication . . . .").  Plaintiffs alleged that Clarity was recording the

21   communications between them and Zillow and, therefore, Zillow may be liable under the WPA

22   regardless of any interception.  *Novick*, 384 P.3d at 257 (holding that "RCW 9.73.030 prohibits

23   recording conversations without the consent of each participant in that conversation" and

24   upholding conviction under RCW 9.73.030 for using a computer program to automatically record

25   victim's communications).

26

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 9

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    Second, Plaintiffs also adequately alleged Zillow intercepted their communications.  The

2    Washington Supreme Court held that the term "intercept" should "be given [its] ordinary meaning"

3    to "to stop . . . or interrupt in progress or course" "before arrival."  *Roden*, 321 P.3d at 1188.

4    Plaintiffs specifically pled that Clarity "intercepts the contents of the[] communications between

5    Plaintiffs and Zillow."  CAC ¶ 85.  If, as Zillow claims, interception is only possible if the

6    communication is "stopped" or interrupted, then the quintessential medium the WPA was enacted

7    to protect—telephone conversations—would not be protected because interception of a phone call

8    does not slow down the progress of the communication.  *See, e.g*., *State v. Hinton*, 319 P.3d 9, 13–

9    14 (Wash. 2014) (noting "Washington's 'long history of extending strong protections to telephonic

10   and other electronic communications'" and that "'intercepting or recording telephone class violates

11   the privacy except under narrow circumstances'").  The Court should reject Zillow's narrow view

12   of interception under the WPA.

### 3.    Plaintiffs Pled an Injury Caused by Zillow's WPA Violation

14   Contrary to Zillow's argument, Plaintiffs have adequately pled an injury.  The WPA

15   permits recovery for a broad range of injuries including harm to "his or her business, his or her

16   person, or his or her reputation" and "actual damages," "mental pain and suffering," or "liquidated

17   damages."  RCW 9.73.060.  While Washington state courts have not analyzed precisely what

18   constitutes an injury under the WPA, they have analyzed similar statutes and found the types of

19   actionable injuries to be broad.

20   For example, the Washington Consumer Protection Act ("WCPA") permits recovery for

21   "an injury to the claimant's business or property," a more restrictive requirement than the WPA.

22   *Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 825 P.2d 714, 720 (Wash. Ct. App. 1992).

23   Even so, courts have held that the injury "'need not be great'" and that "with regard to injury, . . .

24   'no monetary damages need be proven'" and even "'nonquantifiable injuries . . . would suffice for

25   the [injury] element of the [WCPA].'"  *Id.* at 720 (quoting *Nordstrom, Inc. v. Tampourlos*, 733

26   P.2d 208, 211 (Wash. 1987)); *St. Paul Fire & Marine Ins. Co. v. Updegrave*, 656 P.2d 1130, 1133

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 10

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   (Wash. Ct. App. 1983) ("The consumer need not show specific monetary damages to recover under

2   the Act."); *Sign-O-Lite*, 825 P.2d at 720 (requiring only "some evidence, however slight, to show

3   an injury to the claimants' business or property").

4         Like the WCPA's injury requirement, the WPA requires only a minimal injury, especially

5   given the WPA's overwhelming interest in protecting private communications. *See, e.g.*,

6   *Christensen*, 102 P.3d at 794; *Lewis v. State Dep't of Licensing*, 139 P.3d 1078, 1082 (Wash.

7   2006); *Kipp*, 317 P.3d at 1031.

8         Here, Plaintiffs pled mental and emotional suffering and economic loss.  CAC ¶ 138

9   ("Defendants' conduct has caused Plaintiffs . . . mental anguish and suffering arising from their

10   loss of privacy and confidentiality of their electronic communications."); ¶ 139 ("This disclosure

11   and loss of privacy and confidentiality has caused Plaintiffs . . . to experience mental anguish,

12   emotional distress, worry, fear, and other harms."); ¶ 140 ("Defendants deprived Plaintiffs . . . of

13   the economic value of their interactions with Zillow's website . . . .").  These type of harms are

14   clearly recoverable under the WPA.  *See* RCW 9.73.060 (permitting recovery for "mental pain and

15   suffering"); *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 899 (Wash. 2009) (holding, under

16   the WCPA's similar injury component, that "the injury requirement is met upon proof the

17   plaintiff's 'property interest or money is diminished because of the unlawful conduct even if the

18   expenses caused by the statutory violation are minimal'").   Consequently, Plaintiffs have

19   adequately pled injuries sufficient to establish a WPA claim.

20       **C.  Plaintiffs Huber and Popa Sufficiently Stated a Claim for a Violation of**

21          **WESCA**

22          **1.  Zillow Procured the Interception of, and Disclosed "Contents" of**

23            **Plaintiffs' Electronic Communications**

24         Zillow contends that the website communications captured by the Session Replay Code do

25   not constitute "contents" as defined under WESCA.  Mot. at 17–18.  In doing so, Zillow ignores

26   the plain meaning of term "contents."   "Contents" means "any information concerning the

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 11

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  **substance, purport, or meaning** of that communication."  18 Pa. Cons. Stat. § 5702.  The Third

2  Circuit has explained that in the modern age, "[i]f an address, phone number, or URL is . . . part

3  of the substantive information conveyed to the recipient, then by definition it is 'content.'"  *In re*

4  *Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 137 (3d Cir. 2015).  Indeed,

5  the Third Circuit has found that "that routing information and content are not mutually exclusive

6  categories.  And between the information revealed by highly detailed URLs . . . we are persuaded

7  that – at a minimum – some queried URLs qualify as content." *Id*. at 138–39; *see also In re Zynga*

8  *Priv. Litig.*, 750 F.3d 1098, 1108–09 (9th Cir. 2014) ("Under some circumstances, a user's request

9  to a search engine for specific information could constitute a communication such that divulging

10 a URL containing that search term to a third party could amount to disclosure of the contents of a

11 communication.").

12      Here the CAC describes, at **the very least**, content contained in a URL to satisfy the

13 standard in both *Google Cookie* and *In re Zynga.*  CAC ¶ 1.  But the CAC describes the interception

14 of much more than just URL content.  The CAC alleges that the Session Replay Code captured

15 detailed information about Plaintiffs' browsing habits for homes for sale along with detailed

16 personal and financial information typed into form fields such as their names, addresses, dates of

17 birth, phone numbers, credit score ranges, current loans, estimates of loans, and credit card

18 numbers.  CAC ¶¶ 42, 73, 75, 84.  This is exactly the type of substantive information that Courts

19 consider "contents."  *See Katz-Lacabe v. Oracle Am., Inc.*, No. 22-CV-04792-RS, 2023 WL

20 2838118, at *9 (N.D. Cal. Apr. 6, 2023) (finding that personal information such as names, dates

21 of birth, and medical information entered to form fields was "content"); *Saleh*, 562 F. Supp. 3d at

22 518.

23      Despite the fact the Session Replay Code captures Plaintiffs' personal and financial

24 information inputted on Zillow's website, Zillow attempts to ignore the pervasive online

25 surveillance by analogizing it to "'a security camera at a brick-and-mortar store.'"  Mot. at 18.  But

26 Courts in this circuit have previously rejected this exact analogy. *See Revitch v. New Moosejaw,*

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 12

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   *LLC*, No. 18-CV-06827-VC, 2019 WL 5485330, at *1 (N.D. Cal. Oct. 23, 2019) ("Admittedly, a

2   customer in brick-and-mortar store does not communicate by searching through the inventory.  But

3   the same is not true for off-site shoppers: a customer who calls to inquire about a store's products

4   undoubtedly communicates with the retailer.  As does an online patron.").

5          Even if there were any question as to whether Plaintiffs' website communications are

6   "content" under WESCA, courts have held that such fact-specific inquiry should not be decided at

7   the motion to dismiss stage.  *Google Cookie*, 806 F.3d at 137 ("[A] 'content' inquiry is a case-

8   specific one.").  As a Pennsylvania court explained when faced with the same argument in an

9   analogous case under WESCA, this is an issue that is better left for review after development of a

10  factual record.  *Popa v. Harriet Carter Gifts, Inc.*, 426 F. Supp. 3d 108, 119 (W.D. Pa. 2019).

11  Plaintiffs' allegations are sufficiently detailed to warrant denial of Zillow's motion to dismiss.

12          **D.  Plaintiff Strelzin Has Sufficiently Stated a Claim for the Illinois**

13              **Eavesdropping Act**

14          Zillow violated the Illinois Eavesdropping Act when it used its Session Replay Code to

15  intercept and record Plaintiff Strelzin's electronic communications.  A person violates the Illinois

16  Eavesdropping Act ("Act") when he or she knowingly and intentionally "[i]ntercepts, records, or

17  transcribes, in a surreptitious manner, any private electronic communication to which he or she is

18  not a party."  720 Ill. Comp. Stat. Ann. §5/14-2(a)(3).  A "private electronic communication" is,

19  in part, defined by the intent of the sending or receiving party to keep "the electronic

20  communication . . . private under circumstances reasonably justifying that expectation."  *Id.*

21  §§ 5/14-1(e)(c); 5/14-6.

22          Zillow relies upon *People v. Clark*, 6 N.E.3d 154, 161 (Ill. 2014), to argue that the Act only

23  protects "'conversational privacy.'"  Mot. at 19.  But that is not what *Clark* holds.  *Clark*, a criminal

24  case, focused only on the Act's protection of private "conversations"[2] and oral communications,

25

26  ――――――――――――――
    [2]      The statue defines "private conversation" as "any *oral* communication between 2 or more persons, whether in person or transmitted between the parties by wire or other means, when one or more of the parties intended the

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 13

neither of which are at issue here.  The Act is broader.  It protects against the interception of ***both*** oral communications ***and*** electronic communications.  *See* 720 Ill. Comp. Stat. Ann. §5/14-2(A).  Plaintiffs allege that Zillow intercepted electronic communications, which is a violation of the Act.  *See Vasil v. Kiip, Inc.*, No. 16-CV-09937, 2018 WL 1156328 (N.D. Ill. Mar. 5, 2018) (finding that the plaintiffs' allegations that the defendant intercepted electronic communications through the plaintiffs' cellphones were sufficient to state a claim under the Act).

Defendant additionally argues it was a party to the alleged communications; therefore, it could not have violated the Act.  Mot. at 19.  That too is wrong.  Defendant was not a party to Plaintiffs' alleged communications.  Defendant relies on *Zak v. Bose Corp.* to support the argument that it was a party to the alleged communications.  No. 17-CV-02928, 2020 WL 2762552, at *3 (N.D. Ill. May 27, 2020).  Mot. at 19.  In *Bose*, the defendant collected audio tracks, titles, and files from users' music streaming apps through its wireless headphone app and transmitted the information to third-party data miners.  *Zak v. Bose Corp.*, No. 17-CV-02928, 2019 WL 1437909, at *1 (N.D. Ill. Mar. 31, 2019).  The court found that the defendant was a party to the communications because users were aware the app received and processed audio track information from their music streaming apps.  *Id.* at *5.  Unlike *Bose*, Zillow used a third-party (Microsoft) and the Session Replay Code, to intercept Plaintiffs' electronic communications and Plaintiffs were unaware of the amount of information Zillow was able to access, *e.g.*, keystrokes, retracted information, credit card information, and other private personal information.  CAC ¶¶ 39, 64, 72, 75–76, 95.

The facts of the present case are more analogous to *Vasil v. Kiip*, surprisingly, another case Defendant relies on for their argument that Zillow was a party to the communications.  Mot. at 19.  In *Vasil*, the plaintiff alleged the defendant collected data from users even when they were not using their phones.  2018 WL 1156328, at *1.  The defendant claimed it was a party to the

---

communication to be of a private nature under circumstances reasonably justifying that expectation."  720 Ill. Comp. Stat. Ann. §5/14-1(d).

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 14

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

communication because the users' data was directly transmitted to the defendant.  *Id.*, at \*6.  The court held that direct transmission alone does not automatically make the defendant a "party" to a communication; instead, the court looked at what information the plaintiffs intended to share with the defendant.  *Id*.  The court warned that adopting the position that data directly transmitted to a party should be considered a communication rather than an interception was dangerous and would "swallow the Illinois Eavesdropping protection of electronic communications."  *Id.* at \*7.  Similarly*,* Zillow is not a party to Plaintiffs' communications because they did not intend for Zillow to access their keystrokes, and other private personal information[3] through the Session Replay Code.  Thus, Zillow's motion to dismiss must be denied as it violated the Illinois Eavesdropping Act.

## E.  Plaintiff Adams Has Sufficiently Stated a Claim for the Missouri Wiretap Act

Zillow asserts that it is not liable under the Missouri Wiretap Act ("MWA"), Mo. Ann. Stat., §§542.400, *et. seq*., because it gave consent to the surreptitious recordings that are described by Plaintiff Adams' pleadings on behalf of herself, her minor child, and the Missouri subclass.[4] Mot. at 20.  Zillow, however, completely ignores the well-pleaded crime-tort exception to the one-party consent element of the MWA.  *See* CAC ¶¶ 45–47, 241–75.  It is because Zillow's actions violate the Missouri's Merchandising Practices Act ("MMPA"), Mo. Ann. Stat. §§407.010, *et seq.*, and Missouri's common law invasion of privacy tort, that the one-party consent exception does not apply here.

The MWA "was modeled after [the Federal Wiretap Act]." *State v. King*, 873 S.W.2d 905,

---

[3]     Session Replay Code allows Defendant to capture every action the user makes including those not intended to be directed at Defendant.  CAC ¶ 34.  This includes keystrokes the user drafts but chooses not to direct at Defendant, *e.g.*, erasing the information or not selecting "enter" or "submit." *Id*. ¶ 40.

[4]     Zillow also asserts that Plaintiffs have conceded that Washington law applies, but this is not the case.

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 15

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

908 (Mo. Ct. App. 1994).  Neither the Federal Wiretap Act ("FWA") nor the MWA permits the consent of a party to legitimize wiretapping where "such communication is intercepted for the purpose of committing any criminal or tortious act."  Mo. Ann. Stat. §542.402.2(3); *see also* 18 U.S.C.A. §2511(d).  Adams has plausibly pleaded a violation of the MMPA, as detailed *infra*, § H(2).  Zillow unlawfully failed to disclose the eavesdropping and potentially non-anonymized nature of the intrusion, as mandated by the MMPA.  Consequently, if Adams is obligated to demonstrate compliance with the exception for tortious or criminal conduct, she has done so.

Zillow argues that it cannot "intercept" a communication to which it was a party, and then proceeds to extend this argument to assert that "Zillow's unnamed 'Session Replay Providers' were also allegedly parties to the Adams Plaintiffs' communications."  Mot. at 20.  But it cannot be the case that an unknown third-party listening in and recording a communication becomes a party, an intended participant, without limitation; this conclusion does not make sense in the context of the FWA.  The FWA specifically allows a party to intercept a communication, but it provides exoneration for such activity only under certain specific conditions.  *See* 18 U.S.C.A. § 2511(2)(a)(iii)(d) ("It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication . . . unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State."); *see also* Mo. Ann. Stat. § 542.402.2(3).  If a party could not intercept a communication, then the FWA would not need to describe when that conduct is or is not lawful.

Zillow's focus on the meaning of "interception," and the semantic argument that one cannot intercept something intended for it, belies the full scope of the MWA.  A cause of action is available under the MWA for more than mere interception, but also for "disclos[ure] and use[] in violation of sections 542.400 to 542.422."  Mo. Ann. Stat. § 542.418.2.  The MWA also makes unlawful "intercept[ing], endeavor[ing] to intercept, or procur[ing] any other person to intercept or endeavor to intercept, any wire communication," disclosing, or knowingly using such

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT  - 16

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   intercepted communications.   Mo. Ann. Stat. §542.402.1.   Plaintiff's allegations are clearly

2   sufficient to establish a claim for knowingly facilitating the interception of communications,

3   through the use of Clarity, as alleged in this case.

4        Plaintiff Adams alleges that Zillow surreptitiously employed technology to record and

5   forward communications to unauthorized third parties in violation of Missouri law.   *See, e.g.*, CAC

6   ¶ 1 (third-parties are procured by Zillow to "record[] the website visitor's electronic

7   communications with the Zillow website, including their mouse movements, finger swipes (for

8   those who used their mobile phone and its web browser to interact with the website), clicks,

9   keystrokes (such as text being entered into an information field or text box), URLs of web pages

10  visited, and/or other electronic communications in real-time."); ¶ 2 ("Zillow's procurement of the

11  Session Replay Providers to secretly deploy the Session Replay Code results in the electronic

12  equivalent of 'looking over the shoulder' of each visitor to the Zillow website for the entire

13  duration of their website interaction."); ¶ 34 ("Unlike other online advertising tools, Session

14  Replay Code allows a website to capture and record nearly every action a website visitor takes

15  while visiting the website, including actions that reveal the visitor's personal or private sensitive

16  data, sometimes even when the visitor does not intend to submit the data to the website operator,

17  or has not finished submitting the data to the website operator.  As a result, website visitors 'aren't

18  just sharing data with the [web]site they're on . . . but also with an analytics service that may be

19  watching over their shoulder.'").   Defendant planted spyware—and that is not protected by the

20  consent of the party employing it; its motion to dismiss should therefore be denied.

21        **F.  Plaintiff Kauffman Sufficiently Stated a Claim for a Violation of CIPA**

22             **1.     Zillow Aided and Abetted Wiretapping in Violation of CIPA**

23        Zillow argues that it cannot be liable for a CIPA violation because it was a party to the

24  website communications.  Zillow mischaracterizes Plaintiff Kauffman's allegations.  Microsoft

25  and other Session Reply Providers eavesdropped on Plaintiff and the putative Class members;

26  Zillow allowed them to do so.  Therefore, Zillow is liable under CIPA not for directly wiretapping

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 17

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

or eavesdropping on Plaintiff's website communications, in violation of the second clause of CIPA, but for aiding and abetting Microsoft and other Session Replay Code Providers in wiretapping and eavesdropping on Plaintiff and other website visitors in violation of the fourth clause.[5]  CAC ¶¶ 1–2, 28, 35, 55, 66, 70, 85, 88.

CIPA creates four possible avenues of liability.  *See* Cal. Penal Code §631(a).  Under the fourth clause of Section 631(a), CIPA "imposes liability for or 'any person' who 'aids, agrees with, employs, or conspires with' anyone who violates this section and does not include an exemption for participants to a conversation who permit third parties to eavesdrop on that conversation." *Saleh*, 562 F. Supp. 3d at 519 (quoting Cal. Penal Code §631(a)).  Put differently, if a participant in a conversation assists a third-party with listening in (*i.e.*, eavesdropping) on a conversation between the assisting participant and another individual, the third-party is liable under CIPA's second clause, and the assisting participant is liable for aiding and abetting the eavesdropping under CIPA's fourth clause.  *See Ribas v. Clark*, 696 P.2d 637 (Cal. 1985) (explaining that Section 631(a) "was designed to 'protect a person placing or receiving a call from a situation where the person on the other end of the line permits an outsider to tap his telephone or listen in on the call'"); *Revitch*, 2019 WL 5485330, at *2 (extending liability under the fourth clause of Section 631(a) to a website that employed software similar to Session Replay Code).  Thus, courts analyzing CIPA have concluded that software providers like Microsoft and the other Session Replay Providers are third-party eavesdroppers within the meaning of Section 631(a) and have further found that the companies (such as Zillow) who embed software that functions as a wiretap (such as the Session Replay Code) can still be liable for a violation of CIPA.  *See, e.g.*, *Javier v. Assurance IQ, LLC*, No. 20-CV-02860-CRB, 2023 WL 114225, at *5 (N.D. Cal. Jan. 5, 2023) (collecting cases).[6]

---

[5]     Plaintiff does not dispute that Zillow is a party to the communication.  However, simply being a party to a communication does not excuse Zillow from liability under CIPA.  Zillow is still liable for enabling Microsoft and other Session Replay Providers to eavesdrop on Plaintiff's electronic communication.  *See Revitch*, 2019 WL 5485330, at *2; *Saleh*, 562 F. Supp. 3d at 521.

[6]     Because Plaintiff's allegations focus on clauses two and four of CIPA, Zillow's argument as to clause one is wholly irrelevant.  There is simply no requirement that the interception involve telephone or telegraph equipment, as Courts have concluded that the second clause of Section 631(a) applies when a defendant attempts to eavesdrop on

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 18

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

For example, in *Revitch*, 2019 WL 5485330, at \*1, the plaintiff alleged that a website embedded computer code from a third-party provider onto its website that enabled the computer code provider to eavesdrop on website visitors' communications.  *Id.*  The court concluded that even though the website could not be liable for eavesdropping on its own communications with the website visitor; under the second clause of CIPA, it could be liable for aiding and abetting the software provider's wrongdoing because the code the website embedded functioned as a wiretap that redirected the plaintiff's communications to the third-party while he browsed the site.  *Id.*, at \*2.  Following *Revitch*, numerous California courts have reached the same conclusion in cases involving similar software to the Session Replay Code at issue here.  *See, e.g.*, *Javier*, 2023 WL 114225, at \*6; *Saleh*, 562 F. Supp. 3d at 521 ("Here, as in *Revitch*, FullStory did not become a 'party' to the communication simply because it was providing recording and transmission services for Nike."); *Yoon*, 549 F. Supp. 3d at 1083 ("[A] conversationalist is betrayed equally by a wiretapper and by the willing conversation participant who surreptitiously allows that third party to wiretap.  Yoon has therefore stated a claim against Lululemon for violation of §631(a)[iv].").  This is the exact same theory under which Plaintiffs have alleged Zillow violated CIPA.

Here, Plaintiff has alleged that Microsoft was not a party to their electronic communications with Zillow, as Microsoft Clarity disclosed Plaintiff's electronic communications to Microsoft and others without his knowledge or consent.  CAC ¶¶ 81–82.  Plaintiff further alleged that Microsoft was a provider of a specific Session Replay Code—Microsoft Clarity—that captured Plaintiff's Website Communications in real time.  CAC ¶¶ 56, 85–86.  Finally, Plaintiff alleged that Zillow facilitated Microsoft's eavesdropping by choosing to embed Microsoft Clarity on its website.  CAC ¶¶ 55–56, 70.  Viewing these allegations as true and accepting all reasonable inferences in favor of Plaintiff, this is sufficient to plead that Zillow aided, agreed, or conspired with Microsoft to eavesdrop on Plaintiff's electronic communications.  *See Saleh*, 562 F. Supp. 3d

---

electronic communication that occur over the internet.  *See Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107, at \*1 (9th Cir. May 31, 2022); *Yoon*, 549 F. Supp. 3d at 1080; *Matera v. Google Inc.*, 2016 WL 8200619, at \*21 (N.D. Cal. Aug. 12, 2016) (collecting cases).

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 19

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    at 521.  Thus, Plaintiff has stated a claim for a violation of CIPA.

2              **2.       Plaintiff's Electronic Communications Were Intercepted in Transit**

3              Zillow argues that Plaintiff's CIPA claim fails because he has not alleged any electronic

4    communications were intercepted "'in transit.'"  Mot. at 24.  In making this argument, Zillow takes

5    the erroneous position that such communications are not intercepted in transit because they are

6    ultimately stored in Microsoft's servers.  *Id.*  Zillow's argument ignores both governing law and

7    the well-pleaded facts of the CAC.  First, contrary to Zillow's arguments, this is not a case where

8    electronic communications are intercepted from electronic storage or later disclosed from Zillow

9    to the Session Replay Providers.  The interception of an electronic communication occurs "in

10   transit" under CIPA when it is acquired during transmission.  *Hazel v. Prudential Fin., Inc.*, No.

11   22-CV-07465-CRB, 2023 WL 3933073, at *2 (N.D. Cal. June 9, 2023) (collecting cases).  Put

12   differently, electronic communications are intercepted during transmission under CIPA when they

13   are re-routed to the interceptor.  *See Luis v. Zang*, 833 F.3d 619, 633 (6th Cir. 2016) (The "intercept

14   of a communication," the court held, "occur[red] at the point where WebWatcher—without any

15   active input from the user—capture[d] the communication and reroute[d] it to Awareness's own

16   servers.").  Thus, the interception occurs at the point the Session Replay Code redirects electronic

17   communications from an individual's device to the Session Replay Provider, not when they are

18   ultimately stored in a Session Replay Provider's servers.

19             Second, Zillow's arguments ignore the CAC's well-pleaded allegations.  As alleged, the

20   Session Replay Code intercepted Plaintiff's website communications in "real time."  CAC ¶¶ 61,

21   81.  Plaintiff further alleged the wiretapping by the Session Replay Code was ongoing for the

22   duration of his visits to www.zillow.com and began immediately upon arriving on the website.  *Id.*

23   ¶¶ 85, 96.   Finally, the  Session  Replay  Code's  instantaneous  transmission  of  Website

24   Communications to the Session Replay Providers is demonstrated by the mere 30 milliseconds it

25   takes for Microsoft Clarity to send the captured website communications to Microsoft.  *Id.* ¶ 85.

26   These allegations are sufficient to allege that the interception occurred "in transit" at the motion to

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 20

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   dismiss stage.  *See Hazel*, 2023 WL 3933073, at *3; *see also Luis*, 833 F.3d at 629–31.

2      **G.  Plaintiffs State Invasion of Privacy Claims Under State Laws**

3          **1.      Plaintiffs Alleged Invasion of Privacy Under Washington Law**

4          Under Washington law, "intrusion upon seclusion" requires that: "the defendant (1)

5   deliberately intruded; (2) into the plaintiff's solitude, seclusion, or private affairs; (3) in a manner

6   that would be highly offensive to a reasonable person." *Armijo v. Yakima HMA, LLC*, No. 11-cv-

7   3114, 2012 WL 2576624, at *2 (E.D. Wash. July 3, 2012).  Zillow asserts this claim fails because:

8   (1) Plaintiffs supposedly consented to the intrusion; and (2) its surreptitious use of session replay

9   was not highly offensive.  Both arguments fail.

10          First, as described in addressing the WPA claim, *supra*, § B(1)(iii), Plaintiffs plainly allege

11  they did not consent or ever see the privacy policy that Zillow buried in a link at the bottom of its

12  website.  CAC ¶¶ 96–99.  Without adequate notice, Plaintiffs could not have given consent.

13          Second, Zillow's use of session replay technology is highly offensive both due to the

14  content it collected and the manner in which it invaded Plaintiffs' and Class members' privacy.

15  Plaintiffs alleged that session replay technology collects a swath of user information, virtually

16  every move, keystroke, or submission a user makes on Zillow's website.  CAC ¶¶ 60, 82.  That

17  information is enough for Microsoft to build user profiles for website visitors. *See In re Facebook*,

18  956 F.3d at 604 n.7 ("[I]ndividuals maintain the expectation that entities will not be able to collect

19  such broad swaths of personal information absent consent.").  Thus, Clarity does not, as Zillow

20  claims, collect only basic user information here, rather it collects specific sensitive information

21  and shares it with Microsoft and others.

22          Moreover, the way Zillow collected this information is likewise highly offensive.  "[T]he

23  highly offensive analysis focuses on the degree to which the intrusion is unacceptable as a matter

24  of public policy." *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1157 (N.D. Cal. 2021);

25  *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 292 (3d Cir. 2016) (noting the importance

26  of "how [defendant] accomplished its tracking").  Here, Zillow surreptitiously retained a third-

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 21

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   party to place an application on Plaintiffs' browsers that acted as the software equivalent of a video

2   recorder, that is, it captured Plaintiffs' every move and communication while on Zillow's website.[7]

3   CAC ¶¶ 55–57, 60, 65–66, 82.   Plaintiffs had no knowledge or ability to learn that their every

4   interaction with Zillow's website would be recorded.   *Google Location Hist. Litig.*, 514 F. Supp.

5   3d at 1156 ("Courts have held that plaintiffs have a reasonable expectation of privacy where data

6   is collected without their consent."); *Google Cookie*, 806 F.3d at 151 (finding defendant's conduct

7   "highly offensive" where the defendant's conduct was surreptitious).   The secretive manner in

8   which Zillow recorded Plaintiffs was "highly offensive" and supports a claim.

9          **2.**       **Plaintiffs Huber and Popa Sufficiently Stated a Claim for Intrusion**

10                                 **Upon Seclusion Under Pennsylvania Law**

11          Under Pennsylvania law, "[o]ne who intentionally intrudes, physically or otherwise, upon

12   the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the

13   other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."

14   *Harris by Harris v. Easton Pub. Co.*, 483 A.2d 1377, 1383 (Pa. Super. Ct. 1984).   "An intrusion

15   upon seclusion can be by electronic means such as wiretapping, photography or the use of

16   binoculars."   *Wolfson v. Lewis*, 924 F. Supp. 1413, 1434 (E.D. Pa. 1996); *see also* RESTATEMENT

17   (SECOND) OF TORTS § 652B (1977), Illustration 2-3 (setting forth wiretapping as an illustration of

18   an actionable invasion of privacy).

19          Here, Zillow argues that its procurement of Session Replay Code to surreptitiously collect

20   and disclose Plaintiffs' website communications is not highly offensive.   But this argument misses

21   the mark.   Session Replay Providers collected Plaintiffs' website communications through

22   software designed specifically to capture electronic communications, while providing the code in

23   a format invisible to the average website visitor.   CAC ¶¶ 33, 66, 81.   Given that what is important

24   is "***how*** [defendant] accomplished its tracking," *Nickelodeon*, 827 F.3d at 292 (finding defendant's

25   _____

26   [7]     In the cases Zillow cites, *In re Google, Inc. Priv. Policy Litig.*, 58 F. Supp. 3d 968 (N.D. Cal. 2014) and
*McCoy v. Alphabet, Inc.*, No. 20-cv-05427-SVK, 2021 WL 405816 (N.D. Cal. Feb. 2, 2021), there was no allegation
the data was collected surreptitiously, as there is here.

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 22

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

behavior to be highly offensive); *see also Google Cookie*, 806 F.3d at 151 (finding defendant's conduct "highly offensive" where the defendant's conduct was surreptitious), the act of concealing oneself for purposes of surreptitiously wiretapping a person's internet activities could be deemed highly offensive by a reasonable jury.

Further, while one Pennsylvania court previously found that a similar collection of electronic communications was not highly offensive, *Harriet Carter*, 426 F. Supp. 3d at 122, Plaintiffs respectfully submit this case is distinguishable because the Session Replay Code captured more detailed information. Specifically, Plaintiffs allege the Session Replay Code captured detailed personal and financial information typed into form fields. CAC ¶¶ 73, 75. Such information is much more intimate than just an individual's name, address, and email address. *Compare Katz-Lacabe*, 2023 WL 2838118, at *8 (holding that allegations that the defendant collected "'sensitive health and personal safety information,'" from plaintiffs were sufficient to plead a "highly offensive" intrusion); *Hazel*, 2023 WL 3933073, at *5 (collection of information captured during Plaintiff's insurance self-assessment was sufficiently highly offensive) *with Harriet Carter*, 426 F. Supp. 3d. at 123–24. For these reasons, Plaintiffs have sufficiently pled an intrusion upon seclusion under Pennsylvania law.

### 3. Plaintiff Strelzin Sufficiently Stated a Claim for Intrusion upon Seclusion Under Illinois Law

Under Illinois common law, the elements to state a claim for invasion of privacy - intrusion upon seclusion are: (1) an unauthorized intrusion or prying into a plaintiff's seclusion; (2) the intrusion would be "highly offensive or objectionable to a reasonable person;" (3) the matters upon which the intrusion occurred were private; and (4) the intrusion caused anguish and suffering. *Busse v. Motorola, Inc.*, 813 N.E.2d 1013, 1017 (Ill. App. Ct. 2004); *Vega v. Chicago Park Dist.*, 958 F. Supp. 2d 943, 959 (N.D. Ill. 2013).

Defendant asserts that Plaintiffs have failed to show highly offensive or objectionable conduct from Zillow. Zillow is wrong. Plaintiffs allege that Zillow's conduct is "highly offensive

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 23

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   or objectionable to a reasonable person" because the Session Replay Code captures private

2   information such as "medical conditions, banking information, and other forms of private

3   information displayed or entered on users' webpages."  CAC ¶ 39; *Vega*, 958 F. Supp. 2d at 959

4   ("Without private facts, the other three elements of the tort [intrusion upon seclusion] need not be

5   reached." (internal quotation omitted)); *Busse*, 813 N.E.2d at 1018 (considering family problems,

6   health problems, and future work plans to be private facts.).

7          Moreover, the Ninth Circuit has held that it is inappropriate to decide at the motion to

8   dismiss stage whether Zillow's tracking and collection practices were highly offensive or

9   objectionable conduct.  *See In re Facebook*, 956 F.3d at 606.  ("The ultimate question of whether

10  Facebook's tracking and collection practices could highly offend a reasonable individual is an

11  issue that cannot be resolved at the pleading stage.").  *Rivera v. Google, Inc.*, 366 F. Supp. 3d 998,

12  1013 n.16 (N.D. Ill. 2018) (The court held that to determine whether the collection of personal

13  data was "highly offensive" would "clearly be for a jury to decide at trial, not for the Court to

14  decide at summary judgment.").

15         **4.      Plaintiff Adams Sufficiently Stated a Claim for Invasion of Privacy**

16                 **Under Missouri Law**

17         Zillow's argument against Plaintiff Adams' invasion of privacy claim under Missouri

18  common law is that she had no "reasonable expectation of privacy" and Zillow engaged in no

19  "highly objectionable conduct."  Mot. at 29.  However, Plaintiff alleged Zillow procured Session

20  Replay Providers to surreptitiously track her communications despite a reasonable expectation of

21  privacy.  *See, e.g.*, CAC ¶¶ 27–32, 34, 48.  Furthermore, Zillow cannot take refuge in any privacy

22  policy putting users on notice of the reasonable expectation of privacy, because the Session Replay

23  Code commences "immediately on the visitor's web browser when the visitor loads a website in

24  their browser," and there is no alert or any box or link that the visitor must click, such that "a

25  reasonable person could browse for properties on Zillow's website without ever being on notice

26  of the purported Privacy Policy," thus, obviating any implication of consent based on Defendant's

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 24

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

"Terms and Privacy" posting on its website.  CAC ¶¶ 68, 98; s*ee also, e.g*., *Selah*, 562 F. Supp. 3d at 525 (citing *Hill v. NCAA*, 865 P.2d 633, 648 (1994)) (plaintiff in an invasion of privacy case must have conducted himself or herself in a manner consistent with an actual expectation of privacy, *i.e*., he or she must not have manifested by his or her conduct a voluntary consent to the invasive actions of defendant); *see also Byars*, 2023 WL 1788553, at *3.

Zillow's conduct also rises to the level of being highly offensive to a reasonable person. Defendant's act of concealment, for the purpose of surreptitiously wiretapping website visitors, combined with non-stop real time recording of every movement of one's visit to its website, is objectively highly offensive conduct.  *See, e.g.*, *Google Cookie*, 806 F.3d at 151 (finding defendant's conduct "highly offensive" where the defendant's conduct was surreptitious).  Adams did not access Zillow's website with knowledge that her every move would be recorded in real time and transmitted to Microsoft and other third-parties.  Reading all allegations in a light favorable to Plaintiff, Plaintiff Adams has plausibly alleged a claim for invasion of privacy.

### H.    Plaintiffs' State Consumer Protection Law Claims Should Not Be Dismissed

Zillow's arguments fail to recognize that Plaintiffs' claims are not merely based on fraudulent conduct, and the unfair business practices described in the amended complaint are not dependent on a theory of fraud.  *See* Mot. at 30–31.  Both the Illinois and Missouri consumer protection claims (ICFA and MMPA respectively) permit theories based in fraud as well as a much broader category of conduct, including any business practices deemed unfair or deceptive.  *See Huch v. Charter Commc'ns, Inc.*, 290 S.W.3d 721, 724 (Mo. 2009) (quoting *State ex rel. Webster v. Areaco Inv. Co.*, 756 S.W.2d 633, 635 (Mo. Ct. App. 1988)) ("'[MMPA] does not define deceptive practices; it simply declares unfair or deceptive practices unlawful.  This was done to give broad scope to the meaning of the statute and to prevent evasion because of overly meticulous definitions.'"); *Jackson v. Payday Fin., LLC*, 79 F. Supp. 3d 779, 788 (N.D. Ill. 2015) ("The ICFA 'is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 25

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   practices.  It is to be liberally construed to effectuate its purpose.'").

2          Plaintiffs have alleged that Defendant's omissions with regard to its data sharing practices

3   are deceptive and constitute an "unfair" business practice under both statutes.  CAC ¶¶ 198–99,

4   252–56.  Moreover, because Plaintiffs' claims are based on Defendant's omissions, the allegations

5   are subject to a more relaxed pleading standard than typical fraud claims.  *Chandler v. Zinus, Inc*.,

6   No. 3:2-cv-265-DWD, 2022 WL 2104516 (S.D. Ill. June 10, 2022); *Hess v. Chase Manhattan*

7   *Bank, USA, N.A.*, 220 S.W.3d 758, 774 (Mo. 2007) ("Proof of omission or concealment of a

8   material fact under the [M]MPA, therefore, plainly requires less proof than was required to prove

9   the comparable elements of [a] common law fraud claim.").  Nonetheless, to the extent that

10  Plaintiffs' claims are based on fraudulent conduct, both claims conform to Rule 9(b)'s heightened

11  pleading standards.  *See Craggs v. Fast Lane Car Wash & Lube, L.L.C.*, 402 F. Supp. 3d 605, 611

12  (W.D. Mo. 2019) (explaining that "Rule 9(b) is intended to provide the defendant with adequate

13  notice of the claim and protect it from baseless claims, but the degree of specificity that is required

14  may depend on the nature of the fraud alleged") (citing *United States ex rel. Thayer v. Planned*

15  *Parenthood of the Heartland*, 765 F.3d 914, 918 (8th Cir. 2014)).

16         Plaintiffs' claims are supported by specific facts that describe: (1) Defendant's

17  unscrupulous data sharing practices and its omissions and/or concealment of such practices; (2)

18  Plaintiffs' lack of awareness as to these practices, explaining they would not have used

19  Defendant's website had they been aware of such practices; (3) the location of the omissions on

20  Defendant's Website; and (4) the nature of the omissions and Defendant's motive for concealing

21  material information about its website.  CAC ¶¶ 22–25, 191–205, 255–57.  Based on the foregoing,

22  and for the reasons explained below, Plaintiffs' claims should be upheld.

23         **1.      Plaintiffs Have Adequately Alleged Defendant Violated the Illinois**

24                 **Consumer Fraud and Deceptive Business Practices Act ("ICFA")**

25         The ICFA "is a regulatory and remedial statute intended to protect consumers, borrowers,

26  and business persons against fraud, unfair methods of competition, and other unfair and deceptive

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 26

business practices." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002). "The elements of a claim under ICFA are: (1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010). Plaintiffs have adequately pled each of these elements.

First, Zillow's omissions regarding its data sharing practices are a deceptive and/or unfair practice because the method of collecting user data was invisible to users, and if Plaintiff and Class Members were aware their data was shared with third-parties, they would not have used Defendant's Website. CAC ¶¶ 193, 198–200. Second, Zillow intended Plaintiff and Class Members rely on its omissions, because a reasonable consumer would not suspect that Defendant was invisibly and secretively sharing everything Plaintiff and Class Members communicated on Defendant's site with unknown third-parties. *Id.* ¶¶ 200–01. Third and finally, the omission occurred during a course of conduct involving trade or commerce by virtue of Zillow's business of advertising, offering for sale, and sale of real estate on www.zillow.com. *Id.* ¶¶ 197, 202. Defendants make no argument as to the listed elements of Plaintiffs' ICFA claim besides the standard of pleading, which has already been addressed above, and therefore, Plaintiffs' claim should be upheld.

Plaintiffs have met their burden and need not allege any injury further than the loss of the benefit of their bargain. The loss of benefit of the bargain, clearly laid out in the Complaint, is generally held as sufficient for actual damages. F.R.C.P. 12(b)(6); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 740 (7th Cir. 2014). Moreover, Plaintiffs have alleged they suffered a loss of value of their personal data as a result of Zillow's unauthorized collection and distribution of their data. CAC ¶¶ 22–26, 203 (alleging Zillow's conduct deprived Plaintiffs and Class Members of the monetary value of their data). Plaintiffs need not provide a specific damages model at this stage of litigation.

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT - 27

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

### 2. Plaintiffs Have Adequately Alleged Defendant Violated the Missouri Merchandising Practices Act (MMPA)

The Missouri Merchandising Practices Act ("MMPA") defines an "unfair practice" as any practice that "[o]ffends any public policy as it has been established . . . or [i]s unethical . . . [and] [p]resents a risk of, or causes, substantial injury to consumers." Mo. Ann. Stat. § 60-8.020. Plaintiff Adams has adequately alleged a claim for damages under § 407.025 of the MMPA and has plausibly pled each element of that claim. *See* CAC ¶¶ 22–26, 241–62 (alleging that (1) the website is used in conjunction with the purchase of services, (2) the website is primarily for personal or household purposes, (3) Plaintiffs and members of the purported Class suffered an ascertainable loss, and (4) the loss was as a result of an act made unlawful by the MMPA); *see also Hess*, 220 S.W.3d at 773.

Moreover, a technical showing of a specific dollar amount of damages is not required to maintain an MMPA claim at the pleadings stage. *May v. Makita U.S.A., Inc.*, No. 1:22-CV-79-SNLJ, 2023 WL 417487, at *5 (E.D. Mo. Jan. 26, 2023). Plaintiff need only allege they did not receive the benefit of their bargain, and they have fulfilled this requirement. CAC ¶¶ 256, 260. Moreover, Plaintiffs have alleged they suffered a diminution of the value of their personal data, which has an ascertainable monetary value, as a result of Zillow's unauthorized collection and dissemination of their data. *Id.* ¶¶ 22–26, 260.

### IV. THE COURT SHOULD STRIKE ZILLOW'S EXHIBITS A AND B

Plaintiffs request the Court strike Zillow's Exhibits A and B to its Motion to Dismiss, purporting to attach the applicable Privacy Policy and Terms of Use, and also, Zillow's references to that policy in its Motion. A motion to strike is appropriate where the material at issue is "irrelevant" and "has no possible bearing on the litigation's subject matter." *Adamson v. Pierce Cnty.*, No. 3:21-cv-05592-BHS, 2023 WL 4296383, at *2 (W.D. Wash. June 30, 2023). Here, Zillow extensively relies on a Terms of Use and Privacy Policy put in place after the litigation

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT - 28

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

began to claim Plaintiffs previously consented to the use of Clarity and lacked a reasonable expectation of privacy.  Mot. at 11, 13–14, 26.

Zillow's claim should be rejected, and the Terms of Use and Privacy Policy stricken as exhibits.  Both the Terms of Use and Privacy Policy Zillow relies on were not enacted until *after* Plaintiffs first filed their initial actions and, thus, are irrelevant to the claims and defenses in this case.  Each Plaintiff filed his or her initial complaint between September and December 2022, and those complaints were later consolidated here.  *See* Dkt. #33 at 3–5 (listing related actions and granting a joint stipulation to consolidate the actions before the Court).  However, the Zillow Terms of Use and Privacy Policy Zillow attaches has an "*[e]ffective [d]ate*" of "January 2023." *See* Mot. Ex. B at 1.  Likewise, the Terms of Use Zillow attaches has an "*[u]pdated*" date of "September 23, 2022."  *See* Mot. Ex. A at 1.

The Privacy Policy and Terms of Use Zillow relies on was, thus, not in effect when certain Plaintiffs allege they were surreptitiously recorded.  Plaintiffs could not have viewed the policy or relied on it when navigating Zillow's website.  Contrary to Zillow's claims, the Terms of Use and Privacy Policy in place beforehand excluded any information about the use of session replay technology.  *See Terms of Use*, Zillow.com (Sept. 10, 2022) (attached as Exhibit 1; *see also*, *Privacy Policy*, Zillow.com (Mar. 7, 2022) (attached as Exhibit 2).[8]  Indeed, Zillow highlights for the Court the relevant paragraphs in its new Terms of Use and Privacy Policy that supposedly put Plaintiffs on notice of the use of session replay.  Mot., Ex. B., at 2-3.  Yet, none of those provisions exist in the policy that was actually in place at the time Plaintiffs were navigating Zillow's website and their information was improperly acquired by Clarity.

---

[8]  Likewise, there was no update to the Zillow Terms of Use between January 12, 2021 and September 2022, therefore the applicable Terms of Use is attached as Exhibit 1.  *See*, *Zillow Terms of Use as archived on Waybachmachine.com* (last visited July 31, 2023) (https://web.archive.org/web/20220910164 327/https://www.zillowgroup.com/terms-of-use/).  Likewise, there was no update to the Zillow Privacy Policy between March 7, 2022 and January 2023.  *See* Exhibit 2.  *See Zillow Privacy Policy as archived on Waybachmachine.com* (last visited July 31, 2023), (https://web.archive.org/web/20220801210 928/https://www.zillowgroup.com/zg-privacy-policy/).

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 29

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    Consequently, the exhibits Zillow attaches to its Motion has no bearing on the issues of

2    consent or expectation of privacy or any other issue.  The Court should strike Exhibit A and Exhibit

3    B and Zillow's references to those Exhibits in its Motion to Dismiss.

4                              **V.    CONCLUSION**

5    For the foregoing reasons, the Court should deny Zillow's Motion in its entirety.[9]

6    DATED: July 31, 2023                   Respectfully submitted,

                                           */s/ Joseph P. Guglielmo*
7                                          Joseph P. Guglielmo (admitted *pro hac vice*)
                                           **SCOTT+SCOTT ATTORNEYS**
8                                          **AT LAW LLP**
                                           The Helmsley Building
9                                          230 Park Avenue, 17th Floor
                                           New York, NY 10169
10                                          Telephone: 212-223-6444
                                           Facsimile:  212-223-6334
11                                          jguglielmo@scott-scott.com
12

13                                          */s/ Gary F. Lynch*
                                           Gary F. Lynch
14                                          (admitted *pro hac vice*)
                                           **LYNCH CARPENTER, LLP**
15                                          1133 Penn Avenue, 5th Floor
                                           Pittsburgh, PA 15222
16                                          Telephone: 412-322-9243
                                           gary@lcllp.com
17

18                                          */s/ Kim D. Stephens*
                                           Kim D. Stephens, P.S., WSBA #11984
19                                          **TOUSLEY BRAIN STEPHENS PLLC**
                                           1200 Fifth Avenue, Suite 1700
20                                          Seattle, Washington 98101
                                           Telephone: 206-682-5600
21                                          Facsimile:  206-682-2992
                                           kstephens@tousley.com
22

23                                          *Counsel for Plaintiffs*

24

25   [9]     As with dismissals for failure to state a claim, dismissals for failure to plead with particularity should
      ordinarily be without prejudice; leave to amend should be granted if it appears at all possible that the plaintiff can
26   correct the defect. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003). Plaintiffs specifically request leave
      to amend if the Court determines that their Complaint lacks any necessary factual allegations.

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S                    **TOUSLEY BRAIN STEPHENS PLLC**
MOTION TO DISMISS CONSOLIDATED AMENDED                         1200 Fifth Avenue, Suite 1700
COMPLAINT  - 30                                                Seattle, Washington 98101
                                                               TEL. 206.682.5600 • FAX 206.682.2992

1

## **WORD COUNT CERTIFICATE**

2      I certify that this memorandum contains 10,516 words, in compliance with the Local Civil

3   Rules and this Court's Order of May 31, 2023.

4   DATED: July 31, 2023

5                                    */s/ Joseph P. Guglielmo*
                                  Joseph P. Guglielmo

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' OPPOSITION TO ZILLOW GROUP INC'S
MOTION TO DISMISS CONSOLIDATED AMENDED
COMPLAINT  - 31

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992