UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: ZILLOW GROUP, INC. SESSION REPLAY SOFTWARE LITIGATION<br><br>This Order Relates To: All Actions | MASTER CASE NO.<br><br>C22-1282JLR ORDER |

Before the court are the motions to dismiss filed by Defendants Zillow Group, Inc. ("Zillow") and Microsoft Corporation ("Microsoft") (together, "Defendants"). (Zillow MTD (Dkt. # 53); Microsoft MTD (Dkt. # 54).) Plaintiffs Natalie Perkins, Kenneth Hasson, Jamie Huber, David Kauffman, Ashley Popa, Jill Strelzin, Jill Adams, and Ms. Adams's minor child H.A. (together, "Plaintiffs"[1]) oppose the motions. (Zillow Resp. (Dkt. # 59); Microsoft Resp. (Dkt. # 58).) As discussed in more detail below, the court

---

[1] Former Plaintiff Ryan Margulis voluntarily dismissed his claims against Zillow and Microsoft without prejudice. (Notice (Dkt. # 57).)

ORDER - 1

ORDERS the parties to submit supplemental briefing on the question of whether Plaintiffs have standing to proceed in this lawsuit. *See D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) ("[W]hether or not the parties raise the issue, federal courts are required *sua sponte* to examine jurisdictional issues such as standing.").

To establish standing under Article III of the United States Constitution, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "To establish an injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339 (cleaned up). "Article III standing requires a concrete injury even in the context of a statutory violation." *TransUnion LLC v. Ramirez*, --- U.S. ---, 141 S. Ct. 2190, 2205 (2021) (quoting *Spokeo*, 578 U.S. at 341). It is not enough that "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right" because "an injury in law is not an injury in fact." *Id.* (cleaned up). Instead, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* (emphasis in original); *see also id*. at 2208 (named plaintiffs in a class action must establish standing "for each claim that they press and for each form of relief that they seek").

This case is one of many proposed class actions being litigated in the federal courts regarding the use of Session Replay Code to record, save, analyze, and replay

internet users' interactions with consumer websites.  (*See* Consol. Am. Compl. (Dkt. # 44) ¶¶ 1-4 (alleging that Defendants are acting in concert, using Session Replay Code, to wiretap the electronic communications of visitors to Zillow's website); Zillow MTD at 3 n.3 (citing 14 such cases brought by Plaintiffs against various corporations in districts across the country).)  In recent weeks, courts considering these cases have dismissed claims for violations of state wiretapping statutes and invasion of privacy where the named plaintiffs failed to allege that the defendants' tracking of their website interactions resulted in harm that was sufficiently concrete to confer standing.  *See, e.g.*, *Straubmuller v. JetBlue Airways Corp.*, Civil Action No. DKC 23-384, 2023 WL 5671615, at *4 (D. Md. Sept. 1, 2023) (dismissing for lack of standing where plaintiff alleged only that defendant captured his "electronic communications"); *Cook v. GameStop, Inc.*, --- F. Supp. 3d ---, 2:22-cv-1292, 2023 WL 5529772, at *3-4 (W.D. Pa. Aug. 28, 2023) (holding that allegations that defendant intercepted data regarding "mouse movements, clicks, keystrokes (such as text being entered into an information field or text box), URLs of web pages visited, and/or other electronic communications in real time" did not rise to the level of concrete harm); *Lightoller v. Jetblue Airways Corp.*, No. 23-CV-00361-H-KSC, 2023 WL 3963823, at *4 (S.D. Cal. June 12, 2023) (concluding that allegations that defendant monitored and recorded plaintiff's interactions on the website and that plaintiff obtained information on flight pricing were insufficient to confer standing).  These courts have required plaintiffs in Session Replay Code cases to plead that the defendants' interception of their information amounts to "an invasion of privacy interests that have been historically protected" to satisfy the injury-in-fact

ORDER - 3

element of Article III standing.  *Cook*, 2023 WL 5529772, at *4 (citing *TransUnion*, 141 S. Ct. at 2204); *see also Mikulsky v. Noom, Inc.*, No. 3:23-CV-00285-H-MSB, 2023 WL 4567096, at *5 (S.D. Cal. July 17, 2023) ("To survive a motion to dismiss, a plaintiff must identify the 'specific personal information she disclosed that implicates a protectable privacy interest.'" (quoting *Byars v. Sterling Jewelers, Inc.*, Case No. 5:22-CV-01456-SB-SP, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023))); *Massie v. Gen. Motors LLC*, Civil Action No. CV 21-787-RGA, 2022 WL 534468, at *5 (D. Del. Feb. 17, 2022) ("I agree that Plaintiffs have a legally cognizable interest in controlling their personal information and that intrusion upon that interest would amount to a concrete injury.  The fact of the matter remains, however, that none of Plaintiffs' personal information is implicated by the allegations they make.").

Here, the types of information that Defendants allegedly intercepted while Plaintiffs used Zillow's website varies by Plaintiff.  (*See* Consol. Am. Compl. ¶¶ 71-78.)  For example, Ms. Perkins alleges that she "has entered personal and financial information, such as name, address, date of birth, phone number, credit score range, current loans, and estimates of loans into text fields and Zillow questionnaires." (*Id.* ¶ 71.)  Mr. Kauffman alleges that he has used the website to "search homes he [sic] by zip code, by home type, to update information regarding his owned [sic] claimed properties such as, adding square footage, home improvements made to the property to increase its value, submit offers to purchase properties, and has entered personal and [sic] information, such as name, address, and phone number into text fields." (*Id.* ¶ 74.)  Ms.

Adams and H.A., meanwhile, allege only that they have "substantively engaged with Zillow's website and [have] entered information into text fields." (*Id.* ¶ 77.)

Thus, mindful of its duty to examine its jurisdiction, and in light of the "increasing number of courts that have found that the type of conduct pled [in Session Replay Code cases] does not amount to a sufficiently concrete harm to confer standing," *see Cook*, 2023 WL 5529772, at *1, the court ORDERS the parties to submit supplemental briefing regarding whether each named Plaintiff has standing to pursue his or her claims in this case. The parties shall address whether Defendants' alleged interception of the information entered by each Plaintiff amounts to "an invasion of privacy interests that have been historically protected" as required to allege an injury-in-fact. *Id.* at *4. Plaintiffs' brief shall be no more than 3,000 words in length and shall be filed by no later than **September 18, 2023**. Defendants' response to Plaintiffs' brief shall be no more than 3,000 words in length and shall be filed by no later than **September 25, 2023**. No replies shall be filed unless requested by the court. The Clerk is DIRECTED to renote the pending motions to dismiss (Dkt. ## 53-54) for September 25, 2023.

Dated this 11th day of September, 2023.

JAMES L. ROBART
United States District Judge