The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

|  |  |
|---|---|
| *In Re: Zillow Group, Inc. Session Replay Software Litigation*,<br><br>This Document Refers to: All Actions | NO.    2:22-cv-01282-JLR<br><br>**ZILLOW GROUP, INC.'S SUPPLEMENTAL BRIEF ADDRESSING PLAINTIFFS' ARTICLE III STANDING**<br><br>NOTE ON MOTION CALENDAR: September 25, 2023<br><br>ORAL ARGUMENT REQUESTED |

In its Motion to Dismiss, Zillow demonstrates Plaintiffs' inability to allege damages required to support their claims, among other pleading failures.  The Court has now ordered the parties "to submit supplemental briefing regarding whether each named Plaintiff has [Article III] standing to pursue his or her claims in this case.  The parties shall address whether Defendants' alleged interception of the information entered by each Plaintiff amounts to 'an invasion of privacy interests that have been historically protected' as required to allege an injury-in-fact." (Dkt. 64, at 5 (quoting *Cook v. GameStop, Inc.*, -- F. Supp. 3d. --, 2023 WL 559772, at *1 (W.D. Pa. Aug. 28, 2023)) (the "Order").)

When given the opportunity to amplify their allegations, Plaintiffs ignored the Court's directive, instead arguing, in effect, that the Supreme Court got it wrong in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), and that statutory violations without a concrete harm are

sufficient to confer standing.  Plaintiffs are incorrect on both counts.  They have not sufficiently alleged damages and thus lack both the injury-in-fact and Article III standing required for their claims to survive.  Dismissal with prejudice should follow.

## ARGUMENT[1]

As the Order observes, each Plaintiff alleges inputting different types of information into Zillow's website.  The Court's fundamental question is whether that Plaintiff-specific information constitutes an invasion of historically protected privacy interests sufficient to establish Article III standing.  That information, and the answers, are summarized below.

| Plaintiff/State | Personal Information Allegedly Intercepted | Invasion of Historically Protected Privacy Interest? |
|---|---|---|
| Natalie Perkins/ South Carolina[2] | Name, address, date of birth, phone number, credit score range, current loans, and estimates of loans. (Am. Compl., ¶ 71) | No. |
| Kenneth Hasson/ Pennsylvania | Name, address, date of birth, phone number, credit card, and "other financial information."  (Am. Compl., ¶ 72) | No. |
| Jamie Huber/ Pennsylvania | Name, address, date of birth, phone number, credit score range, current loans, and estimates of loans. (Am. Compl., ¶ 73) | No. |
| David Kauffman/ California | Information regarding owned claimed properties such as adding square footage, home improvements made to the property to increase its value, offers to purchase properties, name, address, and phone number.  (Am. Compl., ¶ 74) | No. |
| Ashley Popa/ Pennsylvania | Name, address, date of birth, phone number, credit card, and "other financial information."  (Am. Compl., ¶ 75) | No.[3] |

---

[1]    The Order identifies the standard governing Article III standing, which Zillow will not reiterate except to the extent necessary to address the Plaintiffs' particular claims.

[2]    Perkins asserts her claims under Washington law; she does not assert a claim under South Carolina law.

[3]    Plaintiff Popa cannot credibly argue that she has a reasonable expectation of privacy in this information; indeed, the Western District of Pennsylvania dismissed an identical claim in 2019, over three years ago.  She did not appeal that decision.  (Dkt. 63, at 15 n.12.)

ZILLOW'S SUPPLEMENTAL BRIEF ON STANDING – 2
No. 2:22-cv-01282-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

| Plaintiff/State | Personal Information Allegedly Intercepted | Invasion of Historically Protected Privacy Interest? |
|---|---|---|
| Jill Strelzin/ Illinois | Name, address, date of birth, phone number, credit card, and "other financial information." (Am. Compl., ¶ 76) | No. |
| Jill Adams/ Missouri | "Information." (Am. Compl., ¶ 77) | No. |
| Adams minor child H.A./ Missouri | "Information." (Am. Compl., ¶ 78) | No. |
| All Plaintiffs | Mouse movements, finger swipes, clicks, keystrokes, and URLs of subdomains visited on Zillow.com. (Am. Compl., ¶ 1) | No. |

As discussed below, the types of information Plaintiffs allege Zillow intercepted – to the extent they even identify that information – do not fall within the zone of historically protected privacy interests under the relevant states' laws. (*See* Dkt. 53 at 25-29.)

## I.   Plaintiffs Lack Standing.

Plaintiffs do not address "whether Defendants' alleged interception of the information entered by each Plaintiff amounts to 'an invasion of privacy interests that have been historically protected' as required to allege an injury-in-fact." (Dkt. 64 at 5.) Plaintiffs instead rely on cases pre-dating *TransUnion* to support their argument that a statutory violation by itself, without any inquiry into the purported privacy interests allegedly invaded, confers Article III standing. (*Id.* at 3, 5.) This argument is not persuasive – as this Court's Order recognized, courts across the country have rejected it. *See, e.g., Adams v. PSP Group, LLC*, 2023 WL 5951784, at *6 (E.D. Mo. Sept. 13, 2023); *Straubmuller v. Jetblue Airways Corp.*, 2023 WL 5671615, at *2 (D. Md. Sept. 1, 2023); *Cook v. GameStop, Inc.*, 2023 WL 5529772, at *3 (W.D. Pa. Aug. 28, 2023); *Lightoller v. Jetblue Airways Corp.*, 2023 WL 3963823, at *3 (S.D. Cal. June 12, 2023); *Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, at *4 (C.D. Cal. Apr. 5, 2023), judgment entered, 2023 WL 3016225 (C.D. Cal. Apr. 5, 2023), reconsideration denied, 2023 WL 4195768 (C.D.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

Cal. May 18, 2023); *Massie v. Gen. Motors LLC*, 2022 WL 534468, at *3–5 (D. Del. Feb. 17, 2022).[4]

Plaintiffs argue that their "standing does not entail a qualitative assessment of the sensitivity of the communications allegedly intercepted." (Dkt. 65 at 4.)  That, in effect, requires the Court to start and end its jurisdictional inquiry with a cursory review of the statutory violation Plaintiffs pled.  Under their theory, if the statute protects a harm that has been actionable at common law, then the Court should be satisfied that Plaintiffs have standing.[5]  This circular argument runs directly counter to the Supreme Court's explanation that a "legislature's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III."  *Lightoller*, 2023 WL 3963823, at *3 (citing *TransUnion*, 141 S. Ct. at 2205).

## II.     The Relevant States' Laws.

### A.      Washington.[6]

To state a claim for invasion of privacy-intrusion upon seclusion under Washington law, Plaintiffs must allege: (1) an intentional intrusion, physically or otherwise, upon the solitude or seclusion of plaintiff, or his private affairs; (2) with respect to the matter or affair which plaintiff claims was invaded, that plaintiff had a legitimate and reasonable expectation of privacy; (3) the intrusion would be highly offensive to a reasonable person; and (4) the defendant's conduct was

---

[4]     Many of Plaintiffs' counsel here are counsel of record in these cases.  *E.g., Adams v. PSP Group, LLC*, 2023 WL 5951784 (E.D. Mo. Sept. 13, 2023) (Chestnut Cambronne PA and Consumer Protection Legal); *Straubmuller v. Jetblue Airways Corp.*, 2023 WL 5671615 (D. Md. Sept. 1, 2023) (Freed Kanner London & Millen LLC); *Cook v. GameStop, Inc.*, 2023 WL 5529772 (W.D. Pa. Aug. 28, 2023) (Lynch Carpenter).

[5]     As the *Cook* court put it, "Ms. Cook is saying that the Court should analogize the harm under the wiretapping statute ... to a violation of the wiretapping statute…. Under Ms. Cook's argument, then, the Court's analysis should begin and end with the statutory violation."  *Cook*, 2023 WL 5529772, at *3.

[6]     Plaintiffs allege Washington law applies to all of their claims.  Nonetheless, Zillow will also address these privacy claims under the other applicable states' laws.

ZILLOW'S SUPPLEMENTAL BRIEF ON STANDING – 4
No. 2:22-cv-01282-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

a proximate cause of plaintiff's damage. *Buckley v. Santander Consumer USA, Inc.*, 2018 WL 1532671, at *7 (W.D. Wash. Mar. 29, 2018) (citation omitted).

No Washington court has recognized disclosure or collection of digital data as a "highly offensive" intrusion upon seclusion, and other courts "have consistently refused to characterize the disclosure of common, basic digital information to third parties as serious or egregious violations of social norms." *In re Google, Inc. Priv. Policy Litig.*, 58 F. Supp. 3d 968, 985 (N.D. Cal. 2014). Moreover, courts around the country "have characterized the collection and disclosure of such data as 'routine commercial behavior.'" *McCoy v. Alphabet, Inc.*, 2021 WL 405816, at *7 (N.D. Cal. Feb. 2, 2021) (citation omitted).

**B.   Pennsylvania.**

To state a claim for invasion of privacy-intrusion upon seclusion under Pennsylvania law, Plaintiffs Popa and Huber must allege that Zillow "intentionally intrude[d], physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns," and that "the intrusion would be highly offensive to a reasonable person." *Popa v. Harriet Carter Gifts, Inc.*, 426 F. Supp. 3d 180, 120 (W.D. Pa. 2019).[7] To give rise to an actionable claim, an invasion must be "of the sort which would cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Id.* at 122 (citing *Chicarella v. Passant*, 494 A.2d 1109, 1114 (Pa. Super. Ct. 1985)) (emphasis omitted). Conduct must be "extreme" to establish an invasion of privacy claim. *Id.* Whether a plaintiff sufficiently alleged extreme conduct that is highly objectionable to a reasonable person is an appropriate determination at the motion-to-dismiss stage. *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 295, n. 205 (3d Cir. 2016).

"Highly objectionable" conduct is a high bar, which applies equally in the digital realm. The district court in *Popa* held that a defendant's alleged use of session replay code does not give rise to an actionable claim for intrusion upon seclusion under Pennsylvania law. 426 F. Supp.

---

[7]   Neither the district court nor the appellate court in *Popa* analyzed standing. *See Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121 (3d Cir. 2022).

ZILLOW'S SUPPLEMENTAL BRIEF ON STANDING – 5
No. 2:22-cv-01282-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

3d at 122.[8]  The court found this conduct was "simply not the type of highly offensive act to which liability can attach," and dismissed the intrusion upon seclusion claim.  *Id.*

**C.     Illinois.**

To state a claim for invasion of privacy-intrusion upon seclusion under Illinois law, four requirements must be met: (1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) the intrusion must be offensive or objectionable to a reasonable person; (3) the matter upon which the intrusion occurs must be private; and (4) the intrusion must cause anguish and suffering.  *Melvin v. Burling*, 490 N.E.2d 1011, 1011 (Ill. 3d Dist. 1986).  The Illinois Supreme Court has cited the Restatement (Second) of Torts' definition of intrusion upon seclusion with approval.  *Lawlor v. North Am. Corp. of Illinois*, 983 N.E.2d 414, 424 (Ill. 2012).

**D.     Missouri.**

To state a claim for invasion of privacy-intrusion upon seclusion under Missouri law, the Adams Plaintiffs must allege "(1) the existence of a secret and private subject matter; (2) a right possessed by plaintiff to keep that subject matter private; and (3) the obtaining of information about the subject matter by defendant through some method objectionable to the reasonable" person.  *Corcoran v. Sw. Bell Tel. Co.*, 572 S.W.2d 212, 215 (Mo. Ct. App. 1978) (citation omitted).  A plaintiff must demonstrate a "reasonable expectation of privacy" over such information.  *Sutherland v. Massa*, 2010 WL 11545751, at *2 (W.D. Mo. Sept. 16, 2010); *see also Adams*, 2023 WL 5951784, at *8 (dismissing Plaintiff Adams' identical claims because "Plaintiff's factual allegations," which were similarly lacking, "simply do not rise to the level of concrete harm.").

---

[8]     Just as she does here, Plaintiff Popa alleged in that case that the third-party vendor's session replay code tracked consumers' "every keystroke and mouse click" and logged consumers' IP addresses, names, residential addresses, and email addresses while they browsed defendant's website, even if they did not make a purchase.  426 F. Supp. 3d at 122.  *See* n.4, above.  Notably, in both cases, Plaintiff Popa has been represented by Lynch Carpenter.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

III.   **The Allegedly Intercepted Information Does Not Fall Within An Historically Protected Privacy Interest.[9]**

Plaintiffs Perkins, Hasson, Huber, Kauffman, Popa, and Strelzin allege that they input, and Zillow intercepted, their names, addresses, dates of birth, and phone numbers.  Plaintiffs Perkins and Huber additionally allege that they input, and Zillow intercepted, their credit score range, current loans, and estimates of loans.  Plaintiff Kauffman alleges that he input, and Zillow intercepted, his homes' square footage, home improvements to increase his properties' value, and offers to purchase properties.  Plaintiffs Hasson, Popa, and Strelzin also baldly claim, without any detail, that they input, and Zillow intercepted, "credit card" information.[10]

Plaintiffs cannot reasonably maintain that they expected information they readily shared with Zillow to be private.  *See Smith v. Maryland*, 442 U.S. 735, 743-44 (1979) ("a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties.").  Further, names, addresses, and phone numbers are not "historically protected" private information.  This sort of information has been publicly available since back in the day when Pac Bell printed phonebooks.[11]  Dates of birth are publicly available as well.  *See, e.g.*, *Cooney v. Chicago Pub. Sch.*, 943 N.E.2d 23, 32 (Ill. App. Ct. 2010) ("matters of public record such as names and dates of birth have not been held to be private facts").  These are not historically protected privacy interests.  *See I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049 (N.D. Cal. 2022) (unauthorized disclosure of plaintiff's "basic contact information, including one's email address, phone number, or [website] username" not sufficient to confer Article III standing

---

[9]   The Adams Plaintiffs fail to identify what private information they allegedly disclosed.  Absent such identification, it is impossible to determine whether it falls within the scope of an historically protected privacy interest and, therefore, they have failed to allege damages or standing.  Despite multiple opportunities to plead with more detail, they have not done so.

[10]   Once again, despite multiple opportunities, they have not clarified this issue.

[11]   For those too young to remember, a "phonebook, or the white and yellow pages, is a listing of telephone subscribers in a geographical area or subscribers to services provided by the organization that publishes the directory.  Its purpose is to allow the telephone number of a subscriber identified by name and address to be found."  *See* https://en.wikipedia.org/wiki/Telephone_directory (last viewed Sept. 25, 2023).

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

because the information is not "private" and all of it was "designed to be exchanged to facilitate communication and is thus available through ordinary inquiry and observation"); *see also* Restatement (Second) of Torts § 652D, Comment b ("there is no liability for giving publicity to facts about the plaintiff's life that are matters of public record, such as the date of his birth[.]"). Current loans are likewise not "historically protected" private information – they can easily be obtained from public records.  But Plaintiffs can hardly assert a privacy interest in material that they *knowingly* and *intentionally* provided to Zillow, nor can they credibly assert that Zillow "intercepted" information that Plaintiffs intended that Zillow receive.  *See Smith*, 442 U.S. at 743-44.

Plaintiffs filed eight separate complaints, a Consolidated Amended Complaint, their Responses in Opposition to Defendants' Motions to Dismiss, and a Supplemental Brief on their standing.  If they had facts to support their allegations or to support their harms, they would have raised them by now.  Moreover, even if Plaintiffs had successfully pled the issue of standing, dismissal would still be appropriate on substantive grounds, including Plaintiffs' reliance on legal conclusions and other non-actionable allegations in the Consolidated Amended Complaint.

## **CONCLUSION**

For all of the foregoing reasons and those set forth in Zillow's Motion to Dismiss and Reply in Support, Zillow respectfully requests that this Court dismiss the Consolidated Amended Complaint in its entirety, and with prejudice.

ZILLOW'S SUPPLEMENTAL BRIEF ON STANDING – 8
No. 2:22-cv-01282-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

DATED: September 25, 2023.

I certify that this supplemental brief contains 2,438 words, in compliance with this

Court's Order of September 11, 2023.

### SAVITT BRUCE & WILLEY LLP

By _s/ James P. Savitt_
James P. Savitt, WSBA # 16847
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
Telephone: 206.749.0500
Facsimile:   206.749.0600
Email: jsavitt@sbwllp.com


### BUCHANAN INGERSOLL & ROONEY PC

Samantha L. Southall (admitted _pro hac vice_)
50 South 16th Street Suite 3200
Philadelphia, PA  19102
Telephone: 215-665-8700
Facsimile:  215-665-8760
Email: samantha.southall@bipc.com


_Attorneys for Defendant Zillow Group, Inc._

ZILLOW'S SUPPLEMENTAL BRIEF ON STANDING – 9
No. 2:22-cv-01282-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

1

2

### CERTIFICATE OF SERVICE

3
     I hereby declare under penalty of perjury under the laws of the United States of

4
America that on this date, the foregoing document was filed electronically with the Court and

5
thus served simultaneously upon all counsel of record.

6
     I declare under penalty of perjury that the foregoing is true and correct.

7
     EXECUTED on September 25, 2023.

8

9
_____
Meghan Parker

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CERTIFICATE OF SERVICE
No. 2:22-cv-01282-JLR