THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *In Re: Zillow Group, Inc. Session Replay Software Litigation*<br><br>This Document Refers to: All Actions | Master File No. 2:22-cv-01282-JLR<br><br>MICROSOFT CORPORATION'S BRIEF ON STANDING IN RESPONSE TO ORDER DATED SEPTEMBER 11, 2023<br><br>NOTE ON MOTION CALENDAR: SEPTEMBER 25, 2023<br><br>ORAL ARGUMENT REQUESTED |

MICROSOFT'S BRIEF ON STANDING
(No. 2:22-cv-01282-JLR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I.  INTRODUCTION

Plaintiffs' conclusory allegations that Microsoft intercepted their alleged website interactions with Zillow—i.e., mouse movements, clicks, keystrokes, URLs—do not plausibly plead an "invasion of privacy interests that have been historically protected." Dkt. 64 at 5. To establish Article III standing, Plaintiffs must allege facts plausibly establishing a harm bearing "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). "[I]t is not enough that 'a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right,' because 'an injury in law is not an injury in fact.'" *Cook v. GameStop, Inc.*, 2023 WL 5529772, at *3 (W.D. Pa. Aug. 28, 2023) (quoting *TransUnion*, 141 S. Ct. at 2205), *appeal filed*, No. 23-2574 (3d Cir. Aug. 29, 2023); *see also Adams v. PSP Grp., LLC*, 2023 WL 5951784, at *7 (E.D. Mo. Sept. 13, 2023). So, in *Cook*, which involved nearly identical privacy claims and the same Microsoft session replay technology, the court explained that courts "must examine the nature of the information that [defendant] allegedly intercepted and determine whether the interception of that kind of information amounts to an invasion of privacy interests that have been historically protected"—i.e., "private facts or private affairs." 2023 WL 5529772, at *4. Just as in *Cook* and *Adams*, Plaintiffs' pleading here "does not clear this threshold." *Id.* Just as the *Cook* and *Adams* plaintiffs failed to plead facts showing their private facts or affairs had been intercepted, so too have the Plaintiffs here, who rely solely on conclusory allegations and maintain that alleging a statutory violation is enough. *See generally* Dkt. 65. The Court should dismiss the action with prejudice for lack of Article III standing.[1]

---

[1] Microsoft agrees with Zillow's similar arguments in its concurrently filed brief on Article III standing. *See* Dkt. 66. Plaintiffs' Article III deficiencies also expose their inability to satisfy Rules 8 and 12(b)(6), because all that Plaintiffs have done here is offer "labels and conclusions" and a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Cook*, 2023 WL 5529772, at *10.

MICROSOFT'S BRIEF ON STANDING
(No. 2:22-cv-01282-JLR) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## II. ARGUMENT

**A.     Plaintiffs must allege historically protected privacy interests to satisfy Article III.**

Plaintiffs argue it is enough to allege a violation of state wiretapping laws because, according to them, those laws extend protections to new forms of communications, which Plaintiffs contend are subject to common law privacy protections. Dkt. 65 at 2, 4, 6. But *Cook* rightly rejected this "circular reasoning" because it "simply folds back onto a bare statutory violation, which the Supreme Court has clarified cannot be the basis for standing." 2023 WL 5529772, at *3. Instead, Plaintiffs must allege facts establishing a harm analogous to traditionally recognized torts—in this case, (1) public disclosure of private facts or (2) intrusion upon seclusion. *Id.* at *4. The former protects against unwanted disclosure of *private* facts, Restatement (Second) of Torts § 652D cmt. b (1977), while the latter, against socially unacceptable meddling in someone's *private* affairs, *see Phillips v. U.S. Customs & Border Prot.*, 74 F.4th 986, 993–94 (9th Cir. 2023). So, Plaintiffs here—as in *Cook* and *Adams*—must plead facts showing Microsoft intercepted their "private facts or private affairs." In this inquiry, "the nature of the information is paramount." *Cook*, 2023 WL 5529772, at *4.

Rather than plead any such private facts or affairs intercepted by Microsoft, Plaintiffs resort to pre-*TransUnion* cases. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020); *Eichenberger v. ESPN, Inc.*, 876 F.3d 979 (9th Cir. 2017). But *TransUnion* abrogated those cases, and they are distinguishable anyway. *Compare Facebook*, 956 F.3d at 598–99 (plaintiffs alleged Facebook profiles including employment history, and political and religious affiliations combined with off-Facebook browsing activity, contrary to privacy policy assurances); *Eichenberger*, 876 F.3d at 981 (plaintiffs alleged video viewing history secretly combined with third-party information, including photographs and other Facebook profile information), *with* Dkt. 66 at 2, *and* Dkt. 54, App. A (showing Plaintiffs here fail to plead with any specificity any private facts or affairs of theirs that Microsoft intercepted). Plaintiffs cannot avoid their pleading burden by pointing to alleged statutory violations; they must plead more.

MICROSOFT'S BRIEF ON STANDING
(No. 2:22-cv-01282-JLR) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**B.     The Adams Plaintiffs lack standing because they do not identify any text inputs.**

Microsoft agrees with Zillow that no Plaintiff has alleged private information. *See* Dkt. 66. And while this is true as to all Plaintiffs for the reasons set forth in Zillow's briefing, it is particularly obvious as to the Adams Plaintiffs, who have not identified *any* specific text they entered into the Zillow website. *See* Dkt. 54, App. A; Dkt. 66 at 2. They allege—vaguely and without any specificity—that they searched properties and "substantively engaged with Zillow's website and . . . entered information into text fields." Compl. ¶¶ 77, 78. But they have not identified what that text was and so—as with Plaintiff Adams's claims in *Adams* and the plaintiff's claims in *Cook*—the Court cannot "examine the nature" of the information Microsoft allegedly intercepted. *Cook*, 2023 WL 5529772, at *4; *see also Adams*, 2023 WL 5951784, at *7. And the Adams Plaintiffs here fail to identify *any* personally identifying information at all: "Not [their] name. Not [their] address. Not [their] credit card information. Nothing that could connect [their] browsing activity to *[them]*." 2023 WL 5529772, at *4; *Adams*, 2023 WL 5951784, at *7 (same); *see also Jones v. Bloomingdales.com*, 2023 WL 6064845, at *2 (E.D. Mo. Sept. 18, 2023) (dismissing for same reasons "as [in] *Adams*"); *Massie v. Gen. Motors LLC*, 2022 WL 534468, at *2 (D. Del. Feb. 17, 2022) (dismissing where plaintiffs alleged only website browsing); *Lightoller v. Jetblue Airways Corp.*, 2023 WL 3963823, at *4 (S.D. Cal. June 12, 2023) (same). The Adams Plaintiffs do not allege private facts or affairs, so the Court cannot even begin to assess whether the nature of the unidentified information qualifies in the first instance. On this basis, alone, the Court should dismiss these Plaintiffs' claims.

**C.     All Plaintiffs fail to allege that Microsoft intercepted their private communications.**

In addition, all the Plaintiffs' claims fail for lack of standing because they do not allege facts plausibly showing that Microsoft intercepted their private facts or affairs. This is so because even if any Plaintiff had sufficiently alleged private communications (and Microsoft agrees with

MICROSOFT'S BRIEF ON STANDING
(No. 2:22-cv-01282-JLR) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Zillow that they have not, Dkt. 66[2]), Plaintiffs admit Microsoft's Clarity service masks text inputs such that Microsoft never collects them. *See* Dkt. 54 at 3-4, 24-25, 30-31, Ex. 2 (incorporated by reference to the Complaint, defining "sensitive content" masked by default to "include[] all input box content"); Dkt. 62 at 11, 15-16. This applies to all the Plaintiffs, who do not dispute this or allege that Zillow changed those settings. *See* Dkt. 65 (Plaintiffs' Article III brief fails to mention masking). As such, there is simply no plausible basis on which to infer that Microsoft intercepted "private" communications of any of the Plaintiffs. The Court should dismiss the Complaint for lack of Article III standing for this reason, too.

### III.   CONCLUSION

For these reasons and those stated in Zillow's Article III brief, the Court should dismiss with prejudice the Complaint (which already represents an amended complaint) for lack of Article III standing.

---

[2] *See also* Dkt. 54 at 30-31 (Plaintiffs lack reasonable expectation of privacy); Dkt. 62 at 5, 14-15 (same).

MICROSOFT'S BRIEF ON STANDING
(No. 2:22-cv-01282-JLR) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

DATED: September 25, 2023

I certify that this brief contains 1,250 words, in compliance with the Local Civil Rules and this Court's Order of September 11, 2023.

By: */s/ Nicola C. Menaldo*
Nicola C. Menaldo, Bar No. 44459
Anna Mouw Thompson, Bar No. 52418
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
NMenaldo@perkinscoie.com
AnnaThompson@perkinscoie.com

James G. Snell, Bar No. 173070
**Perkins Coie LLP**
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300
Facsimile: +1.650.838.4350
JSnell@perkinscoie.com

*Attorneys for Defendant Microsoft Corporation*

MICROSOFT'S BRIEF ON STANDING
(No. 2:22-cv-01282-JLR) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000