THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *In Re: Zillow Group, Inc. Session Replay Software Litigation*<br><br>This Document Refers to: All Actions | Master File No. 2:22-cv-01282-JLR<br><br>MICROSOFT CORPORATION'S SUPPLEMENTAL BRIEF IN RESPONSE TO ORDER DATED OCTOBER 30, 2023<br><br>NOTE ON MOTION CALENDAR: NOVEMBER 17, 2023<br><br>ORAL ARGUMENT REQUESTED |

MICROSOFT'S BRIEF IN RESPONSE TO
OCTOBER 30, 2023 ORDER
(NO. 2:22-CV-01282-JLR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I. INTRODUCTION

*Jones v. Ford Motor Co.*, --- F.4th ---, No. 22-35477, 2023 WL 7097365 (9th Cir. Oct 27, 2023), confirms that the Plaintiffs here lack Article III standing because, unlike the plaintiffs in *Jones*, they do not allege Microsoft intercepted or recorded their "private" communications. Additionally, *Jones* confirms that statutory standing under the Washington Privacy Act ("WPA") requires injury beyond Article III's bare minimum "pleading floor." Just as in *Jones*, none of the Plaintiffs here pleads facts plausibly alleging injury that meet the heightened statutory injury standard. For this reason, too, Plaintiffs' WPA claims should be dismissed.

## II. BACKGROUND

### A. Procedural History

Microsoft and Zillow filed motions to dismiss Plaintiffs' Consolidated Class Action Complaint on June 6, 2023. Dkts. 53 & 54. After those motions were fully briefed, the Court ordered the Parties to submit supplemental briefing on whether Plaintiffs had pleaded injury-in-fact sufficient to confer Article III jurisdiction. Dkt. 64. Each party then filed supplemental briefs on this topic. Dkts. 65 (Plaintiffs), 66 (Zillow), 67 (Microsoft). Shortly after, on October 27, 2023, the Ninth Circuit issued *Jones*, in which it affirmed the district court's decision dismissing WPA claims for lack of statutory standing, not lack of Article III standing. This Court subsequently ordered the Parties to submit supplemental briefing regarding the impact of *Jones* on Defendants' pending motions to dismiss. Dkt. 68.

### B. The *Jones v. Ford* decision

In *Jones*, the plaintiffs alleged that Ford Motor Company violated the WPA by allegedly making surreptitious recordings of their private text messages and call logs while their cell phones were connected to the integrated infotainment systems in Ford vehicles. 2023 WL 7097365 at *1. Ford removed the action to federal court, then moved to dismiss because, among other things, plaintiffs had not pleaded an injury to their person, property, or reputation, as

MICROSOFT'S BRIEF IN RESPONSE TO
OCTOBER 30, 2023 ORDER
(No. 2:22-cv-01282-JLR) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  required by the WPA. *Id.* at *2. The district court agreed that plaintiffs failed to allege statutory

2  injury under the WPA. *Id.* at *2.

3        Plaintiffs appealed and sought remand, arguing that, by seeking dismissal for lack of

4  statutory injury, Ford "self-rebutted the assertion of Art. III jurisdiction." *Id.* The Ninth Circuit

5  rejected this argument, holding "the injury-in-fact prong of Article III standing and the merits of

6  a WPA claim are separate inquiries." *Id.* Article III, it explained, creates a "pleading floor,"

7  whereas "[a] particular cause of action may require more." *Id.* It then evaluated the alleged facts

8  in the complaint—that "the vehicle's system downloads all text messages and call logs from

9  Plaintiffs' cellphones as soon as they are connected" and "the infotainment system permanently

10 stores the private communications without Plaintiffs' knowledge or consent"—to find that the

11 plaintiffs "plausibly articulate[d] an Article III injury because they claim[ed] violation of a

12 substantive privacy right." *Id.* at *3 (citations omitted). The Ninth Circuit then affirmed the

13 district court, holding that the plaintiffs failed to plead statutory injury under the WPA because

14 they had not pleaded injury to their person, property, or reputation. *Id.*

### III.   ARGUMENT

**A.   Under *Jones*, Plaintiffs lack Article III standing.**

17       *Jones* supports dismissing Plaintiffs' claims for lack of Article III jurisdiction. The

18 Supreme Court squarely held in *TransUnion* that to meet Article III injury-in-fact requirements,

19 a plaintiff must allege facts plausibly establishing a harm bearing "a close relationship to harms

20 traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion LLC*

21 *v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). As Microsoft and Zillow argued in the last round of

22 briefing—and as this Court held in *Popa v. PSP Group*—merely alleging a violation of a privacy

23 statute is not enough. *See* Dkt. 67 ("Msft. Suppl. Br.") at 1 (citing *Transunion*, 141 S. Ct. at

24 2204); Dkt. 66 at 1-2; *Popa v. PSP Group, LLC*, 2023 WL 7001456, at *2-3 (W.D. Wash. Oct.

25 24, 2023). Rather, as *Cook v. Gamestop, Inc.* held in a case involving the very technology at

26 issue here, courts "must examine the nature of the information that [the defendant] allegedly

MICROSOFT'S BRIEF IN RESPONSE TO
OCTOBER 30, 2023 ORDER
(No. 2:22-cv-01282-JLR) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

intercepted and determine whether the interception of that kind of information amounts to an invasion of privacy interests that have been historically protected"—i.e., "private facts or private affairs." 2023 WL 5529772, at *4 (W.D. Pa. Aug. 28, 2023); *see also Popa*, 2023 WL 7001456 at *3 (citing *Cook*); *Adams v. PSP Grp., LLC*, 2023 WL 5951784, at *7 (E.D. Mo. Sept. 13, 2023) (same); *Jones v. Bloomingdales.com, LLC*, 2023 WL 6064845, at *1 (E.D. Mo. Sept. 18, 2023) (dismissing similar claims related to session replay technology because plaintiff failed to sufficiently allege an injury-in-fact to confer Article III standing); *Farst v. AutoZone, Inc.*, 2023 WL 7179807, at *2-6 (M.D. Pa. Nov. 1, 2023) (same). In this inquiry, "the nature of the information is paramount." *Cook*, 2023 WL 5529772, at *4; *see also* Msft. Suppl. Br. at 2.

Microsoft showed in its last supplemental brief that none of the Plaintiffs' alleged harm here is analogous to harms protected by traditionally recognized torts, such as public disclosure of private facts or intrusion upon seclusion, which would require that plaintiffs plead facts showing that Microsoft intercepted their private facts or private affairs. Msft. Suppl. Br. at 2. The Adams Plaintiffs did not allege this because they claimed only that they searched properties and "substantively engaged with Zillow's website and . . . entered information into text fields." Compl. ¶¶ 77, 78. And as this Court recently held in *Popa*, "engagement" with a website "is not the type of private information that the law has historically protected." 2023 WL 7001456 at *4; *see also* Msft. Suppl. Br. at 3 (collecting cases). Additionally, *none* of Plaintiffs' alleged harms are analogous to those recognized in traditional torts because, among other reasons identified in Zillow's briefing, *see* Dkt. 66, all the information Plaintiffs alleged they input into Zillow's website was masked and thus not received by Microsoft, Msft. Suppl. Br. at 3-4.

*Jones* does not change this analysis. In *Jones*, the court held there was Article III standing because, unlike in this case, the plaintiffs alleged facts plausibly showing that the defendant intercepted their private communications. Specifically, "[b]oth Plaintiffs allege[d] that their ***private*** communications were unlawfully recorded from Plaintiff Jones's cellphone and permanently stored on his Ford vehicle in violation of the WPA." 2023 WL 7097365, at *1

MICROSOFT'S BRIEF IN RESPONSE TO
OCTOBER 30, 2023 ORDER
(No. 2:22-cv-01282-JLR) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

(emphasis added). As the court further noted, "the infotainment system permanently store[d] the[se] *private* communications without Plaintiffs' knowledge or consent." *Id.* (emphasis added). Based on these allegations, which expressly claimed that Ford intercepted and recorded Plaintiffs' *private* cellphone communications, the Ninth Circuit found Article III standing. *Id.*

This case is not *Jones*. Here, as described above and in Microsoft's last supplemental brief, Plaintiffs do not allege the existence of any communications, Dkt. 54 at 9; let alone communications between individuals, *id.* at 10-11; let alone *private* communications, Msft. Suppl. Brief at 3-4. The court's conclusion in *Jones* that the plaintiffs had alleged Article III standing based on alleged interception of their private cellphone communications is therefore entirely consistent with the conclusion that Plaintiffs here have not alleged Article III jurisdiction because they have not alleged any private communications.

Nor does *Jones* stand for the proposition that "statutes protecting privacy interests—such as anti-wiretapping and anti-disclosure laws" always give rise to a concrete injury sufficient to confer standing, even in the absence of any private information at issue, as Plaintiffs have argued. *See* Dkt. 65 at 3. The Ninth Circuit has repeatedly rejected this very proposition, reaffirming that "for Article III purposes, it is not enough for a plaintiff to allege that a defendant has violated a right created by a statute; we must still ascertain whether the plaintiff suffered a concrete injury-in-fact due to the violation." *Phillips v. U.S. Customs & Border Prot.*, 74 F.4th 986, 993 (9th Cir. 2023) (citing *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1273, 1270 (9th Cir. 2019)). Not surprisingly then, in *Jones*, while the court recognized that the WPA "codifies" a substantive common law privacy right, it evaluated the existence of Article III injury based on the nature of the allegations as pleaded in the complaint. There, plaintiffs alleged the interception of private cellphone communications—specifically, text messages between two individuals. The court had no reason to consider whether an alleged violation of the WPA that did *not* involve any private text messages or alleged interception or recording of private text messages could give rise to Article III standing.

MICROSOFT'S BRIEF IN RESPONSE TO
OCTOBER 30, 2023 ORDER
(No. 2:22-cv-01282-JLR) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

The court in *Jones* did not rely solely on the fact plaintiffs had alleged a WPA violation to find that they had alleged an injury-in-fact. To the contrary, and as required by *TransUnion*, *Jones* analyzed whether the factual allegations "plausibly articulate[d] an Article III injury because they claim[ed] violation of a substantive privacy right." 2023 WL 7097365, at *3. The allegations it considered—text messages, which it characterized as "private communications"—are precisely the types of allegations not present here.

Finally, none of the cases cited in *Jones* found Article III standing based solely on violations of privacy statutes. In each of those cases, the court cited alleged injuries to traditionally protected privacy interests. *See In re Facebook*, 956 F.3d at 599 (analyzing allegations that Facebook surreptitiously tracked users on other websites to create individualized profiles that included "employment history and political and religious affiliations" and could "reveal an individual's likes, dislikes, interests, and habits over a significant amount of time"); *Patel*, 932 F.3d at 1274-75 (considering allegations that Facebook, without consent, created a database of facial biometrics tied to individual identities that allowed Facebook to "identify that individual in any of the other hundreds of millions of photos uploaded to Facebook each day, as well as determine when the individual was present at a specific location… [and] identify the individual's Facebook friends or acquaintances who are present in the photo"); *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983-84 (9th Cir. 2017) (alleging that ESPN disclosed personally identifiable information concerning Plaintiffs' video viewing activities to third parties that combined this with photographs and other Facebook profile information).

Not one of these cases is even close to the allegations at issue here, where not a single Plaintiff has plausibly alleged that Microsoft even had access to any text they input on Zillow's website—private or not. Unlike in *Jones* and the cases it cites, Plaintiffs here have not alleged facts that would give rise to the type of privacy harm traditionally protected by the courts, such as public disclosure of private facts or intrusion upon seclusion, so their claims fail for lack of Article III standing.

MICROSOFT'S BRIEF IN RESPONSE TO
OCTOBER 30, 2023 ORDER
(No. 2:22-cv-01282-JLR) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**B.    *Jones* also confirms that Plaintiffs have not alleged statutory injury under the WPA.**

Just as the plaintiffs in *Jones*, the Plaintiffs who bring WPA claims against Microsoft here fail to state a claim because they have not plausibly alleged injury to their business, person, or reputation. As Microsoft argued in its Motion to Dismiss, a mere statutory violation is not enough under the WPA; a plaintiff must also show that a violation of the statute has inured his or her business, his or her person, or his or her reputation. Dkt. 54 at 15 (collecting cases). Plaintiffs do not dispute this. *See* Dkt. 58 at 19-20. And *Jones* confirms it, holding that "the injury-in-fact prong of Article III standing and the merits of a WPA claim are separate inquiries." *Jones*, 2023 WL 7097365 at * 2. So, even if a plaintiff can allege injury sufficient to meet Article III's requirements, the allegations may still fail to state a claim under the WPA because, under *Jones* and similar decisions issued since this Court's order requesting briefing on *Jones*, a mere statutory violation is not enough to plead the injury element of the WPA. *Id.* at * 3. Nor is an alleged "invasion of privacy" enough. *Id.*

Here, like the plaintiffs in *Jones*, Plaintiffs have not alleged any injury to their business, person, or reputation, so their WPA claims fail. Dkt. 54 at 15-16; Dkt. 62 at 7. Plaintiffs' only allegations suggesting any injury are vague assertions of "mental anguish," "emotional distress," worry, fear, and "suffering arising from their loss of privacy and confidentiality of their electronic communications." Dkt. 44 (Compl.) ¶¶ 138–39. However, "[t]he Court need not accept these generalized allegations as true" because Plaintiffs offer no factual support for their conclusory allegations of emotional injury. *Caldwell v. Boeing Co.*, 2018 WL 2113980, at *10 (W.D. Wash. May 8, 2018); *see also* Dkt. 54 at 15-16 (collecting authority). Plaintiffs' allegations of "mental anguish" and "emotional distress" are also objectively unreasonable for all of the reasons described in Microsoft's briefing; they therefore cannot satisfy the standard for injury to "person" under the WPA even if they were factually supported. *See, e.g.*, *Hunsley v. Giard*, 553 P.2d 1096, 1103 (Wash. 1976) (holding a plaintiff's allegation of mental injury must be objectively reasonable, meaning "the reaction of a normally constituted person"); *see also*

MICROSOFT'S BRIEF IN RESPONSE TO
OCTOBER 30, 2023 ORDER
(No. 2:22-cv-01282-JLR) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dkt. 54 at 15-16.  If in *Jones*, actual alleged interception of private communications was insufficient to meet the WPA's statutory injury requirement, then the alleged collection of *non-private* data here necessarily falls short.

## IV.     CONCLUSION

For these reasons and those stated in Zillow's supplemental brief and Defendants' prior briefing, the Court should dismiss with prejudice the Complaint (which Plaintiffs already amended) for lack of Article III standing. In the alternative, if the Court determines that Plaintiffs have Article III standing (which it should not), the Court should dismiss Plaintiffs' WPA claims for lack of statutory injury (and for the reasons stated in Microsoft's motion to dismiss, Plaintiffs other claims).

MICROSOFT'S BRIEF IN RESPONSE TO
OCTOBER 30, 2023 ORDER
(No. 2:22-cv-01282-JLR) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

DATED: November 8, 2023

I certify that this brief contains 2,253 words, in compliance with the Local Civil Rules and this Court's Order of October 30, 2023.

By: */s/ Nicola C. Menaldo*
Nicola C. Menaldo, Bar No. 44459
Anna Mouw Thompson, Bar No. 52418
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
NMenaldo@perkinscoie.com
AnnaThompson@perkinscoie.com

James G. Snell, Bar No. 173070
**Perkins Coie LLP**
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300
Facsimile: +1.650.838.4350
JSnell@perkinscoie.com

*Attorneys for Defendant Microsoft Corporation*

MICROSOFT'S BRIEF IN RESPONSE TO
OCTOBER 30, 2023 ORDER
(No. 2:22-cv-01282-JLR) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000