The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| *In Re: Zillow Group, Inc. Session Replay Software Litigation*,<br><br>This Document Refers to: All Actions | NO.   2:22-cv-01282-JLR<br><br>**ZILLOW GROUP, INC.'S SUPPLEMENTAL BRIEF ADDRESSING *JONES V. FORD MOTOR COMPANY*** <br><br>NOTE ON MOTION CALENDAR: November 17, 2023<br><br>ORAL ARGUMENT REQUESTED |

In its Motion to Dismiss briefing, Zillow demonstrated not only that Plaintiffs lack standing to assert their various state-law claims, but also that they cannot sufficiently allege damages to support their claim under the Washington Privacy Act, RCW 9.73.060 ("WPA"). After ordering the parties to file supplemental briefing on Plaintiffs' Article III standing deficiencies (*see* Dkt. 64), the Court directed the parties "to submit supplemental briefing regarding the impact, if any, of *Jones* [*v. Ford Motor Company*, --- F.4th ---, No. 22-35477, 2023 WL 7097365 (9th Cir. Oct. 27, 2023)] on the motions to dismiss filed by Defendants…" (Dkt. 68 at 1.)[1]

---

[1] On November 7, 2023, the Ninth Circuit entered orders in four cases related to *Jones* that adopted *Jones'* reasoning and affirmed the dismissal of the plaintiffs' WPA claims for lack of statutory injury. *See Ritch v. Am. Honda Motor Co., Inc.*, No. 22-35448, 2023 WL 7318741, at *1 (9th Cir. Nov. 7, 2023); *Dornay v. Volkswagen Group of Am., Inc.*, No. 22-35451, 2023 WL 7318487 (9th Cir. Nov. 7, 2023); *Goussev v. Toyota Motor Sales, U.S.A., Inc.*, No. 22-35454,

ZILLOW'S SUPPLEMENTAL BRIEF ADDRESSING *JONES V. FORD MOTOR COMPANY* – 1
No. 2:22-cv-01282-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

The Ninth Circuit's opinion in *Jones* further demonstrates why this Court should dismiss Plaintiffs' Consolidated Amended Complaint with prejudice. First, unlike the information at issue in *Jones* (contents of private text messages and call logs), the information Plaintiffs allegedly provided to Zillow (name, address, date of birth, phone number, credit score range, current loans, estimates of loans, "credit card information," "other financial information," and, more generally, "information", *see* Dkt. 66 at 2-3) is not the type of information in which they have a historically protected privacy interest. Plaintiffs therefore lack Article III standing. Indeed, courts throughout the country have squarely rejected arguments that the type of information Plaintiffs allegedly provided to Zillow is protectible information. (*See, e.g.*, Dkt. 66.) Second, as in *Jones*, Plaintiffs have failed to adequately plead an injury to their business, person, or reputation, and therefore have not stated a claim for violation of the WPA.

## ARGUMENT

In *Jones*, the Ninth Circuit reiterated the difference between pleading Article III standing (which requires plaintiffs to plead an injury-in-fact) and pleading a claim upon which relief can be granted (which requires plaintiff to articulate a more specific or more demanding statutory injury). 2023 WL 7097365 at *2. This well-settled distinction should not change this Court's analysis. *See, e.g.*, *TransUnion LLC v. Ramirez*, --- U.S. ---, 141 S. Ct. 2190, 2205 (2021). *Jones* also reiterated that violation of a statute that codified a common-law privacy right *may*—not *does*—"give[ ] rise to a concrete injury sufficient to confer [Article III] standing." 2023 WL 7097365 at *2.

Critically, *Jones* does *not* stand for the proposition that a plaintiff automatically has Article III standing if he or she only alleges a statutory violation. *See generally*, 2023 WL 7097365. Indeed, such a holding would be inapposite to *TransUnion* and *Spokeo* as well as violate the basic understanding that the "law of Art. III standing is built on a single basic idea – the idea of separation of powers." *Raines v. Byrd*, 521 U.S. 811, 820 (1997) (quotation omitted);

---

2023 WL 7318082 (9th Cir. Nov. 7, 2023); *McKee v. Gen. Motors Co.*, No. 22-35456, 2023 WL 7318690 (9th Cir. Nov. 7, 2023).

ZILLOW'S SUPPLEMENTAL BRIEF ADDRESSING *JONES*
*V. FORD MOTOR COMPANY* – 2
No. 2:22-cv-01282-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

see also TransUnion, 141 S. Ct. at 2205 ("this Court has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'") (quoting Spokeo, Inc. v. Robins, 578 U. S. 330, 341 (2016)).

Jones also does not change that "TransUnion expanded upon Spokeo by addressing how a court should apply those rules in a specific case when faced with whether a plaintiff adequately alleged an injury in fact resulting from a statutory violation." Popa v. PSP Group, LLC, No. 23-0294, 2023 WL 7001456, at *4 (W.D. Wash. Oct. 24, 2023) (citation omitted).  This is because "the standing analysis is contextual." Brown v. Google LLC, No. 20-3664, --- F. Supp. 3d ---, 2023 WL 5029899, at *6 (N.D. Cal. Aug. 7, 2023) (citations omitted).

The Jones plaintiffs alleged the defendants there downloaded, copied, and stored plaintiffs' call logs and text messages from their cell phones.  2023 WL 7097365 at *1.  Individuals have long been held to have a privacy interest in their text messages under the WPA.  See, e.g., State v. Roden, 321 P.3d 1183, 1186-87 (Wash. 2014).  The Jones court reasoned that those plaintiffs' "allegations plausibly articulate[d] an Article III injury because they claim violation of a substantive privacy right." 2023 WL 7097365, at *3 (citation omitted).  Cf. Popa, 2023 WL 7001456 at *5 (citation omitted).

Even though the Ninth Circuit held that the Jones plaintiffs had Article III standing to pursue their claims, it nevertheless concluded that they had failed to state a claim under the WPA because the plaintiffs failed to plead the requisite "injury to one's business, person, or reputation." 2023 WL 7097365 at *3.  In affirming the dismissal of plaintiffs' complaints, the Ninth Circuit reiterated "that an invasion of privacy, without more, is insufficient to meet the statutory injury requirements of Section 9.73.060." Id.

I.      **Plaintiffs Lack Article III Standing To Assert Their Claims.**

Jones does not change the threshold Plaintiffs must satisfy to have Article III standing, which "requires a concrete injury even in the context of a statutory violation." Spokeo, Inc. v. Robins, 578 U.S. 330, 341 (2016).  Moreover, Jones is wholly consistent with the Ninth Circuit

ZILLOW'S SUPPLEMENTAL BRIEF ADDRESSING *JONES V. FORD MOTOR COMPANY* – 3
No. 2:22-cv-01282-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

case law that requires plaintiffs to have standing to sue where "there was 'a straightforward analogue between' the protections codified in those statutes…and the common law privacy tort of 'unreasonable intrusion upon the seclusion of another,'" and "[t]herefore, a violation of those statutes gave rise to a concrete injury." *Phillips v. U.S. Customs & Border Prot.*, 74 F.4th 986, 993-94 (9th Cir. 2023) (quoting *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1112, 1117-18 (9th Cir. 2020)). *Accord Patel v. Facebook, Inc.*, 932 F.3d 1264, 1268, 1273 (9th Cir. 2019) (violation of state law prohibiting collection, use, and storage of individual's biometric identifiers from photographs constituted concrete injury because it was analogous to violations of right to privacy "actionable at common law"); *Mayfield v. United States*, 599 F.3d 964, 969 n.6 (9th Cir. 2010) (Article III standing where defendant seized documents containing, among other things, "summaries of confidential conversations between husband and wife, parents and children"); *Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135 F.3d 1260, 1270-75 (9th Cir. 1998) (Article III standing where defendant retained "undisputedly intimate medical information," in which plaintiffs enjoyed "the highest expectations of privacy.").

The state privacy laws at issue, including the WPA, are intended to protect citizens from having their private communications monitored. *See State v. Hinton*, 319 P.3d 9, 13-14 (Wash. 2014); *In re Nickelodeon Consumer Priv. Litig.*, 2014 WL 3012873, at *14 (D.N.J. July 2, 2014); *Roden*, 321 P.3d at 1185 (citing *State v. Faford*, 910 P.2d 447 (Wash. 1996)); *Rogers v. Ulrich*, 125 Cal. Rptr. 306, 309 (1975). Text messages, at issue in *Jones*, have long been recognized as private communications under the WPA because they are simply a new tool for private communication. *Hinton*, 319 P.3d at 13 (collecting cases). This is because the Washington legislature "used sweeping language to protect personal conversations from intrusion," which has allowed courts to "consistently extend[ ] statutory privacy in the context of new communications technology, despite suggestions that we should reduce the protections because of the possibility of intrusion." *Hinton*, 319 P.3d at 14 (citations omitted).

Plaintiffs are not asking the Court to expand the application of state privacy statutes to new technology that captures historically protected information. Rather, Plaintiffs are asking the
ZILLOW'S SUPPLEMENTAL BRIEF ADDRESSING *JONES V. FORD MOTOR COMPANY* – 4
No. 2:22-cv-01282-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

Court to misapply the WPA to protect gestures and information that have previously never been considered private, such as mouse clicks and movements or providing a vendor with one's name, date of birth, phone number, and general "information." (*See* Dkt. 66.) Simply put, Plaintiffs do not have a privacy interest in the information they allegedly provided to Zillow, regardless of the technology, or lack thereof, used to convey the information. (*See id.*)

Plaintiffs' lack of Article III standing, due to their failure to allege violation of a historically protected privacy interest, supports dismissal. *See also Cook v. Gamestop, Inc.*, 2023 WL 5529772, at *4 (W.D. Pa. Aug. 28, 2023); *Popa v. PSP Group, LLC*, 2023 WL 7001456 at *3 (citing *Cook*); *Adams v. PSP Group, LLC*, 2023 WL 5951784, at *7 (E.D. Mo. Sept. 13, 2023) (same); *Jones v. Bloomingdales.com, LLC*, 2023 WL 6064845, at *1 (E.D. Mo. Sept. 18, 2023) (dismissing analogous claims related to session replay technology because plaintiff failed to sufficiently allege an injury-in-fact); *Farst v. AutoZone, Inc.*, 2023 WL 7179807, at *2-6 (M.D. Pa. Nov. 1, 2023) (same).

## II. Plaintiffs' WPA Claim Fails Because Plaintiffs Were Not Injured In Their Business, Person, Or Reputation.

Applying the Ninth Circuit's analysis in *Jones*, Plaintiffs' WPA claim fails as a matter of law. "To succeed at the pleading stage of a WPA claim, Plaintiffs must plausibly allege an injury to 'his or her business, his or her person, or his or her reputation.'" *Jones*, 2023 WL 7097365 at *3 (quoting RCW 9.73.060). An alleged statutory violation of the WPA, "without more, is insufficient to meet the statutory injury requirements of Section 9.73.060." *Id.* Plaintiffs do not claim injuries to a business or to their reputations. Instead, their claim rises or falls on an alleged injury to "his or her person."

As explained more fully in Zillow's Motion to Dismiss, Plaintiffs only make conclusory allegations that they experienced "mental anguish and suffering arising from their loss of privacy and confidentiality of their electronic communications." (*See* Dkt. 53 at 14-16.) Plaintiffs' only allegations suggesting any injury are vague assertions of "mental anguish," "emotional distress," worry, fear, and "suffering arising from their loss of privacy and confidentiality of their electronic

ZILLOW'S SUPPLEMENTAL BRIEF ADDRESSING *JONES V. FORD MOTOR COMPANY* – 5
No. 2:22-cv-01282-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

communications." (Dkt. 44 at ¶¶ 138-39). Because Plaintiffs offer no factual support for these conclusory allegations, "[t]he Court need not accept these generalized allegations as true." *Caldwell v. Boeing Co.*, 2018 WL 2113980, at *10 (W.D. Wash. May 8, 2018). Simply put, Plaintiffs' conclusory allegations of "mental anguish" and "emotional distress" cannot satisfy the standard for injury to "person" under the WPA even if they were factually supported. *See, e.g., Russo v. Microsoft Corp.*, No. 20-04818, 2021 WL 2688850, at *3 (N.D. Cal. June 30, 2021); *Hunsley v. Giard*, 553 P.2d 1096, 1103 (Wash. 1976) (holding a plaintiff's allegation of mental injury must be objectively reasonable, meaning "the reaction of a normally constituted person"). If in *Jones*, actual alleged interception of private communications was insufficient to meet the WPA's statutory injury requirement, then the alleged collection of *non*-private information here falls woefully short.

## CONCLUSION

For all of the foregoing reasons and those set forth in Zillow's Motion to Dismiss, Reply in Further Support, and Supplemental Brief on Article III Standing, Zillow respectfully requests that this Court dismiss the Consolidated Amended Complaint in its entirety, and with prejudice.

ZILLOW'S SUPPLEMENTAL BRIEF ADDRESSING *JONES V. FORD MOTOR COMPANY* – 6
No. 2:22-cv-01282-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

DATED: November 8, 2023

I certify that this supplemental brief contains 1,838 words, in compliance with this Court's Order of October 30, 2023.

**SAVITT BRUCE & WILLEY LLP**

By   *s/ James P. Savitt*
    James P. Savitt, WSBA # 16847
    1425 Fourth Avenue Suite 800
    Seattle, Washington 98101-2272
    Telephone: 206.749.0500
    Facsimile:  206.749.0600
    Email: jsavitt@sbwllp.com

**BUCHANAN INGERSOLL & ROONEY PC**

    Samantha L. Southall (admitted *pro hac vice*)
    50 South 16th Street Suite 3200
    Philadelphia, PA  19102
    Telephone: 215-665-8700
    Facsimile:  215-665-8760
    Email: samantha.southall@bipc.com

*Attorneys for Defendant Zillow Group, Inc.*

ZILLOW'S SUPPLEMENTAL BRIEF ADDRESSING *JONES V. FORD MOTOR COMPANY* – 7
No. 2:22-cv-01282-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

**CERTIFICATE OF SERVICE**

I hereby declare under penalty of perjury under the laws of the United States of America that on this date, the foregoing document was filed electronically with the Court and thus served simultaneously upon all counsel of record.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on November 8, 2023.

_____
Meghan Parker

CERTIFICATE OF SERVICE
No. 2:22-cv-01282-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500