The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

*In Re: Zillow Group, Inc. Session Replay
Software Litigation*

This Document Refers to: All Actions

Master File No. 2:22-cv-01282-JLR

**PLAINTIFFS' SUPPLEMENTAL BRIEF**

**ORAL ARGUMENT REQUESTED**

PLAINTIFFS' SUPPLEMENTAL BRIEF

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................................1

ARGUMENT ..................................................................................................................2

    I.    Under *Jones*, Plaintiffs Have Adequately Alleged Constitutional Injury
        to Satisfy the Article III Standing Requirements ..................................2

    II.   Plaintiffs Have Alleged a Plausible Injury to Within the Meaning
        of the Washington Privacy Act..............................................................3

    III.  *Jones* Did Not Involve a Surreptitious Third-Party Interception
        of Competitively Revealing Data ..........................................................6

CONCLUSION ...............................................................................................................7

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4
5
*Adams v. PSP Grp., LLC*,
   2023 WL 5951784 (E.D. Mo. Sept. 13, 2023) ........................................................................ 3

6
*Byars v. Sterling Jewelers, Inc.*,
   2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ......................................................................... 3

7
8
*Calhoun v. Google LLC*,
   526 F. Supp. 3d 605 (N.D. Cal. 2021) .................................................................................. 4

9
10
*Cook v. GameStop, Inc.*,
   __ F. Supp.3d __, 2023 WL 5529772 (W.D. Pa. Aug. 28, 2023) ........................................... 3

11
12
*Eichenberger v. ESPN, Inc.*,
   876 F.3d 979 (9th Cir. 2017) ................................................................................................ 2

13
14
*In re Anthem Inc. Data Breach Litig.*,
   2016 WL 3029783 (N.D. Cal. May 17, 2016) ....................................................................... 4

15
*In re Facebook Privacy Litigation*,
   572 F. App'x 494 (9th Cir. 2014) ......................................................................................... 4

16
17
*In re Facebook, Inc. Internet Tracking Litig.*,
   956 F.3d 589 (9th Cir. 2020) ................................................................................................ 2

18
19
*In re Marriott Int'l, Inc., Data Sec. Breach Litig.*,
   440 F. Supp. 3d 447 (D. Md. 2020) ..................................................................................... 4

20
*In re Yahoo! Inc. Cust. Data Sec. Breach Litig.*,
   2017 WL 3727318 (N.D. Cal. Aug. 30, 2017) ..................................................................... 4

21
22
*Iten v. Los Angeles*,
   2023 WL 5600292 (9th Cir. Aug. 30, 2023) ....................................................................... 3

23
24
*Jones v. Ford Motor Company*,
   --- F.4th ---, 2023 WL 7097365 (9th Cir. Oct. 27, 2023) .............................................. Passim

25
*Lightoller v. Jetblue Airways Corp.*,
   2023 WL 3963823 (S.D. Cal. June 12, 2023) ..................................................................... 3

26

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

*Massie v. Gen. Motors LLC*,
   2022 WL 534468 (D. Del. Feb. 17, 2022) ................................................................. 3

*Mikulsky v. Noom, Inc.*,
   2023 WL 4567096 (S.D. Cal. July 17, 2023) ............................................................ 3

*Patel v. Facebook, Inc.*,
   932 F.3d 1264 (9th Cir. 2019) ................................................................................... 2

*Straubmuller v. JetBlue Airways Corp.*,
   2023 WL 5671615 (D. Md. Sept. 1, 2023) ............................................................... 3

*Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*,
   122 Wash. 2d 299 (1993) .......................................................................................... 5

**Statutes**

Wash. Rev. Code § 9.73.060 ............................................................................... 3, 4, 5

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 1

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

**PLAINTIFFS' SUPPLEMENTAL BRIEF**

Pursuant to the Court's October 30, 2023 order (ECF No. 68) directing the parties to address the impact of *Jones v. Ford Motor Company*, --- F.4th ---, No. 22-35477, 2023 WL 7097365 (9th Cir. Oct. 27, 2023), on the motions to dismiss filed by Defendants Zillow Group, Inc. and Microsoft Corporation ("Defendants"), Plaintiffs respectfully submit this brief in further support of their opposition to Defendants' motions to dismiss (ECF Nos. 58–59) and their first supplemental brief regarding Article III standing. ECF No. 65.

**INTRODUCTION**

In *Jones*, Ford removed to federal court a complaint alleging that Ford violated the Washington Privacy Act ("WPA") by recording and storing Plaintiffs' private communications from connected cellphones in its vehicle infotainment systems without Plaintiffs' knowledge or consent. 2023 WL 7097365, at *1, *3. The district court dismissed the case under Rule 12(b)(6), holding that the plaintiffs failed to adequately allege a statutory injury. *Id*. at *2. The plaintiffs appealed and sought to remand the case to Washington state court, urging the Ninth Circuit to find that Ford "self-rebutted" that Article III standing exists when it argued that the plaintiffs "failed to plead a statutory injury under the WPA in its motion to dismiss." *Id*. The Ninth Circuit rejected the plaintiffs' argument and affirmed the district court's dismissal, holding that the plaintiffs adequately alleged constitutional injury-in-fact sufficient to confer Article III standing but nonetheless failed to allege a statutory injury to the business, person, or reputation, as required under the WPA. *Id*. *2–3.

As to Article III standing, *Jones* confirms that Plaintiffs have standing because they allege a plausible violation of state-law wiretapping statutes, which embody common law privacy rights, as Plaintiffs previously argued. *See generally* ECF No. 65. The invasion of those statutory and common law rights is concrete injuries-in-fact. Indeed, the Ninth Circuit remarked that the law on this point is settled. *Jones*, 2023 WL 7097365, at *2. As to injury-in-fact as an elemental or statutory standing requirement under the WPA, Plaintiffs have alleged plausible injury by way

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

of loss of personal information as well as mental pain and suffering. These are injuries that the *Jones* plaintiffs did not allege.

## ARGUMENT

### I. Under *Jones*, Plaintiffs Have Adequately Alleged Constitutional Injury to Satisfy the Article III Standing Requirements

*Jones* unambiguously confirms that Plaintiffs have adequately alleged Article III standing (ECF No. 65) and definitively rebuts Defendants' contrary arguments. *See* ECF Nos. 66–67.

*Jones* is unequivocal that "[w]ith respect to constitutional injury-in-fact, ***the relevant law is settled***. A statute that codifies a common law privacy right 'gives rise to a concrete injury sufficient to confer standing.'"[1] *Jones*, 2023 WL 7097365, at *2 (citing *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020)); *see also Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017); *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1272–73 (9th Cir. 2019). The Ninth Circuit confirmed that the WPA codifies such a substantive privacy right, and then held that the plaintiffs plausibly articulated an Article III injury when they alleged that their privacy rights were violated when the vehicle "infotainment system permanently store[d] the [plaintiffs'] private communications without [their] knowledge or consent." *Id*. at *3.

Under *Jones*, Plaintiffs' allegations that their communications on Zillow's website[2] were intercepted without their knowledge or consent by Session Replay Code and shared with Session Replay Providers such as Microsoft[3] plausibly alleges a constitutional injury sufficient to

---

[1] The Ninth Circuit's approach in *Jones*, *Eichenberger* and *In re Facebook, Inc.* contain a requirement to separate the issues of standing from the elements of a claim and to not engage in the subjective evaluation of information's sensitivity. To require a plaintiff to plead anything more encroaches on an analysis of the merits instead of an analysis on standing.

[2] CAC ¶ 73 ("Plaintiff Huber has substantively engaged with Zillow's website to browse homes available for purchase, update her housing information, and has entered personal and financial information, such as name, address, date of birth, phone number, credit score range, current loans, and estimates of loans into text fields and Zillow questionnaires."); ¶ 75 ("Popa . . . entered personal and financial information, such as name, address, date of birth, phone number, credit card, and other financial information into text fields."); ¶ 72 (same for Plaintiff Hasson); ¶ 76 (same for Plaintiff Strezlin); ¶ 77 ("Adams has substantively engaged with Zillow's website and has entered information into text fields."); ¶ 78 (same for Plaintiff Adams' minor child H.A.).

[3] *See* CAC ¶¶ 81–83.

PLAINTIFFS' SUPPLEMENTAL BRIEF - 2

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

establish Article III standing. *Id.* *Jones* supports Plaintiffs' contention that it is improper to qualitatively assess the sensitivity of the allegedly intercepted communications as part of the Article III standing analysis. *See* ECF No. 65 at 4. Defendants, however, argued that such a qualitative assessment is required. *See* ECF No. 66 at 3–4; ECF No. 67 at 2. *Jones* clearly invalidates Defendants' approach. Indeed, requiring a plaintiff to "plead a [statutory]-specific injury to establish jurisdiction conflates standing with the merits." *Jones*, 2023 WL 7097365, at *2. Whether Plaintiffs "'will be successful on the merits in [this] suit against [Defendants] does not affect whether [they have] standing to pursue such a suit.'" *Id.* at *3 (quoting *Iten v. Los Angeles*, No. 22-55480, 2023 WL 5600292, at *8 (9th Cir. Aug. 30, 2023)) (first and third alterations in original). None of Defendants' non-precedential cases can be squared with *Jones*.[4] Plaintiffs have thus plausibly alleged concrete and particularized injuries sufficient to establish Article III standing.

## II.   Plaintiffs Have Alleged a Plausible Injury to Within the Meaning of the Washington Privacy Act.

"To bring a claim under the WPA, a plaintiff must show that 'a violation of [the WPA] has injured his or her business, his or her person, or his or her reputation. A person so injured shall be entitled to actual damages . . . or liquidated damages.'" *Jones v*, 2023 WL 7097365, at *3 (quoting Wash. Rev. Code § 9.73.060).[5] In *Jones*, the Ninth Circuit found that the statutory violation itself does not necessarily establish the requisite injury under the WPA. *Id.* ("[A]

---

[4] *Adams v. PSP Grp., LLC*, No. 4:22-CV-1210 RLW, 2023 WL 5951784, at *5 (E.D. Mo. Sept. 13, 2023); *Straubmuller v. JetBlue Airways Corp.*, Civil Action No. DKC 23-384, 2023 WL 5671615, at *4 (D. Md. Sept. 1, 2023); *Cook v. GameStop, Inc.*, __ F. Supp. 3d __, 2:22-cv-1292, 2023 WL 5529772, at *3–4 (W.D. Pa. Aug. 28, 2023); *Lightoller v. Jetblue Airways Corp.*, No. 23-CV-00361-H-KSC, 2023 WL 3963823, at *4 (S.D. Cal. June 12, 2023); *Mikulsky v. Noom, Inc.*, No. 3:23-CV-00285-H-MSB, 2023 WL 4567096, at *5 (S.D. Cal. July 17, 2023); *Byars v. Sterling Jewelers, Inc.*, No. 5:22-CV-01456-SB-SP, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023); *Massie v. Gen. Motors LLC*, No. CV 21-787-RGA, 2022 WL 534468, at *3 (D. Del. Feb. 17, 2022).

[5] Specifically, the WPA provides a cause of action to a plaintiff "***claiming*** that a violation of this statute has injured his or her . . . person." (emphasis added). It does not require actual injury to state a claim, only to recover damages. ("A person ***so injured*** shall be entitled to actual damages . . . .") (emphasis added).

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  violation of the statute alone," without allegations of such injury, "is insufficient to meet the

2  statutory injury requirements of Section 9.73.060."). Here, however, unlike in *Jones*, Plaintiffs

3  have alleged injury to their "person" resulting from the surreptitious recording of their

4  interactions on Zillow's website—interactions that reveal Plaintiffs' personal information,

5  including information that might directly undermine Plaintiffs' position when negotiating a

6  purchase price for a home. Plaintiffs have alleged more than just a violation of the statute. They

7  have alleged plausible injury to their persons.

8     In their Complaint, Plaintiffs allege a loss of their personal information as a result of the

9  illegal wiretap. The Ninth Circuit, as well as courts across the country, have routinely held that a

10 loss of personal information constitutes an injury. *See Calhoun v. Google LLC*, 526 F. Supp. 3d

11 605, 635 (N.D. Cal. 2021) (finding the plaintiffs had alleged a statutory larceny claim where the

12 defendant's web browser collected and transmitted a user's browsing history without consent,

13 and noting that "[C]ourts have also acknowledged that users have a property interest in their personal

14 information."); *see also In re Facebook Privacy Litigation*, 572 F. App'x 494, 494 (9th Cir.

15 2014) (concluding that the plaintiffs alleged a plausible harm when their personal information

16 was disclosed in a data breach and they lost the sales value of their personal information); *In re*

17 *Marriott Int'l, Inc., Cust. Data Sec. Breach Litig*., 440 F. Supp. 3d 447, 461 (D. Md.

18 2020) ("[T]he growing trend across courts that have considered this issue is to recognize the lost

19 property value of this information."); *In re Yahoo! Inc. Cust. Data Sec. Breach Litig*., 2017 WL

20 3727318, at *13 (N.D. Cal. Aug. 30, 2017) (holding that plaintiffs had adequately alleged injury

21 in fact based on the loss of value of their personal information); *In re Anthem Inc. Data Breach*

22 *Litig*., 2016 WL 3029783, at *14 (N.D. Cal. May 17, 2016) (concluding that the plaintiffs had

23 alleged plausible injury from the loss of value of their personal information).

24     Plaintiffs' allegations, taken as true, sufficiently allege that Defendants surreptitiously

25 captured Plaintiffs' electronic communications, including personal information, and that the

26 nonconsensual taking of the information caused an injury to their persons. *See* CAC ¶¶ 34, 39,

PLAINTIFFS' SUPPLEMENTAL BRIEF - 4

63, 71–82, 94, 139, 140 ("[G]iven the monetary value of individual personal information, Defendants deprived Plaintiffs and the Nationwide Class members of the economic value of their interactions with Zillow's website, without providing proper consideration for Plaintiffs' and the Nationwide Class members' property.").

Additionally, Plaintiffs have alleged that they plausibly incurred mental pain and suffering as a result of the surreptitious wiretapping. Mental pain and suffering is specifically delineated as a basis for actual damage under the WPA. RCW § 9.73.060 ("A person so injured shall be entitled to actual damages, including mental pain and suffering. . . ."). Because mental pain and suffering is a recoverable damage under the WPA, it establishes Plaintiffs' injury within the meaning of the statue at the pleading stage. For example, in *Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, the Supreme Court of Washington analyzed "whether damages for pain and suffering may be awarded under the [Consumer Protection Act]." 122 Wash. 2d 299, 317 (1993). The Court found that, since the Consumer Protection Act was limited to injuries to a "business or property," but did not include injuries to a "person," the Consumer Protection Act "retains restrictive significance. It would, for example, exclude personal injuries suffered." *Id.* at 318. The Court found that omission critical: "[H]ad our Legislature intended to include actions for personal injury within the coverage of the [Consumer Protection Act], it would have used a less restrictive phrase than injured in his or her 'business or property'. We agree." *Id.* Here, however, the legislature unambiguously included injury to the "person" as a type of injury sufficient to fall within the WPA's purview. Because the WPA includes injuries to a person, Plaintiffs plausibly allege that their persons were injured by the mental pain and suffering caused by the surreptitious wiretapping of their personal information. CAC ¶¶ 138–39.

Consistent with the body of law recognizing injury from the disclosure of personal information, Plaintiffs here were injured by the surreptitious recording of their personal preferences with regard to the purchase or sale of real estate. The disclosure of these preferences undermines Plaintiffs' bargaining position in an arms-length negotiation for the sale or purchase

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

of real estate. Experts on negotiation consistently recognize the power of information in the negotiation process, particularly in the negotiation of real estate: "[I]n an overheated real-estate market, the bidder who expresses the greatest desire for a given house risks being exploited by a seller with multiple offers."[6] Here, as alleged in the Complaint, every mouse movement, key stroke and search term entered by the Plaintiffs is secretly recorded on Zillow's website.  This type of information—such as, for example, a buyer's consistent preference for a swimming pool—directly undermines the Plaintiffs' position in the negotiation process. It is self-evident that, as a buyer negotiating a purchase price for a home with a swimming pool, such buyer would be well-served not to disclose that interest to the seller.

**III.**  ***Jones* Did Not Involve a Surreptitious Third-Party Interception of Competitively Revealing Data.**

As it relates to injury under the WPA, Plaintiffs' allegations here materially differ from those presented in *Jones*.[7] In *Jones*, the plaintiffs alleged that their Ford vehicle was equipped with an "infotainment system" that "automatically downloads, copies, and indefinitely stores the call logs and text messages of any cellphone connected to it." 2023 WL 7097365, at *1. Though the plaintiffs alleged that their "private text messages" were transferred from their cell phones to their automobiles' "infotainment system," "Plaintiffs [did] not allege . . . that Ford actually accessed the personal communications of the vehicle." *Id.* Nor did the *Jones* plaintiffs allege that the third party responsible for the infotainment system—Berla Corporation ("Berla")—accessed the information. The *Jones* plaintiffs alleged only that Berla was "capable of extracting" the information, and that "the information *may* be accessed" by Berla. *Id.* (emphasis added).

---

[6] Pon Staff, *When Not to Show Your Hand in Negotiations*, Harvard (July 6, 2023) https://www.pon.harvard.edu/daily/negotiation-skills-daily/when-not-to-show-your-hand/.

[7] It is important to note that the *Jones* Court did not foreclose the possibility of the plaintiffs being able to allege harm in this context. To the contrary, the *Jones* Court granted leave to amend, which the plaintiffs declined. *Jones*, 2023 WL 7097365 at *3 ("Plaintiffs failed [to allege injury] here. We note that Plaintiffs were given an opportunity to amend their complaint but declined to do so.").

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

In stark contrast, Plaintiffs here allege that Defendants' session replay software automatically and surreptitiously captured and extracted Plaintiffs' information, sending it to Microsoft in real-time. CAC ¶¶ 59, 61, 85. Further, Plaintiffs allege that the data is hosted on Microsoft's cloud service, and Defendants have full access to that information. *Id*. ¶¶ 69, 287, 289. Furthermore, Plaintiffs allege that session replay providers, such as Microsoft, generally access and compile the captured information recorded on all websites that the session replay providers monitor, creating a "fingerprint" that is unique to each browser, and allowing the session replay provider to build a profile on that user. *Id*. ¶¶ 45–46. The egregious nature of the software complained of by Plaintiffs, as well as the automatic nature in which it is captured and accessed, differentiates the facts of this case materially from those alleged in *Jones,* where there was no allegation that any information was actually obtained by a third-party, let alone used in any way. Plaintiffs' allegations here plausibly establish injury to meet the requirements of the WPA.

## CONCLUSION

Plaintiffs have plausibly established Article III standing and have plausibly alleged an injury to persons to satisfy the requirements of WPA. The Court should reject Defendants' arguments to the contrary.

DATED this 8th day of November, 2023.

**TOUSLEY BRAIN STEPHENS PLLC**

By: *s/ Kim D. Stephens, P.S.*
    Kim D. Stephens, P.S., WSBA #11984
    kstephens@tousley.com
    Jason T. Dennett, WSBA #30686
    jdennett@tousley.com
    Kaleigh N. Boyd, WSBA #52684
    kboyd@tousley.com
    1200 Fifth Avenue, Suite 1700
    Seattle, Washington 98101
    Telephone: 206.682.5600
    Fax: 206.682.2992

PLAINTIFFS' SUPPLEMENTAL BRIEF - 7

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS
AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
jguglielmo@scott-scott.com

*/s/ Gary F. Lynch*
Gary F. Lynch (admitted *pro hac vice*)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: 412-322-9243
gary@lcllp.com

*Counsel for Plaintiffs*

PLAINTIFFS' SUPPLEMENTAL BRIEF - 8