The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

*In Re: Zillow Group, Inc. Session Replay Software Litigation*

This Document Refers to: All Actions

Master File No. 2:22-cv-01282-JLR

**PLAINTIFFS' RESPONSE TO SUPPLEMENTAL BRIEFS**

**ORAL ARGUMENT REQUESTED**

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## I.      Under *Jones*, Plaintiffs Have Adequately Alleged Article III Standing

### A.      Microsoft's Examination of the Nature of the Intercepted Information Is Precluded Under *Jones*

Microsoft continues to rely on out-of-Circuit and pre-*Jones* case law to trumpet its position that Plaintiffs lack Article III standing. ECF No. 69 at 2–3. *Jones*, however, is binding, and its holding is unambiguous: "A statute that codifies a common law privacy right 'gives rise to a concrete injury sufficient to confer standing.' . . . *The WPA codifies such substantive privacy rights.*" *Jones v. Ford Motor Co*., 85 F.4th 570, 574 (9th Cir. 2023) (emphasis added). *Plausibility* is the "pleading floor" for establishing Article III standing. *Id*. at 573. As previously argued, Plaintiffs' allegations that their private communications of information on Zillow's website were intercepted without their knowledge or consent by Session Replay Code and simultaneously shared with Session Replay Providers such as Microsoft (CAC ¶¶ 71–95) meet this standard. *See generally* ECF No. 65. Microsoft's insistence that an examination of "'the nature of the information'" is required (ECF No. 69 at 2–3) is precluded under *Jones* because such an analysis "'conflate[s] standing with the merits.'" *Id*. (alteration in original).

Microsoft's cited out-of-Circuit cases (ECF No. 69 at 2–3), which scrutinize the nature of the communications, are unquestionably unpersuasive after *Jones*. Even this Court's pre-*Jones* standing ruling in *Popa v. PSP Group, LLC*, No. C23-0294JLR, 2023 WL 7001456 (W.D. Wash. Oct. 24, 2023) requires re-examination. In *Popa*, the Court found that *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020) and *Eichenberger v. ESPN, Inc*., 876 F.3d 979 (9th Cir. 2017), which Plaintiffs here also rely on (*see generally* ECF No. 65; *see also* ECF No. 71 at 2), lacked validity after *TransUnion LLC v. Ramirez*, 594 U.S. ---, 141 S. Ct. 2190, 2205, 210 L.Ed.2d 568 (2021). *Popa*, 2023 WL 7001456, at *4. *Jones*, however, cites both *Facebook* and *Eichenberger* with approval, thus validating Plaintiffs' reliance on these cases. *Jones*, 85 F.4th at 574. Furthermore, Microsoft's contention that Plaintiffs' communications were not private because they were "masked" and other factual challenges (ECF No. 69 at 4–5) are

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

questions of fact that cannot be resolved on a motion to dismiss. *See O'Neil v. Peak*, No. C08-1041-JCC, 2009 WL 10725459, at *2 (W.D. Wash. Nov. 10, 2009); *Kadoranian v. Bellingham Police Dep't*, 829 P.2d 1061, 1067 (Wash. 1992).

### B.     Zillow's Effort to Controvert Plaintiffs' Alleged Facts Is Impermissible

Zillow contends Plaintiffs have failed to allege "historically protected privacy interests." ECF No. 70 at 2. This factual attack is inappropriate on a motion to dismiss because during the pleading stage, the court "must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011). This argument also ignores the case law that holds that the "[interception of] personal information about, *e.g.*, pages viewed, search terms entered, or purchase behavior (as alleged here) is sufficiently similar in nature to intercepting information about, *e.g.*, a person's likes or dislikes (as in [*In re*] *Facebook*)" is a sufficient injury to support Article III standing. *James v. The Walt Disney Company*, 2023 WL 7392285, at *6-7 (N.D. Cal. Nov. 8, 2023); *see, e.g.*, *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 934 F.3d 316, 325 (3d Cir. 2019) (stating that unauthorized tracking of internet browser activity, whether by Google or any third party, constitutes a concrete injury for Article III standing); *Revitch v. New Moosejaw, LLC*, No. 18-cv-06827-VC, 2019 WL 5485330, at *1–*3 (N.D. Cal. Oct. 23, 2019) (concluding that the plaintiff had standing, by alleging that defendant facilitated "eavesdrop[ping] on his communications" on defendant's website, which involved requests for information through clicking on items of interest.) Here, Plaintiffs have adequately alleged the interception of private communications relating to personal information (CAC ¶¶ 71–95), which is a constitutional injury sufficient to confer Article III standing. *Facebook*, 956 F.3d at 598–99.

## II.     Plaintiffs Have Alleged Injury to their "Person" as a Result of Defendants' Surreptitious Wiretapping of Plaintiffs' Personal Information

Microsoft's and Zillow's categorization of Plaintiffs' injuries as "conclusory" or "objectively unreasonable" wholly ignores Plaintiffs' well-pleaded Complaint. ECF No. 69 at 6; ECF No. 70 at 5-6. As stated in Plaintiffs' supplemental brief (ECF No. 71), mental pain and

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

anguish is an actual damage under the WPA. RCW § 9.73.060 ("A person so injured shall be entitled to actual damages, including mental pain and suffering. . . ."). Far from being conclusory or objectively unreasonable, the Complaint details: (i) the nature in which Defendants surreptitiously spy on and capture Plaintiffs' information; (ii) the type of information and electronic communication that is collected when Plaintiffs interact with Zillow's website; and (iii) how the instantaneous gathering of Plaintiffs' information is done without consent.

Moreover, Defendants focus solely on allegations related to "mental anguish" and "emotional distress" overlook Plaintiffs' allegations that their persons were injured as a result of the loss of personal information. *See* ECF No. 71 at 4–5. The loss of personal information alone constitutes injury. *See Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 635 (N.D. Cal. 2021), The Complaint plausibly alleges that Defendants injured Plaintiffs (CAC ¶¶ 138–39) through the surreptitious wiretapping of Plaintiffs' interactions and communications with Zillow's website, creating an injury to persons sufficient to state a cause of action under the WPA.

Plaintiffs' allegations here are distinct from the allegations in *Jones*, and Defendants' attempts to equate the two fails. Most importantly, and as explained in Plaintiffs' supplemental brief, the *Jones* plaintiffs did not allege that the private text messages were extracted or accessed by Ford or any other third party. 85 F.4th at 573. Instead, the *Jones* plaintiffs only alleged that that the "infotainment system" downloads and stores those messages on the vehicles themselves. *Id.* These allegations are markedly different from those alleged in the Complaint, wherein Plaintiffs allege that Defendants collect, in real-time, all of Plaintiffs' electronic communications. CAC ¶¶ 59, 61, 85. Plaintiffs further allege that after intercepting and collecting that information, Microsoft and other session replay providers create a profile on the website visitor based on a unique ID that is associated with that individual, watching as the consumers navigates from website page to website page, creating an in-depth profile about the website visitor that can be used for marketing purposes or to sell to third parties. CAC ¶¶ 45–46, 82, 90. In addition to the

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  mental pain and suffering, this distinction from *Jones* is the injury that Plaintiffs complain of,
2  and that satisfies the injury requirement of the WPA.

3  **CONCLUSION**

4      Plaintiffs have plausibly established Article III standing and have plausibly alleged an
5  injury to persons to satisfy the requirements of WPA. Defendants' arguments to the contrary
6  should be denied.

7      DATED this 17th day of November, 2023.

8      I certify that this brief contains 1,144 words, in compliance with the Local Civil Rules
9  and this Court's Order of October 30, 2023.

10  **TOUSLEY BRAIN STEPHENS PLLC**

11

12  By: *s/ Kim D. Stephens, P.S.*
    Kim D. Stephens, P.S., WSBA #11984
    kstephens@tousley.com
13      Jason T. Dennett, WSBA #30686
    jdennett@tousley.com
14      Kaleigh N. Boyd, WSBA #52684
    kboyd@tousley.com
15      1200 Fifth Avenue, Suite 1700
    Seattle, Washington 98101
16      Telephone: 206.682.5600
    Fax: 206.682.2992

17

18  */s/ Joseph P. Guglielmo*
    Joseph P. Guglielmo (admitted *pro hac vice*)
19      **SCOTT+SCOTT ATTORNEYS**
    **AT LAW LLP**
20      The Helmsley Building
21      230 Park Avenue, 17th Floor
    New York, NY 10169
22      Telephone: 212-223-6444
    Facsimile: 212-223-6334
23      jguglielmo@scott-scott.com

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*/s/ Gary F. Lynch*
Gary F. Lynch (admitted *pro hac vice*)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: 412-322-9243
gary@lcllp.com

*Counsel for Plaintiffs*

PLAINTIFFS' RESPONSE TO SUPPLEMENTAL BRIEFS - 5