The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| *In Re: Zillow Group, Inc. Session Replay Software Litigation*,<br><br>This Document Refers to: All Actions | NO.   2:22-cv-01282-JLR<br><br>**ZILLOW GROUP, INC.'S SUPPLEMENTAL RESPONSE BRIEF ADDRESSING *JONES V. FORD MOTOR CO.*<br><br>**NOTE ON MOTION CALENDAR: November 17, 2023<br><br>ORAL ARGUMENT REQUESTED |

The Plaintiffs have had five opportunities to adequately plead or otherwise explain their claims – in their eight individual complaints; in their Consolidated Amended Complaint (Dkt. 44); in their Opposition to Zillow's Motion to Dismiss (Dkt. 59); in their September 18, 2023 Supplemental Brief (Dkt. 65); and in their November 8, 2023 Second Supplemental Brief ("Second Supplemental Brief") (Dkt. 71).  But they still have not articulated why they have Article III standing or how they have adequately stated claims for relief under Washington, Pennsylvania, California, Illinois, or Missouri law.  Plaintiffs cannot state a cognizable claim for relief, and so, amendment is futile.  This Court should dismiss Plaintiffs' Amended Complaint with prejudice.

## **ARGUMENT**

Plaintiffs' Second Supplemental Brief not only fails to demonstrate that Plaintiffs have Article III standing – it does just the opposite, reinforcing that Plaintiffs cannot articulate any

ZILLOW'S SUPPLEMENTAL RESPONSE BRIEF
ADDRESSING *JONES V. FORD MOTOR CO.* – 1
No. 2:22-cv-01282-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

damages sufficient to support their Washington Privacy Act ("WPA") claim. In their Second Supplemental Brief, Plaintiffs rely on readily distinguishable data-breach cases and concoct a wholly insufficient and speculative new theory of damages. For the reasons explained below, Plaintiffs do not have standing to bring their claims and have not adequately alleged the damages as mandated under Washington law.

I.  **Plaintiffs Lack Article III Standing.**

Notwithstanding Plaintiffs' assertion that *Jones* supports their position that alleging a statutory violation confers Article III standing, *Jones* does not abrogate Supreme Court jurisprudence. *Compare Jones v. Ford Motor Co.*, 85 F.4th 570, 570 (9th Cir. 2023) ("A statute that codifies a common law privacy right gives rise to a concrete injury sufficient to confer standing.") (quotation omitted), *with TransUnion LLC v. Ramirez*, --- U.S. ---, 141 S.Ct. 2190, 2205 (2021) ("Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III"). *See also James v. Walt Disney Co.*, 2023 WL 7392285, at *5 (N.D. Cal. Nov. 8, 2023) (analyzing information plaintiffs alleged was intercepted to determine Article III standing because "the Court agrees that a privacy claim is dependent on personal information being implicated").

For the reasons articulated in Zillow's September 25, 2023 Supplemental Brief (Dkt. 66), Plaintiffs have not sufficiently alleged an injury-in-fact to confer standing. Nor can they. This Court should dismiss the Consolidated Amended Complaint with prejudice.

II. **Plaintiffs Were Not Injured In Their Business, Person, Or Reputation Plaintiffs.**

Even on this, their fifth attempt, Plaintiffs cannot identify any factual allegations within the Amended Complaint that relate to an alleged injury to their persons required to assert a claim under the Washington Privacy Act. Plaintiffs instead identify generalized and conclusory injuries such as "loss of their personal information" (Dkt. 71 at 4 (citing Am. Compl. at ¶¶ 34, 39, 63, 71-82, 94, 139, 140)) and "mental pain and suffering" (Dkt. 71 at 5 (citing Am. Compl. at ¶¶ 138-39)). As explained more thoroughly in previous briefing (*see* Dkt. 53 at 14-16; Dkt. 63 at

ZILLOW'S SUPPLEMENTAL RESPONSE BRIEF
ADDRESSING *JONES V. FORD MOTOR CO.* – 2
No. 2:22-cv-01282-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

6-7; Dkt. 70 at 5-6), these alleged injuries are far too speculative to support a claim under the Washington Privacy Act. *See McKee v. Gen Motors Co.*, 601 F. Supp 3d 901, 909 (W.D. Wash. 2022), *aff'd sub nom. Michael McKee; Evgeniy Goussev v. Gen. Motors Co.*, 2023 WL 7318690 (9th Cir. Nov. 7, 2023).

Plaintiffs' reliance on data-breach cases is similarly misplaced. (*See* Dkt. 71 at 4.) Those involved alleged injuries where the plaintiffs' personal information was released to unknown, third parties and the dark web. That is not the case here, nor do Plaintiff allege as such.

In a last-ditch attempt to salvage their claims, Plaintiffs' Second Supplemental Brief, for the first time, alleges a speculative, potential injury of "undermin[ing] Plaintiffs' bargaining position in an arms-length [sic] negotiation for the sale or purchase of real estate." (Dkt. 71 at 5-6, 6 n.7.) Plaintiffs' Consolidated Amended Complaint contains no such allegation that they were engaged in, or were considering, the "sale or purchase of real estate" to or from Zillow (or, for that matter, with anyone else), much less that their "bargaining position" in any such scenario had been undermined. And if such allegations had been stated, Plaintiffs have not alleged how the alleged use of session replay could have caused any loss of negotiating power in this hypothetical transaction. And even if *both* of those flaws had been corrected, this new theory is still no more than a "potential injury" that might occur in the future, which is "not [an] actual injury and is insufficient to meet the injury requirement of the WPA." *McKee*, 601 F. Supp. 3d at 909. As this example shows, Plaintiffs still cannot articulate an actionable claim – even when drawing one up from scratch a year after filing their lawsuits. As such, leave to amend is plainly futile. This Court should dismiss Plaintiffs' claim for violation of the Washington Privacy Act with prejudice.

## CONCLUSION

For all of the foregoing reasons and those set forth in Zillow's Motion to Dismiss, Reply in Further Support, and Supplemental Brief on Article III Standing, Zillow respectfully requests that this Court dismiss the Consolidated Amended Complaint in its entirety, and with prejudice.

ZILLOW'S SUPPLEMENTAL RESPONSE BRIEF
ADDRESSING *JONES V. FORD MOTOR CO.* – 3
No. 2:22-cv-01282-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

DATED: November 17, 2023

I certify that this supplemental response brief contains 857 words, in compliance with this Court's Order of October 30, 2023.

**SAVITT BRUCE & WILLEY LLP**

By   *s/ James P. Savitt*
James P. Savitt, WSBA # 16847
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
Telephone: 206.749.0500
Facsimile:  206.749.0600
Email: jsavitt@sbwllp.com

**BUCHANAN INGERSOLL & ROONEY PC**

Samantha L. Southall (admitted *pro hac vice*)
50 South 16th Street Suite 3200
Philadelphia, PA  19102
Telephone: 215-665-8700
Facsimile:   215-665-8760
Email: samantha.southall@bipc.com

*Attorneys for Defendant Zillow Group, Inc.*

ZILLOW'S SUPPLEMENTAL RESPONSE BRIEF
ADDRESSING *JONES V. FORD MOTOR CO.* – 4
No. 2:22-cv-01282-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury under the laws of the United States of America that on this date, the foregoing document was filed electronically with the Court and thus served simultaneously upon all counsel of record.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on November 17, 2023.

_____
Meghan Parker

CERTIFICATE OF SERVICE
No. 2:22-cv-01282-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500