THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *In Re: Zillow Group, Inc. Session Replay Software Litigation*<br><br>This Document Refers to: All Actions | Master File No. 2:22-cv-01282-JLR<br><br>MICROSOFT CORPORATION'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO ORDER DATED OCTOBER 30, 2023<br><br>NOTE ON MOTION CALENDAR: NOVEMBER 17, 2023<br><br>ORAL ARGUMENT REQUESTED |

MICROSOFT'S RESPONSE TO PLAINTIFFS'
BRIEF RE: OCTOBER 30, 2023 ORDER
(NO. 2:22-CV-01282-JLR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# I. INTRODUCTION

In their latest brief, Plaintiffs once again insist it's enough to allege Microsoft violated the Washington Privacy Act ("WPA") to allege Article III standing. Pls.' Suppl. Br. at 2. But again, this (circular) reasoning contravenes *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204–05 (2021), which says the opposite. *See also Cook v. GameStop*, 2023 WL 5529772, at *4 (W.D. Pa. Aug. 28, 2023); *Adams v. PSP Grp., LLC*, 2023 WL 5951784, at *5 (E.D. Mo. Sept. 13, 2023). That is why courts agree "[w]hether there is a concrete harm depends on the nature of the allegations." *Cook*, 2023 WL 5529772, at *4. Plaintiffs cannot sidestep their pleading burden by mischaracterizing it as wading into the merits or by simply alleging a violation of a wiretap statute. The Court should reject Plaintiffs' efforts otherwise here, as it did in *Popa v. PSP Grp., LLC*, 2023 WL 7001456, at *5 (W.D. Wash. Oct. 24, 2023).

Plaintiffs' brief likewise confirms they failed to plead statutory injury under the WPA. Plaintiffs do not plead facts plausibly establishing any injury to their business, person, or reputation resulting from Microsoft's alleged conduct, which *Jones* confirmed the WPA requires. For instance, they assert mental suffering, yet provide no factual support. They claim an economic injury, but this is not pled. And while Plaintiffs claim "competitive" harm to their real estate bargaining position, they plead no supporting facts. Thus, even if Plaintiffs had alleged Article III standing (they do not), their WPA claims would still fail for lack of statutory injury.

# II. ARGUMENT

**A. Under *Jones*, Plaintiffs lack Article III standing.**

*Jones* did not, as Plaintiffs contend, state a blanket rule that any alleged violation of a privacy statute satisfies Article III's injury requirement. This would contradict *TransUnion*, which held a plaintiff must "identif[y] a close historical or common-law analogue for their asserted injury" to satisfy Article III. 141 S. Ct. at 2204; *see also* Dkt. 67 at 2–5. And it would contravene cases in the Ninth Circuit dismissing similar wiretapping claims on Article III standing grounds. *See, e.g., Lightoller v. Jetblue Airways Corp.*, 2023 WL 3963823, at *4 (S.D.

MICROSOFT'S RESPONSE TO PLAINTIFFS'
BRIEF RE: OCTOBER 30, 2023 ORDER
(No. 2:22-cv-01282-JLR) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Cal. June 12, 2023); *Mikulsky v. Noom, Inc.*, 2023 WL 4567096, at *5 (S.D. Cal. July 17, 2023); *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049 (N.D. Cal. 2022).

The better reading is that *Jones v. Ford Motor Company*, 85 F.4th 570, 574 (9th Cir. 2023), held a plaintiff who plausibly alleges the interception of private communications satisfies Article III's injury requirement. Indeed, Plaintiffs admit that *Jones* found standing only after considering specific allegations. As Plaintiffs put it, "plaintiffs plausibly articulated an Article III injury *when they alleged that* their privacy rights were violated when the vehicle 'information system permanently store[d] the [plaintiffs] *private* communications without [their] knowledge or consent." Dkt. 71 at 2 (emphases added). No Plaintiff here alleges a private text communication as in *Jones*. *This* case simply does not involve "the type of private information that the law has historically protected." *Popa,* 2023 WL 7001456, at *4; *see also* Dkt. 69 at 2–5. Moreover, Plaintiffs do not explain how Microsoft could have acquired their private information given they admit Microsoft's Clarity technology masks text input fields and sensitive data so that Microsoft *does not receive* it.  Dkt 69 at 3; Dkt. 54 at 4; Dkt. 67 at 4. This is a failure of the pleadings, not a question of fact. Dkt. 54 at 4.

Plaintiffs' "merits" Article III argument is a straw man. They argue that "requiring a plaintiff to plead a statutory-specific injury to establish jurisdiction conflates standing with merits." Dkt. 71 at 3 (citing *Jones*, 2023 WL 7097365, at *3). But Microsoft never claimed this. Its position is that, consistent with *Jones*, Article III requires "the interception of that kind of information [that] amounts to an invasion of privacy interests that have been historically protected" such as "private facts or private affairs." Dkt. 69 at 2–3. Plaintiffs have not alleged such facts, failing to meet their pleading burden under Article III.

**B.    *Jones* also confirms that Plaintiffs have not alleged WPA injury.**

Even if Plaintiffs had established Article III standing, their WPA claims would still fail because they have not alleged statutory injury. *Jones*, 85 F.4th at 574–75.

MICROSOFT'S RESPONSE TO PLAINTIFFS'
BRIEF RE: OCTOBER 30, 2023 ORDER
(No. 2:22-cv-01282-JLR) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

The Complaint asserts mental harms such as emotional distress from Zillow's use of Microsoft Clarity. *See, e.g.*, Dkt. 44 ("Compl.") ¶ 138. But again, these (conclusory) assertions lack support and, for the serial session replay plaintiffs (Popa, Adams, Kauffman, Huber, and Hasson), are implausible. *See* Dkt. 69 at 6–7 (citing *Caldwell v. Boeing Co.*, 2018 WL 2113980, at *10 (W.D. Wash. May 8, 2018)); Dkt. 54 at 15–16, App. B. Despite having amended their complaint, Plaintiffs still have not attempted to plead facts supporting claims of mental harm—presumably because they cannot.

Next, Plaintiffs claim they suffered injury to their "person" by having suffered the alleged "surreptitious recording of their interactions on Zillow's website." Dkt. 71 at 4. This runs afoul of *Jones*, which held the WPA requires injury beyond the alleged interception. 85 F.4th at 574.

Plaintiffs' brief also asserts a "loss of their personal information… constitut[ing] an injury," citing a handful of cases that recognize economic injuries in privacy cases. Dkt. 71 at 4–5. But these cases represent a minority view. *See In re MCG Health Data Sec. Issue Litig.*, 2023 WL 3057428, at *12 (W.D. Wash. Mar. 27, 2023) (rejecting such view and collecting cases), *report and recommendation adopted*, 2023 WL 4131746 (W.D. Wash. June 22, 2023); *see also In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2017 WL 3727318, at *22 (N.D. Cal. Aug. 30, 2017) (finding no loss of money or property by victims of data breach who failed to allege specific benefit-of-the-bargain losses or out-of-pocket expenses); *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 714 (N.D. Cal. 2011) ("A plaintiff's personal information does not constitute property …."), *aff'd*, 572 F. App'x 494 (9th Cir. 2014); *Archer v. United Rentals, Inc.*, 195 Cal. App. 4th 807, 816 (2011) ("[P]laintiffs have failed to demonstrate how ... unlawful collection and recordation of [personal] information ... translates into a loss of money or property.").

Plaintiffs' authority is also easily distinguishable. For one, *In re Facebook Privacy Litigation* expressly held that an alleged loss of the "sales value" of personal information was *not* 'lost money or property.'" 572 F. App'x at 494. The rest of the cases involve allegations not

MICROSOFT'S RESPONSE TO PLAINTIFFS'
BRIEF RE: OCTOBER 30, 2023 ORDER
(No. 2:22-cv-01282-JLR) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

present here. For example, in *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 635 (N.D. Cal. 2021), "the plaintiffs devoted 50 paragraphs of their complaint to detailing the economic value of their information, how that value had been lost as a result of Google's conduct, and how Google profited by selling their data in a robust marketplace." *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1144–45 (E.D. Cal. 2021) (also rejecting that personal information is money or property). In *In re Marriott International, Incorporated Customer Data Security Breach Litigation*, 440 F. Supp. 3d 447, 461 (D. Md. 2020), plaintiffs similarly alleged their personal information was "valuable on underground or black markets." *See also In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2017 WL 3727318, at *22 (plaintiffs alleged they were "required to enter into a transaction, costing money or property, that would otherwise have been unnecessary if not for Defendants' alleged misconduct"). No such allegations exist here—nor could they.[1]

    Plaintiffs' brand-new theory of "competitive" injury—presented for the first time in supplemental briefing, Dkt. 71 at 5–6—does not rescue their WPA claim. Plaintiffs never alleged they were injured through a loss of bargaining position in homebuying, and they cannot amend their complaint through briefing. *Est. of Hoskins v. Wells Fargo Bank, N.A.*, 2020 WL 3884517, at *8 (W.D. Wash. July 9, 2020). Nor do Plaintiffs allege, whether in the complaint or elsewhere, that Microsoft disclosed their data to anyone, let alone those engaged in real estate transactions with them (nor could they, given their admission that Microsoft's Clarity technology masks data such that Microsoft does not receive private data in the first instance, *see* Compl. ¶ 64). *See* Pls.' Br. at 6. Plaintiffs do not even allege they purchased, or attempted to purchase, a home after visiting Zillow.com. Plaintiffs' new theory of injury is the same type of speculative allegation the *Jones* court found insufficient. *Jones* 85 F.4th at 574.

---

[1] Plaintiffs' economic theory of injury appears only once in the complaint, in support of their invasion of privacy, not their WPA, claim. *See* Dkt. 44 ¶ 140.

MICROSOFT'S RESPONSE TO PLAINTIFFS'
BRIEF RE: OCTOBER 30, 2023 ORDER
(No. 2:22-cv-01282-JLR) – 4

### III.  CONCLUSION

For these reasons and those stated in Defendants' supplemental briefs and prior briefing, the Court should dismiss with prejudice the Complaint (which Plaintiffs already amended) for lack of Article III standing. Otherwise, the Court should dismiss Plaintiffs' WPA claims for lack of statutory injury (and for the reasons stated in Microsoft's motion to dismiss, Plaintiffs' other claims).

MICROSOFT'S RESPONSE TO PLAINTIFFS'
BRIEF RE: OCTOBER 30, 2023 ORDER
(No. 2:22-cv-01282-JLR) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

DATED: November 17, 2023

I certify that this brief contains 1,497 words, in compliance with the Local Civil Rules and this Court's Order of November 17, 2023.

By: */s/ Nicola C. Menaldo*
Nicola C. Menaldo, Bar No. 44459
Anna Mouw Thompson, Bar No. 52418
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
NMenaldo@perkinscoie.com
AnnaThompson@perkinscoie.com

James G. Snell, Bar No. 173070
**Perkins Coie LLP**
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300
Facsimile: +1.650.838.4350
JSnell@perkinscoie.com

*Attorneys for Defendant Microsoft Corporation*

MICROSOFT'S RESPONSE TO PLAINTIFFS'
BRIEF RE: OCTOBER 30, 2023 ORDER
(No. 2:22-cv-01282-JLR) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000