1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

In re:  ZILLOW GROUP, INC.
SESSION REPLAY SOFTWARE
LITIGATION

This Order Relates To:  All Actions

MASTER CASE NO. C22-1282JLR

ORDER TO SHOW CAUSE

14

15

16

17

18

19

20

21

22

On December 27, 2023, Plaintiff Ashley Popa filed a notice of appeal of the

court's order dismissing her claims for lack of standing in *Popa v. PSP Group, LLC*, a

parallel action involving alleged violations of privacy statutes and common law arising

from Defendant PSP Group, LLC's use of session replay code on its website.  (*See* Not.

of Appeal, *Popa v. PSP Grp., LLC*, No. C23-0294JLR (W.D. Wash. Dec. 27, 2023)

(hereinafter, "*Popa*"), ECF No. 74; 10/24/23 Order, *Popa*, ECF No. 67 ("*Popa* Dismissal

Order") (dismissing Ms. Popa's claims for lack of standing and granting leave to amend);

12/1/23 Order, *Popa*, ECF No. 72 (granting Ms. Popa's request to enter a final order and

ORDER - 1

1 | judgment of dismissal).)  Ms. Popa is a plaintiff in this matter as well as in *Popa*.  (*See*

2 | *generally* Dkt.)

3 | The key issue presented in Ms. Popa's appeal is nearly identical to the threshold

4 | issue of standing presented in this matter—specifically, whether the allegations of harm

5 | set forth in Plaintiffs' complaint plausibly allege a cognizable injury in fact sufficient to

6 | confer Article III standing.  (*Compare* Consol. Am. Compl. (Dkt. # 44), *with* Am.

7 | Compl., *Popa*, ECF No. 26.)  In addition, nearly identical issues of injury in fact and

8 | standing have been litigated in federal courts across the country in cases involving

9 | session replay code and alleged violations of state privacy statutes.  (*See, e.g.*, *Popa*

10 | Dismissal Order at 2 n.3 (citing cases); 9/11/23 Order (Dkt. # 64) at 2-4 (discussing cases

11 | and ordering the parties in this matter to submit supplemental briefing regarding whether

12 | Plaintiffs have standing to pursue their claims); *see also* 10/30/23 Order (Dkt. # 68)

13 | (ordering the parties to submit supplemental briefing regarding the impact, if any, of

14 | *Jones v. Ford Motor Company*, 85 F.4th 570 (9th Cir. 2023), on the standing issues

15 | presented in these consolidated cases).)

16 | Because the Ninth Circuit's decision in the *Popa* appeal is likely to provide

17 | guidance on how to analyze the standing issues in this case, it is the view of the court that

18 | a stay of these consolidated actions pending the resolution of the *Popa* appeal will further

19 | the interests of judicial economy and allow the court to avoid inconsistent rulings.  *See*

20 | *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (holding that the power to stay is

21 | "incidental to the power inherent in every court to control the disposition of the causes on

22 | its docket with economy of time and effort for itself, for counsel, and for litigants");

ORDER - 2

1   *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court

2   may, with propriety, find it is efficient for its own docket and the fairest course for the

3   parties to enter a stay of an action before it, pending resolution of independent

4   proceedings which bear upon the case.").  Therefore, the court ORDERS the parties to

5   show cause why the court should not stay this matter pending the Ninth Circuit's

6   resolution of the *Popa* appeal.  Plaintiffs, Defendant Zillow Group., Inc., and Defendant

7   Microsoft Corporation shall each file a response to this order of no more than 1,200

8   words in length by no later than **January 4, 2024**.  Failure to respond to this order will be

9   construed as consent to a stay.

10          Dated this 27th day of December, 2023.

13          JAMES L. ROBART
            United States District Judge

ORDER - 3