UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: ZILLOW GROUP, INC. SESSION REPLAY SOFTWARE LITIGATION<br><br>This Order Relates To: All Actions | MASTER CASE NO. C22-1282JLR<br><br>ORDER STAYING CASE |

## I. INTRODUCTION

Before the court are Plaintiffs' and Defendant Zillow Group, Inc.'s ("Zillow") responses to the court's December 27, 2023 order to show cause why this matter should not be stayed pending the resolution of *Popa v. PSP Grp., LLC*, No. 24-14 (9th Cir.) (the "*Popa* appeal"). (Pls. Resp. (Dkt. # 79); Zillow Resp. (Dkt. # 80); *see* 12/27/23 Order (Dkt. # 77).) The court has considered the parties' responses to the order to show cause, the relevant portions of the record, and the governing law. Being fully advised, and for

the reasons set forth below, the court STAYS this matter pending the resolution of the *Popa* appeal.

## II.   BACKGROUND

On December 27, 2023, Plaintiff Ashley Popa filed a notice of appeal of the court's order dismissing her claims for lack of standing in *Popa v. PSP Group, LLC*, an action in this court that involves alleged violations of privacy statutes and common law arising from PSP Group, LLC's use of Defendant Microsoft Corporation's ("Microsoft") session replay code on its website. *See* Not. of Appeal, *Popa v. PSP Grp., LLC*, No. C23-0294JLR (W.D. Wash.) ("*Popa*"), ECF No. 74; *see also* 10/24/23 Order, *Popa*, ECF No. 67 (dismissing Ms. Popa's claims for lack of standing and granting leave to amend); 12/1/23 Order, *Popa*, ECF No. 72 (granting Ms. Popa's request to enter a final order and judgment of dismissal). Ms. Popa and Microsoft are parties in both *Popa* and these consolidated cases.

The key issue in the *Popa* appeal is nearly identical to the threshold issue of standing presented in this matter—specifically, whether the allegations of harm set forth in Plaintiffs' complaint plausibly allege a cognizable injury in fact sufficient to confer Article III standing. (*Compare* Consol. Am. Compl. (Dkt. # 44)), *with* Am. Compl., *Popa*, ECF No. 26. Furthermore, nearly identical issues relating to Article III standing have been litigated in federal courts across the country in cases that, like this matter and *Popa*, involve alleged violations of state privacy statutes arising from the use of session replay code on consumer websites. *See, e.g.*, 10/24/23 Order at 2 n.3, *Popa*, ECF No. 67 (collecting cases); (9/11/23 Order (Dkt. # 64) at 2-5 (discussing cases and ordering the

parties in this matter to submit supplemental briefing regarding whether Plaintiffs have standing to pursue their claims); *see also* 10/30/23 Order (Dkt. # 68) (ordering the parties to submit supplemental briefing regarding the impact, if any, of *Jones v. Ford Motor Company*, 85 F.4th 570 (9th Cir. 2023), on the standing issues presented in these consolidated cases).)

On December 27, 2023, the court ordered the parties in this case to show cause why the court should not stay these consolidated actions pending the resolution of the *Popa* appeal. (12/27/23 Order; *see also* Zillow Mot. to Dismiss (Dkt. # 53); Microsoft Mot. to Dismiss (Dkt. # 54).) Plaintiffs and Zillow filed timely responses to the order to show cause. (Pls. Resp.; Zillow Resp.) Plaintiffs oppose a stay, arguing that the *Popa* appeal "will not advance this litigation" because the Ninth Circuit's opinion in *Jones v. Ford Motor Company* "definitively resolved" the question of Article III standing in this context. (Pls. Resp. at 1-2 (quoting *Jones*, 85 F.4th at 574).) Zillow "defers to the [c]ourt's discretion as to whether a stay is appropriate" and draws the court's attention to appeals of decisions regarding Article III standing in session replay code cases that are pending in the Third and Eighth Circuits. (Zillow Resp. at 1.) Microsoft did not respond to the order to show cause. (*See generally* Dkt.) In accordance with that order, the court construes Microsoft's lack of response as consent to a stay. (*See* 12/27/23 Order at 3.)

### III.   ANALYSIS

A district court has "broad discretion" to issue a stay of proceedings. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The power to stay is "incidental to the power inherent in every court to control

the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. Indeed, "[c]ourts have the power to consider stays *sua sponte*." *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Where a stay is considered pending the resolution of another action, the court need not find that two cases possess identical issues; a finding that the issues are substantially similar is sufficient to support a stay. *See Landis*, 299 U.S. at 254.

In determining whether to stay a case, the court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Those interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX, Inc.*, 300 F.2d at 268). The court finds that these factors weigh in favor of staying this case until the Ninth Circuit resolves the *Popa* appeal.

First, neither Plaintiffs nor Zillow argue that the delay associated with a stay of this matter will cause them any damage. (*See generally* Pls. Resp.; Zillow Resp.) In any

event, the court anticipates that a stay pending the resolution of the *Popa* appeal will be reasonably brief because the length of the stay is directly tied to those appellate proceedings. *See* Time Sched. Order, *Popa*, ECF No. 75 (setting the briefing schedule for the *Popa* appeal); *see also Leyva*, 593 F.2d at 864 ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."). Thus, the first *Lockyer* factor weighs in favor of a stay.

Second, no party argues that it would face hardship or inequity if the court were to move ahead with this matter rather than enter a stay. (*See generally* Pls. Resp.; Zillow Resp.) In the court's view, all parties would equally risk hardship if the court resolves Defendants' motions to dismiss before the Ninth Circuit issues its opinion in the *Popa* appeal due to the potential for inconsistent rulings. *See Hawai'i v. Trump*, 233 F. Supp. 3d 850, 854 (D. Haw. 2017) (concluding that "hardship or inequity may result to *both parties*" absent a stay "because of the potential for inconsistent rulings"). Because a stay will prevent the parties from facing the hardship that could result if the court issues a decision in this matter that conflicts with the Ninth Circuit's eventual opinion in the *Popa* appeal, the second *Lockyer* factor weighs in favor of a stay.

Finally, the court finds that there is a significant possibility that the Ninth Circuit's decision in the *Popa* appeal will simplify the issues and questions of law in this matter and further the orderly course of justice. The facts underlying the Article III standing inquiry in this matter are nearly identical to those in *Popa*, and the question of law on appeal in *Popa* is the same threshold question that the court will encounter when it

ORDER - 5

considers Defendants' motions to dismiss. The Ninth Circuit's guidance will be particularly helpful because the law in this area is unsettled. *See Washington v. Trump*, No. C17-0141JLR, 2017 WL 2172020, at *2 (W.D. Wash. May 17, 2017) ("District courts often stay proceedings where resolution of an appeal in another matter is likely to provide guidance to the court in deciding issues before it." (citing *Landis*, 299 U.S. at 254)). As Microsoft's supplemental authority reveals, courts both within and outside the Ninth Circuit continue to look at the type of information allegedly intercepted when evaluating whether plaintiffs have suffered an injury in fact arising from third-party website interaction tracking. (*See* Microsoft Supp. Auth. (Dkt. # 78)); *see Saeedy v. Microsoft Corp.*, No. C23-1104BJR, 2023 WL 8828852, at *4-6 (W.D. Wash. Dec. 21, 2023) (dismissing statutory and common law privacy claims for lack of standing); *In re BPS Direct, LLC*, No. 22-CV-4709, 2023 WL 8458245, at *6-14 (E.D. Pa. Dec. 5, 2023) (same). In addition, at least two of the cases that the court cited in its order dismissing *Popa* are now on appeal. (*See* 10/24/23 Order at 6, *Popa*, ECF No. 67 (citing *Adams v. PSP Grp., LLC*, --- F. Supp. 3d ---, No. 4:22-CV-1210 RLW, 2023 WL 5951784 (E.D. Mo. Sept. 13, 2023), *appeal filed*, Oct. 17, 2023); *id.* at 6-13 (citing *Cook v. GameStop, Inc.*, --- F. Supp. 3d ---, 2:22-cv-1292, 2023 WL 5529772 (W.D. Pa. Aug. 28, 2023), *appeal filed*, Aug. 29, 2023).) For these reasons, the court concludes that a stay will promote the orderly course of justice.

Because all three *Lockyer* factors weigh in favor of staying this matter until the Ninth Circuit issues a decision on the *Popa* appeal, the court will stay this case.

## IV.  CONCLUSION

For the foregoing reasons, the court STAYS these consolidated cases pending the Ninth Circuit's resolution of the *Popa* appeal and STRIKES Defendants' pending motions to dismiss (Dkt. ## 53-54) without prejudice to Defendants re-raising the issues and arguments contained therein after the court lifts the stay.

Dated this 5th day of January, 2024.

JAMES L. ROBART
United States District Judge