UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: ZILLOW GROUP, INC. SESSION REPLAY SOFTWARE LITIGATION,<br><br>This Order Relates To: All Actions | MASTER CASE NO. C22-1282JLR<br><br>ORDER |

Before the court are Defendants Zillow Group, Inc. ("Zillow") and Microsoft Corporation's ("Microsoft") (together, "Defendants") motions to dismiss Plaintiffs' second amended class action complaint. (Zillow MTD (Dkt. # 97); Microsoft MTD (Dkt. # 96); *see* 2d Am. Compl. (Dkt. # 89).)  The court ORDERS the parties to file supplemental briefing addressing whether each of the named Plaintiffs have Article III standing to pursue their claims in this action.  *See D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) ("[W]hether or not the parties raise the issue, federal courts are required sua sponte to examine jurisdictional issues such as standing.").

ORDER - 1

The Supreme Court has made clear that "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017) (citation omitted).  As the parties are well aware, the Ninth Circuit recently held in *Popa v. Microsoft Corporation*, 153 F.4th 784, 791 (9th Cir. 2025), that the plaintiff had not alleged a concrete injury-in-fact as required to establish standing to pursue wiretapping and privacy claims stemming from the same session-replay technology that is at issue in this case.  Observing that a plaintiff's alleged injury must be one "that has traditionally been actionable in our nation's legal system[,]" the court determined that the common-law privacy torts of intrusion upon seclusion and public disclosure of private facts require a showing that the defendant's interference or disclosure would be "*highly offensive* to a reasonable person[.]" *Id.* (emphasis in original) (citations omitted).  The court concluded that the plaintiff lacked standing because she had not established "how the tracking of her interactions [with the website] caused her to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *Id.*; *see also id.* (finding that the plaintiff "identifie[d] no embarrassing, invasive, or otherwise private information collected by" the session-replay software).

Here, the court is concerned that the allegations raised by at least some of the named Plaintiffs regarding their interactions with Zillow's website and the harm they allegedly suffered as a result are insufficient to establish a concrete injury-in-fact as required to satisfy Article III standing.  For example, Plaintiffs allege that Plaintiff Ashley Popa "has substantively engaged with Zillow's website by searching for real

ORDER - 2

estate and entering filters that are important to her when browsing for homes" and that Plaintiffs Jill Adams and H.A. "ha[ve] substantively engaged with Zillow's website and ha[ve] entered information into text fields[.]"  (*See* 2d Am. Compl ¶¶ 106, 108-09.) These Plaintiffs do not appear to allege the type of "highly offensive" intrusion into their privacy interests that *Popa* requires.

Accordingly, the court ORDERS the parties to file supplemental briefing addressing each named Plaintiff's Article III standing to pursue his or her claims in this action.[1]  Each party shall file a supplemental brief, not to exceed 3,500 words in length, by no later than **June 22, 2026**.  The parties may file responses, not to exceed 3,500 words in length, by no later than **July 1, 2026**.  No replies shall be filed unless requested by the court.  The Clerk is DIRECTED to renote the pending motions to dismiss (Dkt. ## 96, 97) for **July 1, 2026**.

Dated this 4th day of June, 2026.

JAMES L. ROBART
United States District Judge

---

[1] Although the court previously ordered the parties to file supplemental briefing regarding Plaintiffs' standing, (*see* 9/11/23 Order (Dkt. # 64)), those briefs were filed in September 2023, well before the Ninth Circuit issued *Popa* (*see* Pls. Supp. (Dkt. # 65); Zillow Supp. (Dkt. # 66); Microsoft Supp. (Dkt. # 67)).

ORDER - 3